# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MASSACHUSETTS LABORERS' ANNUITY FUND, *et al.*, Plaintiffs, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-06-3022 |
| ENCYSIVE PHARMACEUTICALS INC., *et al.*, Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM AND ORDER

This is a consolidated action brought under the Securities Exchange Act of 1934 by investors who purchased publicly traded securities of Encysive Pharmaceuticals Inc. ("Encysive"). The case is now before the Court on Motions to be Appointed Lead Plaintiff filed by The Graham Group [Doc. # 14] and Oppenheim Pramerica Asset Management S.á.r.l. ("OPAM") [Doc. # 19].[1] Each of these parties seeks appointment as lead plaintiff in this case pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

---

[1]    Fernando Dow, the Massachusetts Laborers' Pension and Annuity Fund, and the Scott Group have withdrawn their requests to be appointed lead plaintiff, leaving the Graham Group and OPAM as the only parties currently requesting appointment as lead plaintiff.

P:\ORDERS\11-2006\3022ApptOPAM.wpd    070320.1419

OPAM responded to the Graham Group's Motion [Doc. # 38], and the Graham Group responded to OPAM's Motion [Doc. # 42]. The Graham Group filed a reply [Doc. # 54], as did OPAM [Doc. # 55]. Following a hearing on January 18, 2007, the parties supplemented their briefing. OPAM filed a supplement to its original Motion [Doc. # 60], to which both Encysive[2] [Doc. # 61] and the Graham Group [Doc. # 62] responded. The Graham Group filed a Reply to Encysive's response [Doc. # 63], OPAM filed a "Supplemental Reply Brief" [Doc. # 64], and the Graham Group filed its own "Supplemental Reply Brief" [Doc. # 73].

Having reviewed the parties' submissions, all matters of record, and the relevant legal authorities, the Court **appoints** OPAM as lead plaintiff in this matter. The Court **appoints** Motley Rice LLC as lead counsel and Zummo & Midkiff, L.L.P. as liaison counsel.

## I.     BACKGROUND

Encysive, a pharmaceutical firm based in Houston, Texas, developed Thelin, a drug intended to treat pulmonary arterial hypertension. Encysive allegedly claimed that Thelin had reached an advanced stage in the review process at the Food and Drug Administration ("FDA"). Plaintiffs allege that expectations for the profitability of this

---

[2]     Encysive, the defendant in this matter, takes no position regarding whether OPAM or the Graham Group should be appointed lead plaintiff. *See* Statement of Defendants Regarding Lead Plaintiff Motions [Doc. # 55].

new drug caused the value of Encysive's shares to increase, allowing the company to complete two successful public offerings.

In March 2006, however, the FDA asked Encysive to provide more information and advised Encysive it might be required to conduct further studies to ensure that Thelin was safe and effective. The FDA announced that it would withhold approval of the drug pending its review of the new data. The price of Encysive's stock fell 49% on the news, dropping from $9.08 to $4.60 per share. When Encysive acknowledged in July that the FDA still had concerns, the shares' value dropped an additional 40%.

Plaintiffs allege that Encysive and its officers made misleading statements regarding Thelin's anticipated commercial value and its prospects for FDA approval, and failed to disclose adverse material facts. Plaintiffs also allege that Encysive's officers engaged in insider trading to capture profits from the company's artificially high valuation. Massachusetts Laborers' Annuity Fund and others filed suit against Encysive in the fall 2006. All of the lawsuits have been consolidated into this case.

## II.    THE PSLRA

The PSLRA requires plaintiffs in a securites fraud case to publish a notice to members of the prospective class, informing them of "the pendency of the action, the claims asserted therein, and the purported class period."    15 U.S.C. § 78u-4(a)(3)(A)(i)(I). Within 60 days of the notice, any prospective class member may file

a motion to serve as lead plaintiff for the class. *Id.* The court is then required to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id.* § 78u-4(a)(3)(B)(i).

The court's selection of a lead plaintiff is guided by a rebuttable presumption that the party that responded to the initial notice, has the largest financial interest in the case, and meets the requirements of Federal Rule of Civil Procedure 23 is the "the most adequate plaintiff." *Id.* § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted with evidence that the prospective lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

The Fifth Circuit has stated that "Congress enacted the 'lead plaintiff' provisions of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), to direct courts to appoint, as lead plaintiff, the most sophisticated investor available and willing so to serve in a putative securities class action. Insofar as possible following the procedure prescribed by § 78u-4(a)(3)(B), the lead plaintiff should be an investor capable of understanding and controlling the litigation." *Berger v. Compaq Computer Corp.*, 279 F.3d 313 (5th Cir. 2002).

## III. ANALYSIS

### A. Initial Presumption

Each candidate filed its Motion within the requisite time period. Therefore, in order to apply the statutory rebuttable presumption that one candidate is more fit to serve as lead plaintiff, the Court looks to the candidates' comparative losses and considers whether the candidates satisfy the typicality and adequacy requirements of Rule 23.

The Graham Group consists of a husband, his wife, and a family testamentary trust for which the husband is the trustee. It claims to be a cohesive group, able to make joint decisions based on their marital relationship. The Graham Group asserts, as does OPAM, that its claims are typical of the claims of members of the proposed Class. It represents that it is "prepared to direct the course of this Action and to fulfill their responsibilities as class representative." *See* Memorandum of Law in Support of the Motion of the Graham Group ("Graham Group Memorandum") [Doc. # 15], at 6. The Graham Group alleges a loss of $384,371.40.

OPAM is a large "fund company that launches and manages investment funds under Luxembourgian law." Memorandum of Law in Support of the Motion of OPAM ("OPAM Memorandum") [Doc. # 23], at 6. Its institutional status weighs in its favor in the Court's analysis, as "Congress has unequivocally expressed its preference for

securities fraud litigation to be directed by large institutional investors."[3]  *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997).  OPAM's fund lost over $1.67 million, approximately four times the Graham Group's losses.

