UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEON D. BOROCHOFF, on behalf of himself and
all others similarly situated,

                        Plaintiff,

       v.

GLAXOSMITHKLINE PLC, DR. JEAN-PIERRE
GARNIER, and JULIAN HESLOP,

                      Defendants.

**FILED ELECTRONICALLY**

07 Civ. 5574 (LLS)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE CITY OF
TALLAHASSEE PENSION PLAN FOR (1) APPOINTMENT AS LEAD PLAINTIFF;
AND (2) APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL**

## I.    INTRODUCTION

Presently pending in this District is a securities fraud class action brought pursuant to

Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule

10b-5 promulgated thereunder.[1]  The City of Tallahassee Pension Plan ("Lead Plaintiff Movant"

or "Tallahassee") suffered losses of approximately $104,990 as a result of the purchase of

GlaxoSmithKline PLC ("GSK") securities during the period between October 27, 2005 and May

21, 2007, and respectfully submits this Memorandum of Law in support of its motion to: (i) be

appointed Lead Plaintiff; and (ii) approve its choice of Lead Counsel.  *See* Declaration of Jeffrey

P. Campisi, dated August 10, 2007, Exhibit A (Certification of Lead Plaintiff Movant dated

August 10, 2007, setting forth Tallahassee's Class Period transactions) and Exhibit B (Chart of

Tallahassee's estimated losses in GSK securities during the Class Period) (hereinafter "Campisi

Decl. Ex. ___").[2]

Tallahassee is precisely the type of institutional investor that Congress sought to summon

and empower when it enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA").

*See Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *3 (S.D.N.Y. July 20, 2004) (stating that

institutional investors are the type of lead plaintiff that Congress wanted to encourage to

participate in the litigation of these actions and exercise control over the selection and actions of

plaintiff's counsel); *see also In re Oxford Health Plans, Inc. Securities Litigation*, 182 F.R.D. 42,

46 (1998) (noting the PSLRA encourages institutional investors to take a role in securities class

actions).  Tallahassee is responsible for, *inter alia*, the management of pension assets for

---

[1] Although no other related securities class actions have been filed as of the date of this filing, Tallahassee respectfully requests that the Court consolidate any subsequently filed related cases with this action.

[2] Counsel for Tallahassee is aware that the Court's Individual Practices require a pre-motion conference prior to the making of certain motions. However, on August 9, 2007, counsel was informed by the Court's law clerk that no conference was required for the instant motion for appointment of lead plaintiff and appointment of lead counsel.

approximately 3,600 of the City's current and retired employees. Indeed, Tallahassee is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

Tallahassee believes that it has the largest financial interest of any movant. As set forth below, Tallahassee requests appointment as Lead Plaintiff and requests appointment of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel. Additionally, Kaplan Fox has extensive experience in securities and class action litigation. For these reasons, Tallahassee should be appointed Lead Plaintiff.

## II.    PROCEDURAL BACKGROUND

On June 11, 2007, a securities class action was commenced on behalf of all persons who purchased GSK securities between October 27, 2005 and May 21, 2007 for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder against GlaxoSmithKline PLC, Dr. Jean-Pierre Garnier, and Julian Heslop. The action was styled *Borochoff v. GlaxoSmithKline PLC., et al.*, 07-cv-5574.

On June 11, 2007, the plaintiff in *Borochoff* published a notice to purchasers of GSK securities with *PR Newswire,* as required by the PSLRA (the "Notice"). Campisi Decl., Ex. C. The Notice advised purchasers of GSK securities of the existence of a lawsuit and the nature of defendants' statements, omissions and conduct which allegedly artificially inflated the price of GSK securities. The Notice further advised potential class members of their right to move the Court to be appointed Lead Plaintiff within 60 days.

Tallahassee now moves this Court to be appointed as the Lead Plaintiff in this action.

## III.    SUMMARY OF THE PENDING ACTION

The Complaint alleges that during the Class Period defendants issued a series of materially false and misleading statements regarding Avandia, GSK's popular diabetes drug. In

2

particular, the Complaint alleges that GSK failed to adequately disclose the fact that it had

performed a meta-analysis (a pooled analysis of several clinical trials) related to Avandia which

showed an increased risk of heart attacks. Preliminary results of this analysis were presented to

the FDA in September 2005 and updated results were disclosed to the FDA in August 2006.

However, the results of GSK's meta-analysis were never adequately disclosed to the investing

public.

On May 21, 2007, before the close of trading, the results of a meta-analysis on Avandia

conducted by a doctor with the Cleveland Clinic were reported and published in the New

England Journal of Medicine (the "Journal"). Similar to GSK's meta-analysis conducted in 2005

and 2006, the results of the meta-analysis published in the Journal revealed that Avandia

increased the risk of heart attacks and possibly heart-related deaths. As a result of the reports

regarding the meta-analysis, the price of GSK securities materially declined.

As a result of defendants' manipulative actions, Tallahassee and other similarly situated

persons or entities that purchased GSK securities suffered tremendous losses on their

investments.

