UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON D. BOROCHOFF, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>GLAXOSMITHKLINE PLC, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 1:07-cv-05574-LLS<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF AVON PENSION FUND, ADMINISTERED BY BATH & NORTH EAST SOMERSET COUNCIL AND NORTH YORKSHIRE COUNTY COUNCIL, ADMINISTRATING AUTHORITY FOR THE NORTH YORKSHIRE PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

## TABLE OF AUTHORITIES

                                                                                                    **Page**

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND ..................................................................................................1

III. ARGUMENT ............................................................................................................................3

        A. The Pension Funds Should Be Appointed Lead Plaintiff ........................................3

                1. The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class ...............................................................................4

                2. The Pension Funds Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure ..........................................................................................4

        B. The Court Should Approve the Pension Funds' Selection of Lerach Coughlin as Lead Counsel .......................................................................................6

IV. CONCLUSION .........................................................................................................................7

## I. INTRODUCTION

Avon Pension Fund, Administered by Bath & North East Somerset Council and North Yorkshire County Council, Administrating Authority for the North Yorkshire Pension Fund (the "Pension Funds"), in connection with their transactions in the publicly-traded securities of GlaxoSmithKline PLC ("GSK" or the "Company") between October 27, 2005 and May 21, 2007 (the "Class Period"), submit this memorandum of law in support of their motion pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), for entry of an order: (1) appointing the Pension Funds as lead plaintiff for the class pursuant to §21D(a)(3)(B) of the Exchange Act (15 U.S.C. §78u-4(a)(3)(B)); and (2) approving Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") as lead counsel.

The Pension Funds are the "most adequate plaintiff," as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of their knowledge, they have the largest financial interest of any moving class member or plaintiff who has brought suit or filed an application to serve as lead plaintiff in these related actions.[1] In addition, the Pension Funds satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of the claims of the putative class and because they will fairly and adequately represent the interests of the class.

## II. FACTUAL BACKGROUND

GSK is a global healthcare group, which is engaged in the creation and discovery, development, manufacture and marketing of pharmaceutical products, including vaccines, over-the-

---

[1] *See* Affidavit of David A. Rosenfeld in Support of Avon Pension Fund, Administered by Bath & North East Somerset Council and North Yorkshire County Council, Administrating Authority for the North Yorkshire Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Rosenfeld Aff."), Exs. A and B.

counter ("OTC") medicines and health-related consumer products. Prior to and during the Class Period, GSK's focus was on the development and commercialization of Avandia, a widely used and highly effective treatment for type-2 diabetes. However, the Company had been notified in 2000 of the risk of heart attacks from the use of Avandia but failed to adequately disclose to shareholders this risk, which was sure to have a devastating impact on GSK's stock price once it was disclosed. Prior to this risk being disclosed to the market, the individual defendants sold $17 million worth of their GSK shares during the Class Period.

The FDA approves drugs for human use if they are safe and effective as determined through scientifically conducted clinical studies. Throughout the Class Period, Avandia was manufactured and sold by GSK for treating type-2 diabetes. Defendants violated the federal securities laws by disseminating false and misleading statements to the investing public and concealing negative information, making it impossible for shareholders to gain a meaningful or realistic understanding of the drug's risks and long-term market success.

Each statement regarding the Company's most profitable drug – Avandia – was tailored to deceive shareholders and to inflate the value of the Company. In 2000, a professor at the University of North Carolina had written the Food & Drug Administration about heart risks associated with the use of Avandia. GSK's officers were aware of the letter because the Company responded to it. Nonetheless, the market was not informed of this risk.

This concealment ended on May 21, 2007, when *The New England Journal of Medicine* released an analysis by Cleveland cardiologist Steven Nissen linking Avandia to the potential risk of heart attacks. Notwithstanding GSK's public disagreements with the study, GSK's stock immediately collapsed more than $5 per share on volume of 13.6 million shares, as investors were

finally able to appreciate the serious risk associated with the drug, and consequently the risks associated with GSK's stock.

