UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *LEON D. BOROCHOFF*, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>*GLAXOSMITHKLINE PLC, DR. JEAN-PIERRE GARNIER, and JULIAN HESLOP*,<br><br>Defendants. | No. 07 Civ. 5574 (LLS)<br>ECF CASE |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE INSTITUTIONAL INVESTOR GROUP'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS
SELECTION OF COUNSEL, AND IN OPPOSITION TO THE COMPETING MOTIONS**

| | |
|---|---|
| GRANT & EISENHOFER P.A.<br>Jay W. Eisenhofer (JE-5503)<br>Sidney S. Liebesman (SL-8444)<br>485 Lexington Avenue<br>29th Floor<br>New York, NY  10017<br>Tel:    (646) 722-8500<br>Fax:    (646) 722-8501 | MOTLEY RICE LLC<br>Joseph F. Rice<br>Ann K. Ritter<br>P. O. Box 1792 (29465)<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29465<br>Tel:    (843) 216-9000<br>Fax:    (843) 216-9450 |

*Counsel for The Institutional Investor Group and Proposed Lead Counsel for the Class*

Dated:  August 27, 2007

## **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT....................................................................................................................................2

    I.    The Institutional Investor Group Is The "Most Adequate" Plaintiff Under
        The PSLRA.......................................................................................................................2

        A.    The Institutional Investor Group Has Suffered By Far The Largest Loss Of
            Any Proposed Lead Plaintiff......................................................................................3

        B.    The Institutional Investor Group Otherwise Satisfies The Requirements
            Of Rule 23..................................................................................................................4

    II.  The Court Should Approve The Institutional Investor Group's Choice Of Counsel ........6

CONCLUSION.................................................................................................................................7

Deka Investment GmbH, Metzler Investment GmbH, Internationale Kapitalanlagegesellschaft mbH, and INDEXCHANGE Investment AG (collectively referred to as the "Institutional Investor Group") submit this memorandum of law in further support of their Motion to be Appointed Lead Plaintiff and for Approval of their Selection of Counsel, and in Opposition to the Competing Motions.

## PRELIMINARY STATEMENT

On August 10, 2007, the Institutional Investor Group timely filed its Motion to be Appointed Lead Plaintiff and for Approval of its Selection of Counsel in this class action. Other purported class members filed similar motions on that same date: the City of Tallahassee Pension Plan ("Tallahassee"); and Avon Pension Fund and the North Yorkshire Pension Fund (collectively, the "UK Pension Fund Group").

Of the three motions pending before the Court, the motion by the Institutional Investor Group should be granted and the other motions denied. There is no dispute that the Institutional Investor Group has by far the greatest financial interest among all lead plaintiff movants: it has suffered a financial loss of over $29 million, in contrast to the loss of approximately $104,990 asserted by Tallahassee and the loss of approximately $5.3 million asserted by the UK Pension Fund Group. Moreover, the Institutional Investor Group has made a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure and is thus the presumptive lead plaintiff according to the Private Securities Litigation Reform Act of 1995 ("PSLRA"),[1] under which the pending motions have been brought. In contrast, both Tallahassee and the North Yorkshire Pension Fund are inadequate to serve as lead plaintiff for the class because they were both net sellers of Glaxo securities during the Class

---

[1] 15 U.S.C. § 78u-4.

Period of October 27, 2005 through May 21, 2007, and benefited from the fraud that is alleged in this action. As many courts have held, including this very court, net sellers who benefit from the fraud are inadequate to serve as lead plaintiffs. *See Capone v. MBIA, Inc.*, 05 Civ. 3514 (LLS), slip op. at 4 (S.D.N.Y. July 25, 2005) (Stanton, J.).[2] Curiously, neither Tallahassee nor the North Yorkshire Pension Fund has offered any explanation in its opening papers for why it claims to be adequate to serve as a lead plaintiff, despite its status as a net seller and despite this Court's clear ruling in *MBIA*.

Based on the above, the Institutional Investor Group's motion should be granted and its choice of counsel approved. It is presumptively the "most adequate plaintiff" under the PSLRA, and neither Tallahassee nor the UK Pension Fund Group has advanced any argument to rebut this presumption, which they must do for their motions even to be considered.

