UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────── x
LEON D. BOROCHOFF, On Behalf of : Civil Action No. 1:07-cv-05574-LLS
Himself and All Others Similarly Situated, :
 : CLASS ACTION
            Plaintiff, :
 : THE U.K. PENSION FUNDS'
    vs. : MEMORANDUM OF LAW IN
 : OPPOSITION TO COMPETING MOTIONS
GLAXOSMITHKLINE PLC, et al., : FOR APPOINTMENT AS LEAD
 : PLAINTIFF
            Defendants. :
 :
─────────────────────────────── x

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..............................................................................................................1

II. ARGUMENT ....................................................................................................................3

    A. The PSLRA's Appointment of Lead Plaintiff Provisions.......................................3

    B. The U.K. Pension Funds Have the Largest Financial Interest of Any Applicant that also Satisfies the Requirements of Rule 23......................................5

    C. The German Funds Are Subject to Unique Defenses ..............................................6

    D. The Tallahassee Pension Plan Has *By Far* the Smallest Financial Interest in the Outcome of This Litigation............................................................................9

III. CONCLUSION..................................................................................................................9

**I.     INTRODUCTION**

Presently pending before the Court are three motions for appointment of lead plaintiff filed pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. §78u-4(1)(3)(B). In addition to the motion filed by Avon Pension Fund, Administered by Bath & North East Somerset Council and North Yorkshire County Council, Administrating Authority for the North Yorkshire Pension Fund (the "U.K. Pension Funds"), separate motions were also filed by: (i) Deka Investment GmbH, Metzler Investment GmbH, Internationale Kapitalanlagegesellschaft mbH, and INDEXCHANGE Investment AG (the "German Funds"); and (ii) the City of Tallahassee Pension Plan (the "Tallahassee Pension Plan").

All of the movants agree that, pursuant to the PSLRA, the "person or group of persons" with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") is afforded a presumption that it is the "most adequate plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Nor is there any dispute that this presumption can be ***rebutted*** by demonstrating that the presumptively "most adequate plaintiff" cannot fairly and adequately represent the class, or is "***subject to unique defenses***." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).[1]

Here, the U.K. Pension Funds acknowledge that the German Funds claim a larger financial interest. *See In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003) ("[A] movant's financial interest is just a beginning point, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class."). However, despite the size of their claimed loss, the German Funds should not be appointed because they are subject to a unique Rule 23 *res judicata* defense. *See In re Vivendi Universal S.A. Sec. Litig.*, 242 F.R.D. 76,

---

[1]     Unless otherwise noted, all emphasis is added and citations are omitted.

105 (S.D.N.Y. 2007) (Holwell, J.) (refusing to certify a similarly situated German investor under Rule 23, reasoning "plaintiffs have not shown a probability that German courts will give *res judicata* effect to a judgment in this case"); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343 (D. Md. 2003) (refusing to appoint German lead plaintiff in a case against a foreign corporation). Indeed, were the German Funds to be appointed, defendants will persuasively argue that this case should be doomed to perish at class certification. *See id.*; *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) ("[C]lass certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation . . . . [T]here is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.").

Once the German Funds are "removed from consideration," the U.K. Pension Funds (with losses in excess of $5 million) emerge as the investors with the largest financial interest before the Court. *In re Bausch & Lomb Inc. Sec. Litig.*, 2007 U.S. LEXIS 50979, at *15 (W.D.N.Y. 2007). Moreover, as large, sophisticated institutional investors based in England, there is no doubt but that the U.K. Pension Funds satisfy Rule 23 or that English courts would give *res judicata* effect to a judgment in this case. *See Vivendi*, 242 F.R.D. at 102-03. The only remaining movant, the Tallahassee Pension Plan, should not be appointed because its loss of $104,000 is far smaller than the U.K. Pension Funds' loss. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (Sweet, J.). The U.K. Pension Funds' lead plaintiff motion should be granted and all other motions should be denied.

**II.     ARGUMENT**

    **A.     The PSLRA's Appointment of Lead Plaintiff Provisions**

In determining who, among those who timely file lead plaintiff motions, is the most adequate plaintiff, the PSLRA provides that:[2]

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or ***group of persons*** that –
>
>     \*    \*    \*
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; ***and***
>
> (cc)  ***otherwise satisfies the requirements of Rule 23*** of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The PSLRA's most adequate plaintiff presumption may be rebutted by proof that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is ***subject to unique defenses*** that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa) & (bb).