The Court finds that OPAM's claims are typical because they "arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory."  *See Longden v. Sunderman*, 123 F.R.D. 547, 556 (N.D. Tex. 1988).  OPAM has established the "adequacy" requirement of Rule 23 by showing that it does not have a conflict with the class,[4] that it is willing and able to take an active role in the litigation and protect the class members' interests, and that it has chosen qualified, experienced counsel.  *See, e.g., Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001).

In its Response, the Graham Group contends that OPAM has not actually incurred any losses because it is a fund manager, not an investor in its own right.  In *In re Molson Coors Brewing Co. Securities Litigation*, 233 F.R.D. 147 (D. Del. 2005),

---

[3]    The Graham Group argues that Congress's preference is for pension funds, not mutual funds, but cites no authority prohibiting mutual funds from serving as lead plaintiff.

[4]    The Graham Group argued that OPAM has a potential conflict of interest based on its fiduciary duties to its own investors.  When the Graham Group initially presented this argument, some of OPAM's investors still owned Encysive shares.  Because that is no longer the case, this argument has become moot.  Additionally, contrary to the Graham Group's suspicions, the Court finds nothing nefarious in OPAM's decision to sell the remaining Encysive shares.

the Delaware district court agreed to attribute a fund's losses to the fund manager where the manager presented evidence through an affidavit that it was an "attorney in fact for the investors in the identified funds, has authority to make decisions and act on their behalf, and is able to recover moneys for them." *Id.* at 152. In this case, OPAM has presented the joint affidavit of Max von Frantzius and Andreas Jockel, OPAM's chief legal counsel and managing director, respectively, attesting that "OPAM controls and manages and is attorney-in-fact for the fund." OPAM Memorandum, Exhibit A, ¶ 2. It is OPAM, not the individuals investing in the various funds managed by OPAM, who makes investment decisions on behalf of those individual investors. The Court agrees with the Delaware Court that this sworn evidence is sufficient to attribute the fund's losses to OPAM for purposes of this securities fraud litigation. Given the magnitude of those losses, OPAM is entitled to the statutory presumption that it is the most appropriate lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### B.    Rebuttal Evidence

The PSLRA allows contenders for the role of lead plaintiff to rebut the statutory presumption by submitting proof that the party benefitting from the presumption is subject to unique defenses not applicable to the overall class or that it "will not fairly and adequately protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Graham Group presents several arguments in an attempt to rebut the statutory

presumption in OPAM's favor. For the reasons discussed below, the Court finds none of the arguments persuasive.

The Graham Group challenges OPAM's standing to bring this lawsuit because it is merely a fund manager with an investment advisor, Medical Strategy GmbH ("Medical Strategy"). The evidence does not support the Graham Group's argument. OPAM has submitted sworn testimony from its corporate officers which satisfies the Court that OPAM is authorized to undertake this litigation on behalf of the fund.[5] OPAM has also shown that it makes the investment decisions for its funds and that its investment advisor is simply that – an independent advisor whose suggestions OPAM can accept or reject. Based on the current record, OPAM appears to have standing to pursue this securities fraud litigation.

The Graham Group also asserts that OPAM cannot adequately represent the interests of the class because it is jointly owned by Sal Oppenheim International, S.A. and Pramerica International, a trade name of Prudential. According to the Graham Group, Prudential was an underwriter for Encysive's public offerings at issue in this suit. The Graham Group argues that Prudential will be "an important fact witness" in this case, and alleges that Prudential may have "contributed in some actionable form

---

[5]     A similar affidavit was found to be sufficient in *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255 (S.D.N.Y. 2003).

to the misinformation in the market concerning Encysive and its prospects." *See* Graham Group Response [Doc. # 42], at 9. The Graham Group, however, fails to present sufficient evidence to support its argument and thereby rebut the presumption in OPAM's favor. In OPAM's supplementary declaration, Von Frantzius and OPAM senior associate Johann Will state that OPAM has "never discussed its purchase of Encysive stock with Prudential" and that Prudential "has not underwritten any stock for Encysive since 2000." *See* Von Frantzius/Will Declaration, Exh. B to OPAM's Reply Memorandum [Doc. # 54], ¶ 5. According to OPAM, Encysive conducted several public offerings after 2000, none of which were underwritten by Prudential. Consequently, Prudential's role in Encysive's public offerings predates by six years the drop in share prices on which this suit is predicated, and is not a barrier to OPAM's appointment as lead plaintiff.

The Graham Group also contends that OPAM's complex corporate structure and foreign ownership preclude its service as lead plaintiff. The argument is unpersuasive. Courts have appointed foreign corporations as lead plaintiff in similar securities litigation. *See, e.g., In re Molson*, 233 F.R.D. at 151-52. OPAM has clearly indicated its willingness, if appointed lead plaintiff, to send its representatives to the United States to carry out its fiduciary duty to the class. As discussed above, large institutional

investors—which routinely have complex corporate structures—are preferred as lead

plaintiffs. *See Gluck*, 976 F. Supp. at 548.

The Graham Group also argues that OPAM, as a foreign entity, may not be

bound by *res judicata* in this case. Accordingly, it contends, OPAM would have a

reduced incentive to represent the class, because it could later pursue a second round

of litigation in a European court. OPAM has, however, affirmed that it and its funds

will be bound by any judgment or other order in this case. In reaching its decision to

appoint OPAM as lead plaintiff, the Court relies on OPAM's assertion in this regard,

and OPAM will not be allowed to take a different position in the future.

The Graham Group challenges OPAM's ability to serve as lead plaintiff by

questioning OPAM's liability for potential sanctions and costs. As an initial matter, the

Court anticipates that all parties and their counsel will prosecute and defend this case

in a professional manner and that, as a result, sanctions will not become an issue.

Moreover, OPAM has affirmatively committed to pay any sanctions or costs which

may be imposed and the Court will, if necessary, hold OPAM to its commitment.