## IV.    ARGUMENT

### A.    Tallahassee Should Be Appointed Lead Plaintiff

#### 1.    Tallahassee Believes It Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA sets forth the procedure for the selection of lead plaintiff in "each private

action arising under [the securities laws] that is brought as a plaintiff class action pursuant to the

Federal Rules of Civil Procedure."   Section 21D(a)(3)(A)(i) provides that within twenty days

after the date on which a class action is filed:

3

the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

(I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

(II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the Court to serve as lead plaintiff of the purported class.

Further, Section 21D(a)(3)(B) directs the Court to consider any motions by a plaintiff or purported class member to serve as Lead Plaintiff in response to any such notice within ninety days after the date of publication of the notice pursuant to Section 21(a), or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.

Under these sections of the Exchange Act, the court "shall" appoint the most adequate plaintiff, and is to presume that plaintiff is the person, or group of persons, that:

(aa)    has either filed the complaint or made a motion in response to a notice…;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B); *Albert Fadem Trust v. Citigroup, Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).

Thus, the statutory language explicitly provides that a member of the class, or a person or group of persons with "the largest financial interest" is entitled to presumptive appointment as lead plaintiff. Section 21D(a)(3)(B). Tallahassee has estimated losses in GSK securities of $104,990. *See* Campisi Decl. Ex. B. Therefore, it believes it has the largest financial interest of any lead plaintiff movant and is presumptively entitled to appointment as the Lead Plaintiff.

4

### 2.    Tallahassee Is Qualified Under Rule 23

The PSLRA provides that, at the outset of the litigation, the Lead Plaintiff must also

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See*

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act; *Albert Fadem Trust*, 239 F. Supp. 2d at

347; *In re Olsten Corp. Sec. Litig*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

With respect to the qualifications of the class representative, Rule 23(a) requires

generally that the claims of the representative be typical of the claims of the class and that the

representative will fairly and adequately protect the interests of the class.  As detailed below,

Tallahassee satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to

be appointed as Lead Plaintiff.

### a.    Tallahassee's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when each class member's claim

arises from the same course of conduct, even when minor distinctions exist.  *Albert Fadem Trust*,

239 F. Supp. 2d at 347-48; *Olsten*, 3 F. Supp. 2d at 296.  Tallahassee's Exchange Act claims are

typical of the claims of the members of the proposed putative Class.  Tallahassee and all other

members of the proposed class purchased GSK securities at prices inflated by defendants'

misrepresentations and omissions and were damaged thereby.

Because Tallahassee's claims arise from the same course of conduct which caused other

members of the class to acquire GSK securities at artificially inflated prices, typicality is

satisfied.

### b.    Tallahassee Will Fairly and Adequately Represent the Interests of the Class

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect

the interests of the Class."  Adequate representation will be found if the plaintiffs are represented

5

by able and experienced counsel, and that such plaintiffs have no fundamental conflicts of interest with the legitimate interests of the class as a whole. *Halford v. Goodyear Tire & Rubber Co.,* 161 F.R.D. 13, 19 (W.D.N.Y. 1995). Here, lead plaintiff movant's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Tallahassee and the interests of the Class. Tallahassee shares numerous common questions of law and fact with the members of the Class, and its claims are typical of the Class. Moreover, Tallahassee has demonstrated that it is willing to serve as an advocate on behalf of the Class. Specifically, Gary Herndon, Treasurer-Clerk of the City of Tallahassee has signed a certification stating that Tallahassee is willing to serve as a representative party on behalf of a class. Campisi Decl., Ex. A. Thus, the close alignment of interests between Tallahassee combined with its strong desire to prosecute these actions on behalf of the Class, militates in favor of granting the instant motion.

**B.**     **This Court Should Approve Tallahassee's Choice of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 21D(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." Tallahassee has selected counsel highly experienced in prosecuting securities class actions. Tallahassee has retained the law firm of Kaplan Fox to serve as Lead Counsel. Kaplan Fox has extensive experience litigating securities class actions and have successfully prosecuted numerous securities class actions on behalf of injured investors. Campisi Decl. Ex. D.

**V.     CONCLUSION**

For the above reasons, Tallahassee respectfully requests that the Court: (1) appoint Tallahassee as the Lead Plaintiff in the above-captioned related actions; and (2) approve its choice of Lead Counsel.

DATED: August 10, 2007

Respectfully submitted,

KAPLAN FOX & KILSHEIMER LLP


By: _____s/ Frederic S. Fox_____
    Frederic S. Fox
    Joel B. Strauss
    Jeffrey P. Campisi
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

*Attorneys for Lead Plaintiff Movant the City*
*of Tallahassee Pension Plan*

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 10, 2007, I caused to be electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will electronically send notification of such filing to the registered participants and paper copies will be sent via first-class mail postage pre-paid to those indicated as non-registered participants on August 10, 2007.

/s/    Jeffrey P. Campisi
Jeffrey P. Campisi

August 10, 2007

8