## III. ARGUMENT

### A. The Pension Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, notice was published on June 11, 2007, on *PR Newswire* in connection with the filing of the first-filed action. *See* Rosenfeld Aff., Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)(i)(II), (B)(i).

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . ;
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

>    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §78u-4(a)(3)(A)-(B), expires August 10, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Pension Funds have timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

### 1. The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Funds lost $5.3 million due to defendants' fraud. To the best of their knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest. Therefore, the Pension Funds satisfy the PSLRA's prerequisite of having the largest financial interest and is presumptively the most adequate plaintiff to represent the class pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 2. The Pension Funds Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of Rule 23(a)'s four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding motions for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. 2004).

The Pension Funds satisfy this requirement because, just like all other class members, they: (1) purchased GSK securities during the Class Period; (2) purchased GSK securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Pension Funds' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Fed. R. Civ. P. 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted).

Here, the Pension Funds are adequate to represent the class because their interests are aligned with the interests of the class because both suffered from artificial inflation of the price of GSK securities and would benefit from the same relief. Furthermore, there is no evidence of antagonism between the Pension Funds and the class. The Pension Funds have also certified to their willingness

to serve as representatives of the class.  Rosenfeld Aff., Ex. B.  In addition, as shown below, the Pension Funds' proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, the Pension Funds satisfy the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion.

### B. The Court Should Approve the Pension Funds' Selection of Lerach Coughlin as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Because the Pension Funds have selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, their choice of lead counsel should be approved.

Lerach Coughlin is a 180-lawyer firm that is actively engaged in complex litigation, emphasizing securities, consumer and antitrust class actions.  Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  The firm's lawyers have been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp.*, *Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002).  Lerach Coughlin's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  *See* Rosenfeld Aff., Ex. D.

Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Lerach Coughlin as lead counsel.

**IV.     CONCLUSION**

       For all the foregoing reasons, the Pension Funds respectfully request that the Court: (1) appoint them as Lead Plaintiff; and (2) approve their selection of Lerach Coughlin to serve as Lead Counsel.

DATED:  August 10, 2007                Respectfully submitted,

                                            LERACH COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            SAMUEL H. RUDMAN
                                            DAVID A. ROSENFELD

                                                           s/ David A. Rosenfeld
                                                     DAVID A. ROSENFELD

                                            58 South Service Road, Suite 200
                                            Melville, NY  11747
                                            Telephone:  631/367-7100
                                            631/367-1173 (fax)

                                            LERACH COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            DARREN J. ROBBINS
                                            RAMZI ABADOU
                                            655 West Broadway, Suite 1900
                                            San Diego, CA  92101
                                            Telephone:  619/231-1058
                                            619/231-7423 (fax)

                                            [Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\GlaxoSmithKline\BRF00044505-LP.doc

CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 10, 2007.

　　　　　　　　　　　　　　　　　　　　s/ David A. Rosenfeld
　　　　　　　　　　　　　　　　　　　　DAVID A. ROSENFELD

　　　　　　　　　　　　　　　　　　　　LERACH COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　　　　RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　　　　　　　San Diego, CA  92101-3301
　　　　　　　　　　　　　　　　　　　　Telephone:  619/231-1058
　　　　　　　　　　　　　　　　　　　　619/231-7423 (fax)

　　　　　　　　　　　　　　　　　　　　E-mail:  drosenfeld@lerachlaw.com

# Mailing Information for a Case 1:07-cv-05574-LLS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **Donald R. Hall , Jr**
  dhall@kaplanfox.com

- **Hae Sung Nam**
  hnam@kaplanfox.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# Mailing Information for a Case 1:07-cv-05574-LLS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **Donald R. Hall , Jr**
  dhall@kaplanfox.com

- **Hae Sung Nam**
  hnam@kaplanfox.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)