## ARGUMENT

**I.    The Institutional Investor Group Is The "Most Adequate" Plaintiff Under The PSLRA.**

For purposes of selecting the lead plaintiff, the PSLRA requires that:

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—
>
> (aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

---

[2] Attached hereto as Exhibit A.

2

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Thus, the statute presumes that the most adequate plaintiff is the person or group that either filed a complaint or response to a notice *and* has the largest financial interest in the case *and* meets the other requirements of Rule 23(a) of the Federal Rules of Civil Procedure. As one court in this District has observed:

> Once . . . the court identifies the plaintiff with the largest stake in the litigation, further inquiry *must* focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements. *That the district court believes another plaintiff may be "more typical" or "more adequate" is of no consequence.* So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.

*Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)) (emphasis added). At the lead plaintiff stage, the proposed lead plaintiff need only make a "preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citations omitted). Of the three proposed lead plaintiffs, the Institutional Investor Group is the only movant who is entitled to the presumption because, in addition to timely filing its motion for appointment as lead plaintiff, it is the movant with the largest financial loss, and it otherwise satisfies the requirements of Rule 23 within the meaning of the PSLRA.

> A.  **The Institutional Investor Group Has Suffered By Far The Largest Loss Of Any Proposed Lead Plaintiff.**

During the Class Period, the Institutional Investor Group purchased 10,573,433 shares of Glaxo common stock valued at $303,536,888 and suffered a loss of approximately **$29,123,811**.[3]

---

[3] *See* Institutional Investor Group Mem. at 9 and the Declaration of Sidney S. Liebesman cited therein.

In contrast, Tallahassee asserts that it suffered a loss of only $104,990,[4] and the UK Pension Fund Group asserts that it suffered a loss of only $5.3 million.[5]

Because the other proposed lead plaintiffs suffered losses that are significantly less than the loss suffered by the Institutional Investor Group, the record shows that the Institutional Investor Group alone is entitled to the presumption of being the most adequate plaintiff pursuant to the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 02-1500, 2003 WL 102806, at *2 (S.D.N.Y. Jan. 10, 2003) (appointing as lead plaintiff the institutional investor with the "largest financial stake in the litigation").

### B. The Institutional Investor Group Otherwise Satisfies The Requirements Of Rule 23.

The presumption afforded to the movant with the largest financial interest in the relief sought can be rebutted only with proof that that movant fails to meet the typicality or adequacy requirements of Rule 23.  *See In re WorldCom Inc., Sec. Litig.*, 294 F. Supp. 2d 392, 421 (S.D.N.Y. 2003) (holding that the presumption can be rebutted only upon proof by a member of the purported plaintiff class that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that prevent the plaintiff from adequately representing the class).  As set forth more fully in its opening memorandum, the Institutional Investor Group's claims are typical because it suffered the same injuries as other class members as a result of the same alleged conduct.[6]  The Institutional Investor Group has the ability to adequately prosecute the case and protect the interests of the class, and there are no

---

[4]  *See* Tallahassee Mem. at 4.

[5]  *See* UK Pension Fund Group Mem. at 4.

[6]  *See* Institutional Investor Group Mem. at 10-11.

4

conflicts between it and any other class member.[7] In addition, the Institutional Investor Group has selected counsel that is experienced in this type of litigation and extremely well-qualified to vigorously litigate this matter on behalf of the class.[8]

In contrast to the Institutional Investor Group, the other proposed lead plaintiffs are inadequate and/or atypical under Rule 23 because they were net *sellers* of Glaxo securities during the Class Period. Specifically, during the Class Period, Tallahassee purchased 98,359 Glaxo securities and sold 100,559 securities.[9] Also, during the Class Period one member of the UK Pension Funds group—North Yorkshire Pension Fund—purchased 854,938 shares and sold 1,190,984 shares.[10] In other words, both Tallahassee and North Yorkshire Pension Fund were net sellers of Glaxo securities during the Class Period. As this very Court has held, a net seller who sells more shares that it purchased during a class period is inadequate to represent a putative class of purchasers because the net seller arguably benefits from the fraud. *See MBIA*, slip op. at 4 (finding lead plaintiff movant to be a "net seller, and thus not an adequate representative of a

---

[7] *See id*. at 11-12.

[8] *See id*. at 12-14.