Applying the PSLRA's lead plaintiff provisions under the facts presented here are rendered somewhat more complex than usual due to GlaxoSmithKline PLC's status as a foreign corporation. *See Borochoff v. GlaxoSmithKline PLC, et al.*, No. 1:07-cv-5574, Class Action Complaint for Violation of Federal Securities Laws at ¶11 (S.D.N.Y. June 11, 2007) ("Complaint") ("Defendant GSK is a corporation headquartered in Brentford, the United Kingdom."). Under such circumstances, courts hold that the PSLRA's appointment of lead plaintiff provisions ***must*** be

---

[2]   All of the proposed lead plaintiffs appear to have timely filed their motions within 60 days of the publication of notice on June 11, 2007. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

interpreted and applied with a specific eye towards class certification because the extraterritorial application of the federal securities laws involves certain inherent risks that "courts in this district and elsewhere have considered [] in a somewhat haphazard way." *Vivendi*, 242 F.R.D. at 93 (discussing cases); *Ahold*, 219 F.R.D. at 352. "[W]ithout the benefit of any [] guidance from the Second Circuit [as to whether] the risk of nonrecognition by a foreign court as a factor relevant to whether . . . class treatment of foreign purchasers' claims is a superior method of adjudication," there is simply no doubt that defendants will later assert that the claims of the class should be dismissed for lack of subject matter jurisdiction and/or under a Rule 23(b)(3) – based *res judicata* analysis. *Vivendi*, 242 F.R.D. at 93; *see, e.g.*, *Tri-Star Farms Ltd. v. Marconi, PLC*, 225 F. Supp. 2d 567, 573 n.7 (W.D. Pa. 2002); *Nathan Gordon Trust v. Northgate Exploration*, 148 F.R.D. 105, 108 (S.D.N.Y. 1993); *Fidenas AG v. Compagnie Internationale Pour L'Informatique CII Honeywell Bull S.A.*, 606 F.2d 5, 9-10 (2d Cir. 1979); *McNamara v. Bre-X Minerals Ltd.*, 32 F. Supp. 2d 920, 923-24 (E.D. Tex. 1999); *In re Baan Co. Sec. Litig.*, 103 F. Supp. 2d 1, 10-11, 25 (D.D.C. 2000).

While defendants will have grave difficulty succeeding with a subject matter defense, defendants will also assail any Court-appointed lead plaintiff under a *res judicata* defense. *See Vivendi*, 242 F.R.D. at 104-05; §II.C, *infra*. Here, as discussed below, of the three competing lead plaintiff applicants, only the U.K. Pension Funds and the Tallahassee Pension Plan can viably withstand such attacks. However, because the U.K. Pension Funds' $5.3 million loss is ***50 times larger*** than the Tallahassee Pension Plan's loss of $104,000, only the U.K. Pension Funds can and should be appointed as lead plaintiff pursuant to the PSLRA.[3] *See Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004).

---

[3]     Any attempt by the Tallahassee Pension Plan to suggest that this case is subject to a credible subject matter jurisdiction defense would stand in stark contrast to the allegations as set forth in the

### B.    The U.K. Pension Funds Have the Largest Financial Interest of Any Applicant that also Satisfies the Requirements of Rule 23

Based upon the submissions of the respective movants, the U.K. Pension Funds are the "***most adequate plaintiff.***" *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)-(II).  In addition to having a $5.3 million financial interest, the U.K. Pension Funds' claims are typical of the claims of the class because their claims arise from the same course of events and are based on the same legal theories as the claims of all other investors in GlaxoSmithKline PLC securities.  *See Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 155 (2d Cir. 2001); *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993).

The U.K. Pension Funds' adequacy also cannot seriously be questioned.  *See* Memorandum of Law in Support of the Avon Pension Fund, Administered by Bath & North East Somerset Council and North Yorkshire County Council, Administrating Authority for the North Yorkshire Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel at 4-7.  Both of the U.K. Pension Funds' members are large, sophisticated institutional investors with the resources and expertise to prosecute this case and oversee counsel.  *See Bausch & Lomb*, 2007 U.S. Dist. LEXIS 50979, at *18; *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315-16 (S.D.N.Y. 2005) (noting that purpose of PSLRA is to attract institutional investors).  The U.K. Pension Funds' signed certifications further evidence their willingness and ability to assume the responsibilities of lead plaintiff, and their chosen counsel has extensive experience in the field of securities class actions. *See Vanamringe v. Royal Group Techs., Ltd.*, 237 F.R.D. 55, 58 (S.D.N.Y. 2006) (Holwell, J.) (appointing Lerach Coughlin as lead counsel); *Tyler v. AstraZeneca, PLC*, 2006 U.S. Dist. LEXIS 6479, at *7 (S.D.N.Y. 2006) (Griesa, J.) (appointing Lerach Coughlin as lead counsel, finding the