The Graham Group argues also that OPAM made "off-market" trades that will

prevent it from relying on the "fraud on the market" argument on the reliance issue.[6]

---

[6]     Contrary to the Graham Group's contention in its "Supplemental Reply Brief," OPAM has
presented clear sworn testimony that all shares of Encysive stock were purchased on the
NASDAQ stock exchange. *See* Von Frantzius/Will Declaration, ¶ 6.

In support of this argument, the Graham Group points to trades that are not within the high and low NASDAQ prices for the day indicated. OPAM has shown, however, that the dates listed for its trades are the settlement dates, not the transaction dates as assumed by the Graham Group. As a result, the factual basis for the Graham Group's argument has been refuted.

The Graham Group argues that OPAM will also face a unique challenge to its reliance on the "fraud on the market" argument because the fund's annual report included a statement that its investment strategy was to take advantage of market inefficiency. The Graham Group's reliance on this statement, which is taken out of context, is unpersuasive. The statement is within a section of the 2004 Annual Report [Exh. C to Doc. # 64] describing the large institutional investors' focus on companies with a high market capitalization, leaving companies with smaller capitalization "out of the picture." OPAM describes the result of this lack of institutional investors' research as "an inefficient market for these second-line stocks." OPAM then states that Medical Strategy, its investment advisor, can "exploit this market inefficiency" by conducting its own "carefully targeted analysis" of these "as yet unknown companies." Neither OPAM nor Medical Strategy indicate in the 2004 Annual Report that Encysive is considered an "as yet unknown" company that has been "out of the picture." Indeed, the evidence in the record is to the contrary. Moreover, Medical Strategy has, through

its declaration, stated under oath that it "relied on the integrity of the market for Encysive shares in making its investment recommendation to OPAM . . .." *See* Declaration of Medical Strategy (signed by Michael Fischer, its Chief Executive Officer), Exh. A to Supplemental Reply Brief [Doc. # 64], ¶ 6. The comments in the 2004 Annual Report, when read in context and in light of the record as a whole, do not raise a unique defense against OPAM.

The Graham Group contends that OPAM is a "professional plaintiff," and that Congress's intent in crafting the PSLRA was to prevent investors from taking lead roles in multiple securities cases. The PSLRA specifically prohibits any party from being a lead plaintiff in more than five securities class actions during a three-year period. *See* 15 U.S.C. § 78u-4(a)(3)(B)(vi). Although OPAM has *sought* to become a lead plaintiff in five different securities class actions in 2006, the Graham Group concedes that OPAM has been appointed as a lead plaintiff only once.

## III.    CONCLUSION AND ORDER

OPAM has demonstrated that its losses were significantly greater than any other investor in the proposed class, and more than three times larger than the Graham Group's losses. It satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Consequently, OPAM is presumed to be the better

candidate for lead plaintiff. The Graham Group has not refuted this presumption in

OPAM's favor. Accordingly, it is

**ORDERED** that Oppenheim Pramerica Asset Management S.á.r.l.'s Motion for

Appointment as Lead Plaintiff and Approval of Its Selection of Counsel [Doc. # 19]

is **GRANTED**. OPAM is hereby **APPOINTED** lead plaintiff. The law firm of

Motley Rice LLC is **APPOINTED** lead counsel, and Zummo & Midkiff, L.L.P. is

**APPOINTED** liaison counsel. It is further

**ORDERED** that the Graham Group's Motion to be Appointed Lead Plaintiff

[Doc. # 14] is **DENIED**.

The Clerk of Court is directed to change the style of this case to reflect that

"Oppenheim Pramerica Asset Management S.á.r.l., on behalf of itself and others

similarly situated" is the lead plaintiff in this case.

**SIGNED** at Houston, Texas, this **20th** day of **March, 2007**.

Nancy F. Atlas
United States District Judge

# EXHIBIT E



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

WAYNE WELMON, Individually and on Behalf
of all others similarly situated,

                     Plaintiff,

    vs.

CHICAGO BRIDGE & IRON CO. N.V.,
GERALD M. GLENN, ROBERT B. JORDAN,
and RICHARD E. GOODRICH,

                     Defendants.

    Case No. 06-CV-01283 (JES)

    CLASS ACTION

---------------------------------

RICHARD J. O'BRIEN, Individually and on
Behalf of all others similarly situated,

                     Plaintiff,

    vs.

CHICAGO BRIDGE & IRON CO. N.V.,
GERALD M. GLENN, ROBERT B. JORDAN,
and RICHARD E. GOODRICH,

                     Defendants.

    Case No. 06-CV-01532 (JES)

    CLASS ACTION

---------------------------------x

(Additional Captions Set Forth Below)

**[PROPOSED] ORDER CONSOLIDATING ACTIONS, APPOINTING LEAD
PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION
OF LEAD COUNSEL**

| | | |
|---|---|---|
| | X | |
| MARC SABELLA, Individually and on Behalf of all others similarly situated, | : | Case No. 06-CV-01542 (JES) |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH, | : | |
| | : | |
| Defendants. | : | |
| | X | |
| DONALD CHIERT, On Behalf of himself and all others similarly situated, | : | Case No. 06-CV-01677 (JES) |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH, | : | |
| | : | |
| Defendants. | : | |
| | X | |
| ROBERT FRIEDMAN, Individually and on Behalf of all others similarly situated, | : | Case No. 06-CV-01835 (JES) |
| | : | CLASS ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH, | : | |
| | : | |
| Defendants. | : | |
| | X | |

| | |
|---|---|
| --------------------------------X | |
| HAROON I. RASHEED, Individually and on Behalf of all others similarly situated, | Case No. 06-CV-01879 (JES) |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH, | |
| Defendants. | |
| --------------------------------X | |
| CHARLES K. DETENBER, Individually and on Behalf of all others similarly situated, | Case No. 06-CV-01957 (JES) |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH, | |
| Defendants. | |
| --------------------------------X | |
| TIM TADDEI, Individually and on Behalf of all others similarly situated, | Case No. 06-CV-01959 (JES) |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH, | |
| Defendants. | |
| --------------------------------X | |

| | |
|---|---|
| STEVEN STEIN, Individually and on Behalf of all others similarly situated, | Case No. 06-CV-01976 (JES) |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH, | |
| Defendants. | |

| | |
|---|---|
| JEFFREY GOLDSTEIN, Individually and on Behalf of all others similarly situated, | Case No. 06-CV-02563 (UA) |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH, | |
| Defendants. | |

| | |
|---|---|
| ROBERT WEIS, Individually and on Behalf of all others similarly situated, | Case No. 06-CV-02671 (UA) |
| Plaintiff, | CLASS ACTION |
| vs. | |
| CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH, | |
| Defendants. | |