[9] *See* Declaration of Jeffrey P. Campisi in support of Tallahassee motion, Ex. B. It is unclear what securities Tallahassee purchased and sold. Counsel for the Institutional Investor Group understands that Tallahassee purchased certain Glaxo securities that were traded over-the-counter. If so, this may be a further reason why Tallahassee is inadequate to serve as lead plaintiff. Compared to the substantially larger NYSE and London exchanges where Glaxo's investors suffered the vast majority of their damages based on voluminous trading, the OTC market for Glaxo securities was relatively thinly traded. In such circumstances, it is likely Defendants will argue that Glaxo stock on the OTC market did not trade in an "efficient" market and thus that investors who bought on this exchange may not rely on the fraud on the market theory that is central to the class's claims. Accordingly, because this issue is not common to the larger class that Tallahassee seeks to represent, Tallahassee may be subject to unique defenses that render it atypical. *See, e.g.*, *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 455-56 (S.D. Tex. 2002) ("these unique defenses are likely to more than distract [lead plaintiff movant] from duties of Lead Plaintiff"). In addition, as shown in Exhibit C hereto, the trading data Tallahassee lists in its Certification do not fit within the publicly reported trading ranges for Glaxo securities traded on the OTC, thus calling into question the reliability of Tallahassee's claimed losses.

[10] *See* Affidavit of David Rosenfeld in support of the UK Pension Fund Group's motion, Ex. A (Certification of North Yorkshire County Council, Schedule A).

class of purchasers");[11] *Capone v. R&G Fin. Corp.*, 05 Civ. 4186 (JES), Transcript at 23 (finding that, in a class of purchasers, "it is a safe assumption that if you are a net purchaser rather than a net seller, it is more likely you suffered a loss");[12] *see also In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945-46 (N.D. Ill. 2001) (net seller is "totally out of the running for designation as lead plaintiff"); *In re Mills Corp.*, No. Civ. A. 1:06-77, 2006 WL 2035391, at *3 (E.D. Va. May 30, 2006) ("Courts generally reject a party's motion for lead plaintiff if the party is a net seller of shares during the class period."); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 997 (N.D. Cal. 1999) (noting that "a net seller has arguably *profited* more from the fraud than it has been injured") (emphasis in original).

## II. The Court Should Approve The Institutional Investor Group's Choice Of Counsel

Finally, the Court should approve the Institutional Investor Group's choice of the law firms of Grant & Eisenhofer P.A. and Motley Rice LLC as lead counsel. As set forth more fully in the Institutional Investor Group's opening memorandum at pages 12-14, both firms are among the preeminent securities class action law firms in the country and are currently serving as lead or co-lead counsel in several complex securities fraud cases. Accordingly, the Court should approve the Institutional Investor Group's selection of Grant & Eisenhofer P.A. and Motley Rice LLC as Lead Counsel for the Class.

---

[11] Attached hereto as Exhibit A.

[12] Attached hereto as Exhibit B.

## **CONCLUSION**

For all the above reasons, the Institutional Investor Group respectfully requests that the Court grant the Institutional Investor Group's Motion and (i) appoint the Institutional Investor Group to serve as Lead Plaintiff for the Class; and (ii) approve the Institutional Investor Group's selection of Grant & Eisenhofer P.A. and Motley Rice LLC to serve as Lead Counsel for the Class.

Dated: August 27, 2007

Respectfully submitted,

 /s/ Sidney S. Liebesman
Jay W. Eisenhofer (JE-5503)
Sidney S. Liebesman (SL-8444)
GRANT & EISENHOFER P.A.
485 Lexington Avenue
29th Floor
New York, NY  10017
Tel:    (646) 722-8500
Fax:    (646) 722-8501

OF COUNSEL:

Alexander Reus
Diaz Reus Rolff & Targ LLP
GLOBAL EXPANSION GROUP
Bank of America Tower at International Pl.
100 SE Second Street, Suite 2610
Miami, FL 33131
Tel:    (786) 235-5000
Fax:    (786) 235-5005

Deborah Sturman
Sturman LLC
112 Madison Avenue
7th Floor
New York, NY 10016
Tel:    (212) 784 6263
Fax:    (917) 546 2544

MOTLEY RICE LLC
Joseph F. Rice
Ann K. Ritter
P. O. Box 1792 (29465)
28 Bridgeside Blvd.
Mount Pleasant, SC 29465
Tel:    (843) 216-9000
Fax:    (843) 216-9450

*Counsel for The Institutional Investor Group and Proposed Lead Counsel for the Class*