---

Complaint ***its own counsel filed in this case***.  *See id.*; Memorandum of Law in Support of the Motion of the City of Tallahassee Pension Plan for (1) Appointment as Lead Plaintiff; and (2) Approval of Lead Plaintiff's Choice of Lead Counsel at 2-3.

firm possesses "extensive experience litigating securities class actions"); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) (finding that Lerach Coughlin "***will represent deftly the class's interests***").

In addition, unlike the German Funds, there is no question but that English courts would give *res judicata* effect to any judgment rendered in this case. *Vivendi*, 242 F.R.D. at 102-03. Finally, because most of the conduct giving rise to defendants' fraud occurred here in the United States, the U.K. Pension Funds provide no jurisdictional issues for defendants to exploit. *See id*. at 230-31; *cf. Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974, 988-89 (2d Cir. 1975). The U.K. Pension Funds' motion should be granted. *See In re Parmalat Sec. Litig.*, No. 1:04-cv-0030 (LAK), Amended Order (S.D.N.Y. May 25, 2004) (Kaplan, J.) (appointing U.K. fund as co-lead plaintiff), attached as Exhibit A to the Affidavit David A. Rosenfeld in Support of the U.K. Pension Funds' Memorandum of Law in Opposition to Competing Motions for Appointment as Lead Plaintiff ("Rosenfeld Aff."), Ex. A.

### C. The German Funds Are Subject to Unique Defenses

Courts have developed two tests by which courts can determine whether extraterritorial application of the securities laws is permissible. *See In re Cable & Wireless, PLC*, 321 F. Supp. 2d 749 (E.D. Va. 2004). The "conduct test" is satisfied by an allegation that fraud committed ***within the United States directly caused losses outside of the United States***. *See Cromer Fin., Ltd. v. Berger*, 137 F. Supp. 2d 452 (S.D.N.Y. 2001). To satisfy the "effects test," plaintiffs must allege that conduct outside of the United States has produced a substantial effect within the United States. *See Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326 (2d Cir. 1972).

Both tests are clearly met here. *See* Complaint at ¶¶7-9, 20-44; *Itoba Ltd. v. LEP Group PLC*, 54 F.3d 118 (2d Cir. 1995). Despite the presence of subject matter jurisdiction, courts remain unwilling to appoint lead plaintiffs where there are uncertainties regarding whether a court would later give *res judicata* effect of a judgment in favor of defendants. *See Ahold*, 219 F.R.D. at 352; *In*

*re Royal Dutch/Shell Transport Sec. Litig.*, No. 04-374 (JWB), Opinion (D.N.J. June 30, 2004), Rosenfeld Aff., Ex. B.

The German Funds' lengthy and somewhat curious citations to cases where "courts have appointed foreign investors as lead plaintiff in securities cases" ***are inapposite and irrelevant*** under the present facts because all 18 of the cases they cite – with the exception of *Nortel* – ***did not involve foreign defendants***. *Compare* Memorandum of Law in Support of the Institutional Investor Group's Motion for Appointment as Lead Plaintiff and for Approval of Its Selection of Counsel at 8 n.3 *with* Stuart M. Grant and Diane Zilka, *The Role of Foreign Investors in Federal Securities Class Actions*, Securities Litigation & Enforcement Institute (PLI Corporate Law and Practice 2004), Rosenfeld Aff., Ex. C (discussing "foreign cubed" issue).

In *Ansari v. New York Univ.*, 179 F.R.D. 112 (S.D.N.Y. 1998), the court considered the *res judicata* effect of a class action judgment in a foreign plaintiff's home country in denying class certification. The court reasoned that "[i]f the foreign court would refuse to recognize the preclusive effect of such an action, this fact, although not dispositive, counsels against a finding that the class action is superior to other forms of litigation." *Id*. at 116.