Upon consideration of the motions and supporting papers filed by the various movants for lead plaintiff in the above-captioned action and for good cause shown,

IT IS HEREBY ORDERED THAT:

1.     The Motion of Metzler Investment GmbH and Fortis Investment Management N.V./S.A. is **GRANTED**;

2.     The above-captioned actions are **CONSOLIDATED** pursuant to Fed. R. Civ. P. 42(a);

3.     Class members Metzler Investment GmbH and Fortis Investment Management N.V./S.A. are hereby **APPOINTED** to serve as Lead Plaintiff in the consolidated action, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995.

4.     The law firm of Milberg Weiss Bershad & Schulman LLP is hereby **APPOINTED** to serve as Lead Counsel for the Class, pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned action.

SO ORDERED.

DATED: _____, 2006          _____

                                       UNITED STATES DISTRICT JUDGE

# EXHIBIT F

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE ABLE LABORATORIES SECURITIES LITIGATION | : : : : : : | Civil Action No. 05-2681 (JAG) <br><br> ORDER |

**GREENAWAY, JR., U.S.D.J.**

    This matter comes before this Court on the motions of the Denver Employees Retirement Plan ("DERP") (Docket Entry No. 14) , Deka International (Ireland) Limited ("Deka") (Docket Entry No. 13), Richard Upham ("Upham") (Docket Entry No. 17), Floyd Webster, Kent Webster, Keith Webster and Helen Darrah (the "Webster Family") (Docket Entry No. 7), the Communications Workers of America Plan for Employees' Pensions and Death Benefits ("CWA") with Daniel Levy (Docket Entry No. 11), Genesee County Employees Retirement System with Julian M. Warren ("Genesee and Warren") (Docket Entry No. 6), Edward Howlette (Docket Entry No. 12), and Charles M. Gillis (Docket Entry No. 16) for appointment as lead plaintiff and appointment of their respective attorney as lead counsel. Following the filing of the individual motions seeking appointment as lead plaintiff, Deka and DERP proposed combining to form the Institutional Investor Group ("IIG"), and the court having reviewed the submissions of the parties, as well a the oral arguments presented on January 23, 2006; and for the reasons set forth in the Court's opinion,

    IT IS on this _17th_ day of March, 2006,

    ORDERED that the motions of Deka and DERP are GRANTED, and Deka and DERP

shall combine to form the Institutional Investor Group; and

IT IS FURTHER ORDERED that the Institutional Investor Group is appointed as the lead plaintiff; and

IT IS FURTHER ORDERED that Grant & Eisenhofer P.A. and Murray, Frank and Sailer LLP are appointed as co-lead counsel; and

IT IS FURTHER ORDERED that the motion of the Webster Family is withdrawn; and

IT IS FURTHER ORDERED that all other motions for appointment as lead plaintiff are DENIED; and

IT IS FURTHER ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of this Order.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### Master File Civil Action No. 1:06CV00201

| | | |
|---|---|---|
| MIRCO INVESTORS, LLC, on behalf of itself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05CV00118 |
| INSPIRE PHARMACEUTICALS, INC. CHRISTY L. SHAFFER, and THOMAS R. STAAB, II, | ) ) ) ) | |
| Defendants. | ) ) | |
| RICHARD & SUSAN GIORGINO, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05CV00120 |
| INSPIRE PHARMACEUTICALS, INC. CHRISTY L. SHAFFER, and THOMAS R. STAAB, II, | ) ) ) ) | |
| Defendants. | ) ) | |

[Captions continued on next page]

## ORDER CONSOLIDATING ACTIONS,
## APPOINTING LEAD PLAINTIFFS AND APPROVING LEAD
## PLAINTIFFS' SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL

KIAH SAI TAN, on behalf of himself and     )
all others similarly situated,              )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )          Civil Action No. 1:05CV00195
                                            )
INSPIRE PHARMACEUTICALS, INC.               )
CHRISTY L. SHAFFER, and THOMAS R.           )
STAAB, II,                                  )
                                            )
                    Defendants.             )
_____
RONALD P. HORLICK, individually and         )
on behalf of all others similarly situated, )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )          Civil Action No. 1:05CV00227
                                            )
INSPIRE PHARMACEUTICALS, INC.               )
CHRISTY L. SHAFFER, and THOMAS R.           )
STAAB, II,                                  )
                                            )
                    Defendants.             )
_____
RANDALL SIMON and ROBERT KEMP,              )
on behalf of themselves and all others      )
similarly situated,                         )
                                            )
                    Plaintiff,              )
                                            )          Civil Action No. 1:05CV00248
            v.                              )
                                            )
INSPIRE PHARMACEUTICALS, INC.               )
CHRISTY L. SHAFFER, and THOMAS R.           )
STAAB, II,                                  )
                                            )
                    Defendants.             )
_____

-2-

Having considered the motion of David and Stephanie Cozzarelli, Robert and Carole Swoboda and the FRANKFURT-TRUST Investment-Gesellschaft mbH (collectively, the "Inspire Investors Group") to consolidate actions, to be appointed Lead Plaintiffs and for approval of Lead Plaintiffs' selection of Lead Counsel and Liaison Counsel, and after a hearing before this Court on January 25, 2006,

IT IS HEREBY ORDERED THAT:

**I.    Order of Consolidation**

1.    The Inspire Investors Group's motion is granted.

2.    The above-captioned actions (the "Actions") and any other cases filed against any of the Defendants arising out of the same nucleus of operative facts as those alleged in these Actions are hereby consolidated into one action (the "Consolidated Action") for all purposes, pursuant to Federal Rules of Civil Procedure 42. This Order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with the Consolidated Action.