Following this line of reasoning, in *Ahold*, Judge Blake refused to appoint a ***German*** investor (*i.e.*, Union) as lead plaintiff, finding that:

> Adding to the concerns about subject matter jurisdiction over Union's claims ***is the question of the res judicata effect of a judgment in favor of Royal Ahold in this class action***. Foreign courts might not recognize or enforce such a decision from an American court, which would allow foreign plaintiffs in the class to file suit against the defendant again in those foreign courts. ***This factor must be considered in determining whether a class action is the superior method of litigating a particular case, although it is not determinative***. *Cromer Finance Ltd. v. Berger*, 205 F.R.D. 113, 134-35 (S.D. N.Y. 2001). A strong possibility or near certainty that a foreign court will not recognize a judgment in favor of the defendant as a bar to the action of its own citizens may be the basis for eliminating foreign purchasers from the class. *Bersch*, 519 F.2d at 996. ***No specific evidence has been produced thus far regarding which foreign courts may or may not recognize a decision of this***

*court*. It is possible, however, that Union and other foreign purchasers might be eliminated from the class at the certification stage because a judgment would not be enforceable. *See id*. at 996-97.

219 F.R.D. at 352. Addressing the very issue that troubled Judge Blake in *Ahold*, but **with the benefit of** "***specific evidence***," Judge Holwell recently refused to certify a ***German*** plaintiff that bought a foreign company's stock, reasoning:

> Taking the parties' expert affidavits as a whole, **the Court is left with the distinct impression that the formalities of German law may well preclude the recognition of a judgment in the instant case**. Indeed, plaintiffs' expert concludes only that "one cannot rule out a U.S. class action settlement or judgment . . . will be recognized or enforced in German." This candid opinion is insufficient on its face and **leads the Court to conclude that plaintiffs have not shown a probability that German courts will give res judicata effect to a judgment in this case**.

*Vivendi*, 242 F.R.D. at 105. The Court should avoid appointing a lead plaintiff like the German Fund only to later find that they are uncertifiable under Rule 23. *See In re Bally Total Fitness Sec. Litig.*, 2005 U.S. Dist. LEXIS 6243, at *19 (N.D. Ill. 2005) ("The PSLRA . . . provides that we ask simply whether [a proposed lead plaintiff] is likely to be 'subject to' [a] defense . . . ***we do not have to determine that the defense is likely to succeed***.").

By contrast, in certifying a British investor under Rule 23 in *Vivendi*, Judge Holwell determined that:

> ***English courts***, when ultimately presented with the issue, are more likely than not to find that U.S. courts are competent to adjudicate with finality the claims of absent class members and, therefore, **would recognize a judgment or settlement in this action**. (Harris Decl. PP14-20 and 50-51 (citing John C. L. Dixon, *The* Res Judicata *Effect In England of a US Class Action Settlement*, 46 Int'l & Comp. L.Q. 134, 145-50 (1997)).)

242 F.R.D. at 103. Because a German Court would refuse to recognize this Court's judgment, the German Funds cannot satisfy the requirements of Rule 23 and their motion should be therefore denied. *See Vivendi*, 242 F.R.D. at 104-03; *Ahold*, 219 F.R.D. at 352; *Cable & Wireless*, 217 F.R.D.

at 377. By contrast "English courts . . . would recognize a judgment or settlement in this action" were the U.K. Pension Funds to be appointed. *Vivendi*, 242 F.R.D. at 102-03.

### D. The Tallahassee Pension Plan Has *By Far* the Smallest Financial Interest in the Outcome of This Litigation

Because the only remaining movant (Tallahassee Pension Plan) suffered a loss that is dramatically smaller than the U.K. Pension Funds', its motion should be denied. *See Sofran*, 220 F.R.D. at 402.

### III. CONCLUSION

For the foregoing reasons, the U.K. Pension Funds respectfully request that the Court appointment them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED: August 27, 2007                Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

                                          s/ David A. Rosenfeld
                                    DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DARREN J. ROBBINS
RAMZI ABADOU
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\GlaxoSmithKline\BRF00044925-LP OPP.doc

CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 27, 2007.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@lerachlaw.com

# Mailing Information for a Case 1:07-cv-05574-LLS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **Donald R. Hall , Jr**
  dhall@kaplanfox.com

- **Kenneth J. King**
  kingk@pepperlaw.com

- **Sidney Stephen Liebesman**
  sliebesman@gelaw.com,rwittman@gelaw.com

- **Hae Sung Nam**
  hnam@kaplanfox.com

- **David Avi Rosenfeld**
  drosenfeld@lerachlaw.com,e_file_ny@lerachlaw.com,amartin@lerachlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)