3.    A Master File is established for this proceeding. The Master File shall be Civil Action No. 1:06CV00201. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

4.    An original of this Order shall be filed by the Clerk in the Master File.

5.    The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

6.    Every pleading in the Consolidated Action shall have the following caption:

| | |
|---|---|
| IN RE INSPIRE PHARMACEUTICALS, )<br>INC. SECURITIES LITIGATION          )<br>_____ ) | Civil Action No. 1:06CV00201 |

7.    When a pleading is intended to be applicable to all actions to which this order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above.  When a pleading is intended to be applicable only to some, but not all, of such actions, the Court's docket number for each individual action to which the paper is intended to be applicable and the last name of the plaintiff in said action shall appear after the words "This Document Relates To:" in the caption set out above.

8.    The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

9.    When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

a.    File a copy of this Order in the separate file for such action;

b.    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed case; and

c.    Make the appropriate entry in the Master Docket for the Consolidated Action.

10.    Each new case that arises out of the subject matter of the Consolidated Action, which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation,

-4-

as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of Defendants' right to object to consolidation of any subsequently-filed or transferred related action.

      11.    This Order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

      12.    This Order is entered without prejudice to the rights of any party to challenge personal jurisdiction or venue.

      13.    Defendants are not required to respond to the complaint in any action consolidated into this action, other than the Consolidated Action or a complaint designated as the operative complaint.

**II.**    **Appointment of Lead Plaintiffs and Lead Counsel**

      14.    Class members David and Stephanie Cozzarelli, Robert and Carole Swoboda, and FRANKFURT-TRUST Investment-Gesellschaft mbH (collectively, the "Inspire Investors Group") are appointed to serve as Lead Plaintiffs in the above-captioned Consolidated Action pursuant to 15 U.S.C. §78u-4(a)(3)(B).

      15.    Robin Winchester of the law firm of Schiffrin & Barroway, LLP and Christopher S. Polaszek of the law firm of Milberg Weiss Bershad & Schulman LLP are hereby approved as Co-Lead Counsel for the Class. Co-Lead Counsel shall have the authority to speak for all Plaintiffs and class members in all matters regarding the litigation including, but not limited to, pre-trial proceedings, motion practice, trial and settlement, and shall make all work assignments

in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

      a.    to brief and argue motions;

      b.    to initiate and conduct discovery, including, without limitation, coordination of discovery with Defendants' counsel, the preparation of written interrogatories, requests for admissions, and requests for production of documents;

      c.    to direct and coordinate the examination of witnesses in depositions;

      d.    to act as spokesperson at pretrial conferences;

      e.    to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

      f.    to initiate and conduct any settlement negotiations with counsel for Defendants;

      g.    to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

      h.    to consult with and employ experts;

      i.    to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and

       j.     to perform such other duties as may be expressly authorized by further order of this Court.

      16.     No pleadings or other papers shall be filed or discovery propounded, conducted or otherwise undertaken by any Plaintiff except as directed or undertaken by Lead Counsel.

      17.     J. Anthony Penry of the law firm of Taylor Penry Rash & Riemann, PLLC is hereby approved as Liaison Counsel for the Class.

      IT IS SO ORDERED.

DATED:   March 1, 2006                    _Russell A. Eliason_
                                    Honorable Russell A. Eliason, U.S.M.J.

cc: All counsel of record

# EXHIBIT H

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

RAYMOND KADAGIAN, On Behalf of
Himself and All others Similarly Situated,

        Plaintiff,

      v.                         Case No. 05-C-0547

HARLEY-DAVIDSON, INC.,
JEFFREY L. BLEUSTEIN,
JAMES L. ZIEMER,

        Defendants.

---

ALBERT VILLAR,
Individually and On Behalf of
All Others Similarly Situated,

        Plaintiff,

      v.                         Case No. 05-C-0554

HARLEY-DAVIDSON, INC.,
JEFFREY BLEUSTEIN,
JAMES ZIEMER,
JAMES BROSTOWITZ,

        Defendants.

---

ORDER CONSOLIDATING THE RELATED ACTIONS, APPOINTING
LEAD PLAINTIFF AND LEAD PLAINTIFF'S SELECTION OF LEAD
AND LIAISON COUNSEL

[Caption continued on following pages]

FRANKLIN HIMES,

        Plaintiff,

        v.

HARLEY-DAVIDSON INC.,
JEFFREY L. BLEUSTEIN,
JAMES M. BROSTOWITZ,
R. JON FLICKINGER,
JOHN A. HEVEY,
RONALD M. HUTCHINSON,
GAIL A. LIONE,
JAMES A. MCCASLIN,
KENNETH SUTTON, JR.,
DONNA F. ZARCONE,
JAMES L. ZIEMER,

        Defendants.

Case No. 05-C-0579(LA)

---

PHILIP KATZ, Individually and On Behalf
of All Others Similarly Situated,

        Plaintiff,

        v.

HARLEY-DAVIDSON, INC.,
JEFFREY BLEUSTEIN,
JAMES ZIEMER,
JAMES M. BROSTOWITZ,

        Defendants.

Case No. 05-C-0609

---

JAMES A. ZIOLKOWSKI, On Behalf of
Himself and All Others Similarly Situated,

        Plaintiff,

        v.

Case No. 05-C-0629

2

HARLEY-DAVIDSON, INC.,
JEFFREY L. BLEUSTEIN,
JAMES M. BROSTOWITZ,
KARL M. EBERLE,
JON R. FLICKINGER,
JOHN A. HEVEY,
RONALD M. HUTCHINSON,
GAIL A. LIONE,
JAMES A MCCASLIN,
W. KENNETH SUTTON, JR.,
DONNA F. ZARCONE,
JAMES L. ZIEMER,

               Defendants.

---

CHARLES R. BOURRET,
On Behalf of Himself and
All Others Similarly Situated,

               Plaintiff,

        v.                       Case No. 05-C-0696

HARLEY-DAVIDSON, INC.,
JEFFREY L. BLEUSTEIN,
JAMES M. BROSTOWITZ,
R. JON FLICKINGER,
JOHN A. HEVEY,
RONALD M. HUTCHINSON,
GAIL A. LIONE,
JAMES A. McCASLIN,
W. KENNETH SUTTON, JR.,
DONNA F. ZARCONE,
JAMES L. ZIEMER,

               Defendants.

---

    Having considered the Plaintiffs' Joint Stipulation to Consolidate the Actions, Appoint Lead Plaintiff, and to Approve Lead Plaintiff's Selection of Co-Lead Counsel, and good cause appearing therefore, IT IS HEREBY ORDERED that:

1.    The stipulation is approved in part.

2.    Construction Laborers Pension Trust of Greater St. Louis, the Iron Workers Local No. 25 Pension Fund, the City of Sterling Heights Police & Fire Retirement System, and Deka International S.A. Luxembourg are hereby appointed Lead Plaintiffs for the Class, pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. §78u-4(a)(3)(B).

3.    Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Murray, Frank & Sailer LLP are approved as Co-Lead Counsel for the Class, pursuant to §21D(a)(3)(B)(v) of the Exchange Act, 15 U.S.C §78u-4(a)(3)(B)(v), and Hale & Wagner, S.C. is approved as Liaison Counsel.

4.    Each of the above-entitled cases is found to be related and is consolidated for all purposes (the Consolidated Action) pursuant to Fed. R. Civ. P. 42(a). This order applies to the above-entitled cases and to each case related to the claims at issue in this Consolidated Action that is pending in this district, transferred to this district or consolidated with the above-entitled cases on or after this date, in accordance with this order.

5.    Every pleading filed in this action shall have the following caption:

| | |
|---|---|
| IN RE HARLEY-DAVIDSON, INC.<br>SECURITIES LITIGATION | Case No. 05-C-00547-CNC |

6.    When a pleading is intended to apply to all actions governed by this order, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading is intended to apply only to some, but not all of the Consolidated Actions, this court's docket number for each individual action

4

to which the paper is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above (e.g., "No. 2:04-C-00547," (Kadagian)).

Dated at Milwaukee, Wisconsin, this 14th day of February, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

5

# EXHIBIT I



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re GENERAL MOTORS CORP. SECURITIES LITIGATION | Master File No. 05-CV-8088 (RMB) THIS DOCUMENT RELATES TO: ALL ACTIONS |
| --- | --- |

~~[PROPOSED]~~ ORDER APPOINTING LEAD PLAINTIFF AND APPROVING    RMB
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL *
and 6 Her Briefs

Upon consideration of the motions and supporting papers for appointment of Lead

Plaintiff and approval of Lead Plaintiff's selection of Lead Counsel in the above-captioned

action and for good cause shown,

IT IS HEREBY ORDERED THAT:

1.   The Motion of Deka Investment GmbH and Deka International S.A., Luxembourg

("Deka") is GRANTED;

2.   Deka is hereby APPOINTED serve as Lead Plaintiff.

3.   The law firm of Murray, Frank & Sailer LLP is hereby APPOINTED to serve as

Lead Counsel.

SO ORDERED

DATED: __2/6__, 2006
       __2:20 P.M.__

_RMB_
United States District Judge

---

* No further briefing would be
necessary, appropriate or helpful

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE CONAGRA FOODS, INC. SECURITIES LITIGATION | ) ) | |
| DAVID P. BERLIEN, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:05CV292 |
| v. | ) ) | |
| CONAGRA FOODS, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| JOSEPH CALVACCA, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:05CV318 |
| v. | ) ) | |
| CONAGRA FOODS, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| JAMES M. WOODS, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:05CV493 |
| v. | ) ) | |
| CONAGRA FOODS, INC., et al., | ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the Court on the motions of

International Fund Management S.A., Luxembourg (International

Fund"), National Elevator Industry Pension Fund ("National Elevator"), and the Sumas Group ("Sumas") for consolidation, appointment as lead plaintiff and approval of selection of lead counsel. All three motions were filed on August 22, 2005. This Court has previously ordered the consolidation of these actions (Filing No. 54 in 8:05CV292; Filing No. 33 in 8:05CV318; Filing No. 51 in 8:05CV493). Now the Court will address the issues of appointing a lead plaintiff and approving the selection of lead counsel.

### Selection of Lead Plaintiff

In selecting the co-lead plaintiff, Fed. R. Civ. P. 23 provides typicality and adequacy requirements that must be met for a party to be considered for appointment as lead plaintiff. In addition, the Private Securities Litigation Reform Act ("PSLRA") establishes a rebuttable presumption that "the person or group of persons" which otherwise meets the requirements of Rule 23 that "has the largest financial interest in the relief sought by the class" shall be appointed lead plaintiff. This presumption may be overcome only upon proof that the presumptively most adequate plaintiff will not fairly and adequately represent the class or is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Three parties have sought to be named as lead plaintiff: International Fund, National Elevator and Sumas. Now

-2-

International Fund and National Elevator, (collectively the
"Institutional Investor Group"), have elected to jointly
prosecute this action against ConAgra and ask the Court to name
them collectively as the co-lead plaintiff. Thus, the Court must
choose between the Institutional Investor Group and Sumas for the
position of lead plaintiff.

The PSLRA instructs courts to appoint as lead plaintiff
the investor with the largest financial interest in the relief
sought by the class. In this instance, the Institutional
Investor Group clearly has a larger financial interest in the
relief sought than does Sumas. The Institutional Investor Group
bought 555,897 shares between September 18, 2003, and June 7,
2005 (the "Class Period"), and thereby claims losses totaling
$2,399,802.16. In comparison, Sumas bought 4,300 shares during
the Class Period and claims losses of $12,300.76. Thus, the
Institutional Investors Group clearly have the largest financial
stake in this litigation. Therefore, a rebuttable presumption
exists that the Institutional Investors Group shall be appointed
as co-lead plaintiff.

Sumas can rebut this presumption only by proof that the
Institutional Investor Group will not fairly and adequately
represent the class or is subject to unique defenses. In an
effort to rebut this presumption, Sumas asserts that appointment
of the Institutional Investors Group as co-lead plaintiff would

-3-

expose "the class to logistical issues that would not arise if
the lead plaintiff is not foreign." This bare assertion is
ineffectual. Sumas fails to detail any logistical issues which
could arise because one of the members of the Institutional
Investors Group is foreign. This objection is found to be
without merit.

Next, Sumas asserts that one of the members of
Institutional Investors Group failed to clearly set forth all of
the information necessary in a sworn, signed certification. It
is unclear whether a putative lead plaintiff, such as National
Elevator, which did not file a complaint, is subject to this
requirement. The plain language of the statute states that the
sworn, signed certification is to be "filed with the complaint."
15 U.S.C. § 78u-4 (a)(2)(A); *Pirelli Armstrong Tire Corp. Retiree
Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 407, 2004
U.S. Dist. LEXIS 9571, at *36, n.18 (S.D.N.Y. 2004). Here,
National Elevator has provided sufficient information to allow
the Court to analyze its claimed financial interest. This
objection is insufficient to overcome the Institutional Investor
Group's rebuttable presumption as co-lead plaintiff as the party
with the largest financial interest in the class.

### Typicality and Adequacy

Institutional Investors Group fulfills the typicality
and adequacy requirements of Rule 23(a). Typicality exists where

-4-

the plaintiff's claims arise from the same series of events and
are based upon the same legal theories as the claims of all the
class members. It is the generalized nature of the claims
asserted which determines whether the class representatives are
typical. The typicality requirement does not require that the
claims be identical.

The Institutional Investors Group satisfies the
typicality requirement because, like all other class members, it:
(1) purchased ConAgra securities during the Class Period at
allegedly artificially inflated prices; and (2) suffered damages
thereby. Thus, its claims are typical of those of other class
members because its claims arise out of the same course of
events.

Adequacy is evaluated by determining that (1) potential
conflict between the proposed co-lead plaintiff and the class
members is absent, and (2) the class representative has chosen
counsel who is qualified, experienced and able to vigorously
conduct the proposed litigation. Here, Institutional Investors
Group is an adequate class representative because its interests
are clearly aligned with the other class members in vigorously
pursuing the claims against the defendants because of the
defendants' alleged false statements to the market. There also
is no evidence of any antagonism between Institutional Investors
Group and other class members. Finally, its proposed counsel is

-5-

highly qualified, experienced and capable of conducting this
complex litigation in a professional manner. Thus, Institutional
Investors Group fulfills both the typicality and adequacy
requirements of Rule 23(a). Therefore, Institutional Investors
Group will be appointed as co-lead plaintiff in this action.

Counsel

Having appointed Institutional Investors Group as co-
lead plaintiff, the Court also will approve its selection of
counsel. The statute states that the lead plaintiff shall,
subject to court approval, select and retain counsel to represent
the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v).
The lead plaintiff has selected Lerach Coughlin Stoia Geller
Rudman & Robbins LLP ("Lerach Coughlin") and Murray, Frank &
Sailer LLP to serve as co-lead counsel for the class and
Abrahams, Kaslow & Cassman LLP, as liaison counsel. Lerach
Coughlin has experience serving in the role of lead counsel,
having been appointed as lead or co-lead counsel in several class
actions including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427
(S.D. Tex. 2002). Likewise, Murray, Frank & Sailer LLP also is
experienced in class action litigation. The Court approves the
selections by the lead plaintiff for lead and liaison counsel.
Accordingly,

IT IS ORDERED:

1)   National Elevator and International Fund are appointed co-lead plaintiff for the class;

2)   Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Murray, Frank & Sailer LLP are appointed to serve as co-lead counsel for the class;

3)   Abrahams, Kaslow & Cassman LLP is appointed as liaison counsel.

DATED this 2nd day of December, 2005.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court

-7-

# EXHIBIT K







THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DREAMWORKS ANIMATION SKG, INC., SECURITIES LITIGATION | Master File No. CV 05-03966 MRP (VBKx) |
| This Document Relates To: All Actions | (Consolidated Cases) |
| | ORDER APPOINTING NEXTRA INVESTMENT MANAGEMENT S.G.R. S.p.A. AS LEAD PLAINTIFF AND APPOINTING LEAD COUNSEL |

Putative class member Nextra Investment Management S.G.R. S.p.A. ("Nextra"), on behalf of NIS International Equities Fund, the Nextra Blue Chips Internazionali Fund, the Nextra Bilanciato Internazionale Fund, the Nextra Equilibrio Fund, and the Nextra Azioni Internazionali Fund, has moved, pursuant to Section 27(a)(3) of the Securities Act of 1933 and Section 21D(a)(3) of the Securities Exchange Act of 1934, for (1) appointment as Lead Plaintiff for the class of plaintiffs in this case (the "Class"), (2) the approval of Schiffrin & Barroway, LLP as Lead Counsel for Lead Plaintiff and the Class, and (3) the approval of Lim, Ruger & Kim, LLP as Liaison Counsel for Lead Plaintiff and the

1  Class.

2       The Court has read and considered the following documents: (1) the

3  Notice of Motion and Motion to Appoint Nextra as Lead Plaintiff Pursuant

4  to Section 27(a)(3)(B) of the Securities Act of 1933 and Section

5  21D(a)(3)(B) of the Securities Exchange Act of 1934 and to Approve Lead

6  Plaintiff's Choice of Counsel, filed by Nextra on August 9, 2005 (the

7  "Motion"); (2) the Memorandum in Opposition to Nextra Investment

8  Management S.G.R. S.P.A.'s Motion to be Appointed Lead Plaintiff and for

9  Approval of its Choice of Counsel, filed by plaintiffs Edward Forstein,

10  Joe Karim, Pamela Kasza and the Carpenters Pension Fund of Baltimore

11  (collectively, the "Dreamworks Group") on September 12, 2005; (3) the

12  Memorandum of Law in Further Support of Nextra Investment Management

13  S.G.R. S.p.A.'s Motion for Appointment as Lead Plaintiff and for

14  Approval of Lead Counsel and Opposition to all Competing Motions Seeking

15  Appointment of Lead Plaintiff, filed by Nextra on September 12, 2005;

16  (4) the Reply Memorandum of Law in Further Support of Nextra Investment

17  Management S.G.R. S.p.A.'s Motion for Appointment as Lead Plaintiff and

18  Approval of Selection of Lead Counsel, filed by Nextra on September 19,

19  2005; (5) the Reply Memorandum in Further Support of the Dreamworks

20  Group's Joint Stipulation for Appointment as Lead Plaintiff and for

21  Approval of its Choice of Counsel, filed by the Dreamworks Group on

22  September 19, 2005; (6) Nextra Investment Management S.G.R. S.p.A.'s

23  Submission Pursuant to this Court's October 19, 2005 Order, filed by

24  Nextra on November 2, 2005; and (7) all Declarations and Memoranda of

25  Points and Authority relating to the Motion.  In addition, the Court

26  heard oral argument on the Motion on September 26, 2005.

27       Accordingly, IT IS HEREBY ORDERED as follows:

28

1

2       1. Nextra, having the largest financial interest in this litigation

3  and otherwise satisfying the typicality and adequacy requirements of

4  Rule 23 of the Federal Rules of Civil Procedure, is the most adequate

5  plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and Section

6  27(a)(3)(B)(iii)(I) of the Securities Act, and no other movant has

7  offered   the   proof   necessary   pursuant   to   15   U.S.C.   §   78u-

8  4(a)(3)(B)(iii)(II) and Section 27(a)(3)(B)(iii)(II) of the Securities

9  Act to rebut the statutory presumption in favor of Nextra.  Therefore,

10  Nextra is hereby appointed Lead Plaintiff for the Class in this action

11  and any subsequently consolidated or related actions.

12

13       2. Pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v), 15 U.S.C. § 78u-

14  4(a)(3)(B)(v) and Section 27(a)(3)(B)(v) of the Securities Act, Lead

15  Plaintiff's selection of lead counsel and liaison counsel is hereby

16  approved.  The law firm of Schiffrin & Barroway, LLP is appointed as

17  Lead Counsel and the law firm of Lim, Ruger & Kim, LLP is appointed as

18  Liaison Counsel.

19

20       3. Lead Counsel shall have the authority to speak for all

21  plaintiffs and Class members in all matters regarding the litigation

22  including, but not limited to, pre-trial proceedings, motion practice,

23  discovery, and trial and settlement, and shall make all work assignments

24  in such a manner as to facilitate the orderly and efficient prosecution

25  of this litigation and to avoid duplicative or unproductive effort.  In

26  connection with the foregoing, Lead Counsel shall have the following

27  responsibilities:

28       a. to brief and argue motions;

3

1       b. to initiate and conduct discovery, including, without
2 limitation, coordination of discovery with defendants' counsel, the
3 preparation of written interrogatories, requests for admissions, and
4 requests for production of documents;

5       c. to direct and coordinate the examination of witnesses in
6 depositions;

7       d. to act as spokesperson at pretrial conferences;

8       e. to call and chair meetings of plaintiffs' counsel as
9 appropriate or necessary from time to time;

10       f. to initiate and conduct any settlement negotiations with
11 defendants' counsel;

12       g. to provide general coordination of the activities of
13 plaintiffs' counsel and to delegate work responsibilities to selected
14 counsel as may be required in such a manner as to lead to the orderly
15 and efficient prosecution of this litigation and to avoid duplication or
16 unproductive effort;

17       h. to consult with and employ experts;

18       i. to receive and review periodic time reports of all
19 attorneys on behalf of all plaintiffs to determine if the time is being
20 spent appropriately and for the benefit of plaintiffs; and

21       j. to perform such other duties as may be expressly authorized
22 by further order of this Court.

23

24       4. Lead Counsel shall be responsible for coordinating all
25 activities and appearances on behalf of the Class and for disseminating
26 notices and orders of this Court.

27

28       5. No motion, application or request for discovery shall be

4

1   served or filed, or other pre-trial proceedings initiated, on behalf of

2   Lead Plaintiff, except through Lead Counsel.

3

4       6.  All notices, proposed orders, pleadings, motions,

5   discovery, and memoranda requiring a response in less than 30 days shall

6   be served upon Lead Counsel and defense counsel in electronic format and

7   emailed the day of filing with exhibits to follow by overnight mail

8   service, telecopy, or hand delivery.  All other service shall take place

9   by regular mail.

10

11      7. In accordance with the Court's personal procedures, counsel

12  shall submit two (2) courtesy copies of all filings to Chambers.

13

14      8. Defendants' counsel may rely upon all agreements made with

15  Lead Counsel, or other duly authorized representatives of Lead

16  Plaintiff.

17

18      9. This Order shall apply to each case subsequently filed in

19  this Court or transferred to this Court, unless a party objecting to the

20  consolidation of such case or to any other provision of this Order files

21  within ten (10) days after the date upon which a copy of this Order is

22  mailed to counsel for such party, an application for relief from this

23  Order or any provision herein and this Court grants such application.

24

25      IT IS SO ORDERED.

26      DATED: _November 7, 2005_    _Mariana R. Pfaelzer_

27                                   Honorable Mariana R. Pfaelzer

28                                   United States District Judge

5