UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
LEON D. BOROCHOFF, On Behalf of           :  Civil Action No. 1:07-cv-05574-LLS
Himself and All Others Similarly Situated, :
                                           :  <u>CLASS ACTION</u>
                  Plaintiff,               :
                                           :  THE U.K. PENSION FUNDS' REPLY
       vs.                                 :  MEMORANDUM OF LAW IN FURTHER
                                           :  SUPPORT OF ITS MOTION FOR
GLAXOSMITHKLINE PLC, et al.,               :  APPOINTMENT AS LEAD PLAINTIFF
                                           :
                  Defendants.              :
                                           :
---------------------------------------------------------- x

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT .................................................................................................................4

    A. The U.K. Pension Funds Are the Most Adequate Plaintiff......................................4

        1. The U.K. Pension Funds Are a Proper Group ............................................5

        2. North Yorkshire County Council Is Adequate............................................6

        3. The U.K. Pension Funds Timely Provided All of the Information Required by the PSLRA................................................................................8

        4. This Court Has Subject Matter Jurisdiction Over Foreign Purchasers' Claims....................................................................................9

    B. All of the Remaining Motions Should be Denied..................................................11

III. CONCLUSION..............................................................................................................12

## TABLE OF AUTHORITIES

Page

**CASES**

*Barnet v. Elan Corp., PLC*,
    234 F.R.D. 158 (S.D.N.Y. 2005) ...................................................................................5

*Bhojwani v. Pistiolis*,
    2007 U.S. Dist. LEXIS 52139 (S.D.N.Y. 2007)............................................................7

*Ferrari v. Impath, Inc.*,
    2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. 2004)............................................................5

*Frank v. Dana Corp.*,
    237 F.R.D. 171 (N.D. Ohio 2006) ..............................................................................3, 7

*In re Alstom SA Sec. Litig.*,
    406 F. Supp. 2d 346 (S.D.N.Y. 2005)..........................................................................10

*In re Cable & Wireless, PLC, Sec. Litig.*,
    217 F.R.D. 372 (E.D. Va. 2003) .................................................................................4, 7

*In re Cardinal Health, Inc. Sec. Litig.*,
    226 F.R.D. 298 (S.D. Ohio 2005) ............................................................................3, 6, 7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)........................................................................................1, 6

*In re Comdisco Sec. Litig.*,
    150 F. Supp. 2d 943 (N.D. Ill. 2001) ..............................................................................7

*In re Doral Fin. Corp. Sec. Litig.*,
    414 F. Supp. 2d 398 (S.D.N.Y. 2006) (Owen, J.)...........................................................6

*In re Espeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) (Scheindlin, J.).............................................................6

*In re McKesson HBOC, Inc. Sec. Litig.*,
    97 F. Supp. 2d 993 (N.D. Cal. 1999) (Whyte, J.) .....................................................3, 6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) (Brieant, J.) ................................................................11

*In re Parmalat Sec. Litig.*,
    375 F. Supp. 2d 278 (S.D.N.Y. 2005)...........................................................................10

**Page**

*In re Pfizer Inc. Sec. Litig.*,
    233 F.R.D. 334 (S.D.N.Y. 2005) ........................................................................................6

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
    219 F.R.D. 343 (D. Md. 2003) .......................................................................................4, 11

*In re Vivendi Universal, S.A. Sec. Litig.*,
    242 F.R.D. 76 (S.D.N.Y. 2007) ......................................................................................3, 11

*In re Vivendi Universal, S.A. Sec. Litig.*,
    381 F. Supp. 2d 158 (S.D.N.Y. 2003) ...........................................................................10, 11

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) .........................................................................................................10

*Richardson v. TVIA, Inc.*,
    2007 U.S. Dist. LEXIS 28406 (N.D. Cal. 2007) ............................................................3, 7

*Sofran v. LaBranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) .......................................................................................3

*Switzenbaum v. Orbital Scis. Corp.*,
    187 F.R.D. 246 (E.D. Va. 1999) .......................................................................................5

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ...................................................................................1, 6


**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78aa ..................................................................................................................................9
    §78u-4(a)(2)(A) .............................................................................................................2, 8
    §78u-4(a)(2(A)(iv) .............................................................................................................8
    §78u-4(a)(3)(B)(iii)(I) ....................................................................................................4, 5
    §78u-4(a)(3)(B)(iii)(I)-(II) .................................................................................................4
    §78u-4(a)(3)(B)(iii)(II) ......................................................................................................4

28 U.S.C.
    §1331 ..................................................................................................................................9

Avon Pension Fund, Administered by Bath & North East Somerset Council ("Avon Pension Fund") and North Yorkshire County Council, Administrating Authority for the North Yorkshire Pension Fund ("North Yorkshire County Council") (collectively, the "U.K. Pension Funds") respectfully submit this reply memorandum of law in further support of their motion for appointment as lead plaintiff.

## I.    INTRODUCTION

The City of Tallahassee Pension Plan ("Tallahassee Pension Plan") raises three arguments in opposition to the U.K. Pension Funds' lead plaintiff motion. *First*, it speculates – incorrectly – that the U.K. Pension Funds' members "are unrelated and have no prior relationship."[1] In fact, Avon Pension Fund and North Yorkshire County Council have had a longstanding relationship as members of the Local Authority Pension Fund Forum – a voluntary association of 38 public sector pension funds based in the U.K.[2] More importantly, as Judge Becker reasoned in *Cendant*, and as courts in this district have repeatedly held, "[t]he statute contains no requirement mandating that the members of a proper group be 'related' in some manner; it requires only that any such group 'fairly and adequately protect the interests of the class.'" *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (Batts, J.) ("This Court recognizes that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA.") (listing

---

[1] *See* Memorandum of Law in Opposition to the Motions of the German Investors Group and the UK Group for (1) Appointment as Lead Plaintiffs; and (2) Approval of Lead Plaintiffs' Choice of Lead Counsel at 2 (hereinafter "Tallahassee Pension Plan Opp.").

[2] *See* Affidavit of David A. Rosenfeld in Support of the U.K. Pension Funds' Reply Memorandum of Law in Further Support of Its Motion for Appointment as Lead Counsel ("Rosenfeld Reply Aff."), Ex. A.

cases).³  Here, there is no question but that the U.K. Pension Funds can and will fairly and adequately represent the interests of the class.

*Second*, the Tallahassee Pension Plan claims that the U.K. Pension Funds did not provide "the necessary trading information to assess their losses" or demonstrate that their "signatories had authority to move for lead plaintiff." Tallahassee Pension Plan Opp. at 2, 6.  In fact, the U.K. Pension Funds provided *all* of the transactional data required by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and would not have moved for appointment as lead plaintiff unless they had the authority to do so in the first instance. 15 U.S.C. §78u-4(a)(2)(A).

*Third*, and finally, the Tallahassee Pension Plan baldly asserts that "foreign investors that purchased [GlaxoSmithKline] GSK securities on foreign exchanges" are barred from this litigation. *See* Tallahassee Pension Plan Opp. at 1.  Such a blunt proposition not only controverts this circuit's well-established case law on the extraterritorial application of the federal securities laws, but would also require the Court to ignore that the Tallahassee Pension Plan's *own proposed lead counsel* filed a complaint "brought on behalf of *all* purchasers of GSK securities." *See Borochoff v. GlaxoSmithKline PLC, et al.*, No. 1:07-cv-5574, Class Action Complaint for Violation of Federal Securities Laws at ¶2 (S.D.N.Y. June 11, 2007) ("*Borochoff* Complaint"); §II.5, *infra*.  The Tallahassee Pension Plan's eleventh-hour effort to abandon such a large portion of the putative class calls into serious question its willingness and incentive to adequately represent a class of "*all* purchasers of GSK securities."

Unlike the Tallahassee Pension Plan, the German Funds raise only a single argument in opposition to the U.K. Pension Funds – namely, that North Yorkshire County Council is a "net

---

³ Unless otherwise noted, all emphasis is added and citations are omitted.

seller."[4]  While the German Funds' observation is technically correct, it should be afforded little to no legal weight as North Yorkshire County Council is ***not a net gainer***.  *See In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D. Ohio 2005) ("courts usually reject these so-called net gainers as lead plaintiffs, ***opting instead for net losers that will have less trouble proving damages***").  Just recently, the same district court that authored the seminal *McKesson* decision finding net-sellers inadequate, ***appointed a net seller as lead plaintiff*** because, like North Yorkshire County Council, it was not a net gainer.[5]  *Compare Richardson v. TVIA, Inc.*, 2007 U.S. Dist. LEXIS 28406 (N.D. Cal. 2007) (Whyte, J.) *with In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 997 (N.D. Cal. 1999) (Whyte, J.).  Because North Yorkshire County Council suffered a ***net loss*** during the Class Period, it will "have no trouble proving damages and, therefore, is qualified to serve as lead plaintiff."  *Frank v. Dana Corp.*, 237 F.R.D. 171, 172-73 (N.D. Ohio 2006).

Ultimately, as detailed below, the U.K. Pension Funds are the "most adequate plaintiff" to lead this litigation.  *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) (Sweet, J.).  Their collective loss of $5.3 million is far larger than the Tallahassee Pension Plan's loss of $104,000 and they are not subject to any of the unique defenses that defendants will argue afflict the German Funds.  *See In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 105 (S.D.N.Y. 2007) (Holwell, J.) ("plaintiffs have not shown a probability that German courts will give *res judicata* effect to a judgment") ("*Vivendi I*"); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219

---

[4]  The Avon Pension Fund is not a net seller of GSK securities and the German Funds did not and could not assail its $2.69 million loss on this basis.

[5]  In *In re MBIA Inc. Sec. Litig.*, No. 1:05-cv-03514-LLS (S.D.N.Y. July 25, 2005) (Rosenfeld Reply Aff., Ex. B), this Court found that an applicant that was a net seller ***and*** a net gainer was inadequate.  *See id.* at 4.  Because that is not the case with North Yorkshire County Council here, this Court's *MBIA* ruling is inapplicable to it.  By contrast, the Tallahassee Pension Plan appears to be both and net seller ***and*** a net gainer and ***is*** therefore inadequate under *MBIA*.  *Id*.

F.R.D. 343 (D. Md. 2003) (refusing to appoint German lead plaintiff in a case against a foreign corporation); *see also* Declaration of Rolf Stürner, Professor of Law at the University of Freiberg, Germany: "***It is highly unlikely that a German court would recognize as binding against those German shareholders any judgment entered in a U.S. class action*** . . . ." *In re DaimlerChrysler AG Sec. Litig.*, No. 1:00-cv-00993-JJF (D. Del. Jan. 10, 2003) (Rosenfeld Reply Aff., Ex. C).

The U.K. Pension Funds should be appointed lead plaintiff and all other motions should be denied.

## II.   ARGUMENT

### A.   The U.K. Pension Funds Are the Most Adequate Plaintiff

The PSLRA provides that the "most adequate plaintiff" is the person or group of persons that in the determination of the court has the largest financial interest in the relief sought by the class ***and*** otherwise satisfies the requirements of Rule 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The PSLRA's most adequate plaintiff presumption may be rebutted by showing that a lead plaintiff group "will not fairly and adequately protect the interests of the class" or that it "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Based upon the respective movants' submissions, the U.K. Pension Funds are the "most adequate" plaintiff – they have the largest financial interest of any applicant that ***also*** satisfies the requirements of Rule 23.[6]  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)-(II).  *See In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 377 (E.D. Va. 2003) ("[A] movant's financial interest is ***just a***

---

[6] While the U.K. Pension Funds recognize that the German Funds claim larger losses, they should not be appointed because, as discussed in more detail herein, they are subject to unique defenses and cannot otherwise satisfy the requirements of Rule 23.

***beginning point***, and courts acknowledge that they must also consider the movant's ability and willingness to adequately represent the class."); *Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 250 (E.D. Va. 1999) ("***Even if*** a candidate has the largest financial interest in a case, it is not the presumptive Lead Plaintiff ***unless*** it 'otherwise satisfies the requirements of Rule 23 . . . .'").

In an effort to rebut the presumption that lies in the U.K. Pension Funds' favor, the Tallahassee Pension Plan claims that the U.K. Pension Funds: (1) are an "unrelated" group (2) did not submit a competent certification; and (3) that the Court lacks subject matter jurisdiction over their claims. *See* Tallahassee Pension Plan Opp. at 1-2. The only argument raised in opposition by the German Funds is that U.K. Pension Fund member North Yorkshire County Council is "inadequate" because it is a "net seller[] of Glaxo securities during the Class Period." *See* Memorandum of Law in Further Support of the Institutional Investor Group's Motion for Appointment as Lead Plaintiff and for Approval of Its Selection of Lead Counsel, and in Opposition to the Competing Motions at 1, 5-6 ("German Funds Opp.").

Taken in turn, all four of these arguments are either factually incorrect or legally untenable. *Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898, at *21-*22 (S.D.N.Y. 2004) (PSLRA's rebuttable presumption requires proof, not "red herring[s]" or "innuendo").

          **1.**    **The U.K. Pension Funds Are a Proper Group**

The PSLRA ***expressly*** provides that courts are to adopt a presumption that the "most adequate plaintiff" is a "person or ***group of persons***." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Accordingly, "there can be no doubt that the PSLRA contemplates that *some* 'groups' can serve as lead plaintiff – indeed, the plain language of the statute provides for this outcome." *Barnet v. Elan Corp., PLC*, 234 F.R.D. 158, 162 (S.D.N.Y. 2005) (emphasis in original). Here, under even the most stringent test courts apply to consider groups (*i.e.*, the "pre-existing relationship" test), the U.K. Pension Funds are a proper group because both of its members have a relationship that predates this

- 5 -

litigation as members of the Local Authorities Pension Fund Forum – an association based in the U.K. that deals with common issues of funding, investments and benefits. *See* Rosenfeld Reply Aff., Ex. A.

Hence, even though "[t]he statute contains no requirement mandating that the members of a proper group be 'related' in some manner," here, the U.K. Pension Funds are "related" because of their pre-existing relationship.[7] *See id.*; *Cendant*, 264 F.3d at 266; *Weltz*, 199 F.R.D. at 133; *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 98 (S.D.N.Y. 2005) (Scheindlin, J.) ("[t]he fact that the PSLRA was designed to favor institutional investors should be taken into account when determining what constitutes a reasonable group of 'members'"). As a small group comprised of just two institutional investors with a pre-litigation relationship, the U.K. Pension Funds are precisely the type of "cohesive" group contemplated by the PSLRA. *See id.*; *Cardinal Health*, 226 F.R.D. at 306-07.

### 2. North Yorkshire County Council Is Adequate

Relying on this Court's *MBIA* opinion, the German Funds posit that "net sellers ***who benefit from the fraud*** are inadequate to serve as lead plaintiffs."[8] *See* German Funds Opp. at 2. Here, however, while North Yorkshire County Council is a net seller, it ***did not benefit from the fraud***. Addressing this distinction, Judge Whyte – the author of the seminal *McKesson* decision that was

---

[7]   Moreover, either of the U.K. Pension Funds' members' losses ***taken individually are still far larger than the Tallahassee Pension Plan's loss*** of $104,000 (Avon Pension Fund's loss is $2.69 million and North Yorkshire claims losses of $2.62 million). *See In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401-02 (S.D.N.Y. 2006) (Owen, J.) (considering individual losses); *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (Owen, J.) (same).

[8]   The German Funds did not and cannot assail the Avon Pension Fund on this basis.

one of the first to find "net sellers" inadequate – recently appointed a net seller as lead plaintiff, reasoning:

> Referring to these figures, Pollard-Lowsley argues that Metzman is a "net seller," who sold more shares than purchased during the Class Period, and therefore, he is subject to a unique defense that renders him an inadequate lead plaintiff. Although courts have generally rejected a net seller's motion for appointment as lead plaintiff, *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945-46 (N.D. Ill. 2001); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 996-97 (N.D. Cal. 1999), it is ***important to note that the courts' disapproval was directed toward net sellers who profited from the purchase and sale of defendant's shares during the class period***. . . . In cases involving net sellers who are also net losers, on the other hand, courts have held that a movant "should have no trouble proving damages and, therefore, is qualified to serve as lead plaintiff."

2007 U.S. Dist. LEXIS 28406, at *12-*13 (N.D. Cal. 2007). Under the stringent LIFO accounting methodology, and like the net seller Judge Whyte found adequate in *TVIA*, North Yorkshire County Council suffered a net loss of approximately $350,000 and, hence, did not profit from defendants' fraud. *See* Rosenfeld Reply Aff., Ex. D; *Bhojwani v. Pistiolis*, 2007 U.S. Dist. LEXIS 52139, at *23-*24 (S.D.N.Y. 2007) (Fox, J.) ("[m]any courts favor the LIFO method in securities cases because . . . it offsets gains"). Accordingly, North Yorkshire County Council is adequate.[9] *See Dana Corp.*, 237 F.R.D. at 172-73 (appointing net seller that was also a net loser); *see also Cardinal Health*, 226 F.R.D. at 308 ("courts usually reject these so-called net gainers as lead plaintiffs, ***opting instead for net losers that will have less trouble proving damages***").

---

[9]   Because North Yorkshire County Council suffered a net loss under LIFO, all of the German Funds' cited authority on this point is inapposite. *See Cable & Wireless*, 217 F.R.D. at 378 (rejecting as lead plaintiff a movant ***who made gains*** during the class period by citing *Comdisco* and *McKesson*); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945-46 (N.D. Ill. 2001) (same); *McKesson*, 97 F. Supp. at 996-97 (same).

### 3. The U.K. Pension Funds Timely Provided All of the Information Required by the PSLRA

Pursuant to the PSLRA, all proposed lead plaintiffs must submit sworn certifications setting forth certain facts designed to assure the court that the plaintiff has suffered more than a nominal loss, is not a professional litigant, and is otherwise interested and able to serve as a class representative.  *See* 15 U.S.C. §78u-4(a)(2)(A) ("Each plaintiff seeking to serve as a representative party on behalf of a class ***shall*** provide a sworn certification, which shall be ***personally signed*** by such plaintiff . . . . ").

Here, despite the fact that the U.K. Pension Funds timely submitted sworn certifications that accurately and fully satisfy all of the PSLRA's requirements, counsel for the Tallahassee Pension Plan sought additional information that, curiously, only sought to confirm what was already in the U.K. Pension Funds' certifications in the first place.  For instance, Mr. Fox's letter sought confirmation that the U.K. Pension Funds did not have ***any additional*** transactions in GSK securities during the Class Period.  *See* Letter from Frederic S. Fox to Counsel for the U.K. Pension Fund at ¶5 (attached as Exhibit B to the Declaration of Jeffrey P. Campisi in support of the Tallahassee Pension Plan Opp.).  By its terms, however, the PSLRA mandates that proposed lead plaintiffs submit "***all of the transactions*** of the plaintiff in the security that is the subject of the complaint."  *See* 15 U.S.C. §78u-4(a)(2(A)(iv).  Here, as required the U.K. Pension Funds submitted "all of its transactions" and has no additional data to submit.  *See* Exhibit B to the Affidavit of David A. Rosenfeld in Support of Avon Plans Fund, Administered by Bath & North East Somerset Council and North Yorkshire County Council, Administrating Authority for the North Yorkshire Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel.

Given that Mr. Fox's letter also sought confirmation that the ***U.K.*** Pension Funds are indeed from the ***U.K.*** and that they purchased their shares on the London Stock Exchange – facts, again, that

are evident from the U.K. Pension Funds' filings – one can only conclude that this correspondence was a desperate, yet ultimately unavailing, ruse to try to manufacture a way to rebut the presumption that lies in the U.K. Pension Funds' favor.[10]

### 4. This Court Has Subject Matter Jurisdiction Over Foreign Purchasers' Claims

The Tallahassee Pension Plan's counsel's *Borochoff* Complaint was "brought on behalf of ***all*** purchasers of GSK securities" during the class period. *See id.* at ¶1. The *Borochoff* Complaint did not limit its class definition to all ***domestic*** purchasers of GSK securities, or to all domestic purchasers who bought GSK securities on a domestic exchange. *See Borochoff* Complaint at ¶15 ("Plaintiff brings this action . . . on behalf of himself and a class consisting of ***all persons*** who purchased the securities of GSK . . . ."). The *Borochoff* Complaint also averred that "***[t]his Court has jurisdiction over the subject matter of this action*** pursuant to §27 of the Exchange Act, 15 U.S.C. §78aa, and 28 U.S.C. §1331." *Id.* at ¶7.

Clearly, then, when it filed this case on June 11, 2007, the Tallahassee Pension Plan's proposed lead counsel (*i.e.*, Kaplan Fox & Kilsheimer LLP) thought that this Court had "***jurisdiction over the subject matter [for] all purchasers of GSK securities***." *See id.* Now, the Tallahassee Pension Plan's counsel takes a position that sharply contradicts its own complaint and claims that the

---

[10] While counsel for the U.K. Pension Funds advised the Tallahassee Pension Plan's counsel of these facts telephonically ***and*** via e-mail, Mr. Campisi nevertheless suggests (in a footnote) that "counsel for Tallahassee has not received a response to these questions." *Compare* Tallahassee Pension Plan Opp. at 2 n.3 *with* e-mail from Ramzi Abadou to Jeffrey P. Campisi (Rosenfeld Reply Aff., Ex. E) and e-mail from Ramzi Abadou to Frederic Fox (Rosenfeld Reply Aff., Ex. F). Baffling.

Court: (i) *lacks* subject matter jurisdiction over foreign purchasers' claims; and (ii) that this case should be limited to U.S. purchasers of GSK securities.[11] *See* Tallahassee Pension Plan Opp. at 3-4.

Under the "conduct test," however, a federal court has subject matter jurisdiction over a transnational securities fraud claim if defendant's activities in the United States were more than merely preparatory to a securities fraud conducted elsewhere, and those activities directly caused the claimed losses. *See In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278 (S.D.N.Y. 2005); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 346 (S.D.N.Y. 2005). Here, there is simply no doubt that – based on the allegation set forth in the *Borochoff* Complaint – defendants' fraud occurred here in the United States and was more than merely preparatory. *See Borochoff* Complaint at ¶¶11-13, 16-17 (GSK "conducts significant business in this District") (defendants "signed the Company's annual reports on Form 20-F . . . which were filed with the SEC") ("GSK's securities were actively traded on the NYSE").

The *Borochoff* Complaint goes on to reference that defendants' false and misleading statements were made in the United States (*see, e.g.*, ¶31), directed specifically to investors in SEC filings and otherwise (*see, e.g.*, ¶¶21, 22-25, 30, 36-38) and that the truth about the fraud was ultimately revealed in the United States (*see, e.g.*, ¶¶40, 43-44). On similar facts, other courts in this district have easily found the existence of subject matter jurisdiction. *See In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 158, 169 (S.D.N.Y. 2003) (Baer, J.) ("'defendant's conduct in the United States was more than merely preparatory to the fraud, and particular acts or culpable failures

---

[11] Indeed, the Tallahassee Pension Plan might very well now be legally precluded from making necessary arguments on behalf of foreign investors in this case under the principle of judicial estoppel. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) ("'[w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, *simply because his interests have changed, assume a contrary position*'").

to act within the United States directly caused losses to foreign investors abroad'") ("*Vivendi II*). ***This Court should too***. *Id.*; *In re Parmalat Sec. Litig.*, No. 1:04-cv-00030-LAK-HBP, Amended Order (S.D.N.Y. May 25, 2004) (Kaplan, J.) (appointing U.K. fund as lead plaintiff in case against foreign defendants) (attached as Exhibit A to the Affidavit of David A. Rosenfeld in Support of the U.K. Pension Funds' Memorandum of Law in Opposition to Competing Motions for Appointment as Lead Plaintiff.

### B.     All of the Remaining Motions Should be Denied

While plaintiffs appear to agree that subject matter jurisdiction will not pose a problem in this case, defendants will also raise a *res judicata* defense to defeat class certification. ***The German Funds are the only movant before the Court that are subject to this defense***. *See Vivendi I*, 242 F.R.D. at 105 (Holwell, J.) (refusing to certify a German investor under Rule 23, reasoning "plaintiffs have not shown a probability that German courts will give *res judicata* effect to a judgment in this case"); *Royal Ahold*, 219 F.R.D. 343 (refusing to appoint German lead plaintiff in a case against a foreign corporation).

Accordingly, for their own benefit and that of the class they seek to represent, the German Funds should seriously consider stepping aside and supporting the U.K. Pension Funds' lead plaintiff motion as "the lead plaintiff movants are not in fact competing with each other. Each is seeking the same result – the greatest recovery for the class consistent with the merits of the claims raised, the defenses asserted and the burdens and risks of litigation." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (Brieant, J.). Here, given the defenses that will be asserted against the German Funds, and their acute vulnerability to such defenses, the U.K. Pension Funds respectfully ask that the German Funds support the U.K. Pension Funds' lead plaintiff candidacy.

The Tallahassee Pension Plan's motion should be denied because its $104,000 loss is by far the smallest before the Court. Moreover, under this Court's *MBIA* decision, the Tallahassee Pension Plan has a ***net gain*** and is therefore inadequate. *See* n.6, *supra*.

### III.   CONCLUSION

For the foregoing reasons, the U.K. Pension Funds' lead plaintiff motion should be granted and all other motions should be denied.

DATED: September 7, 2007　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　　RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　　　SAMUEL H. RUDMAN
　　　　　　　　　　　　　　　　　　　DAVID A. ROSENFELD


　　　　　　　　　　　　　　　　　　　　　s/ David A. Rosenfeld
　　　　　　　　　　　　　　　　　　　DAVID A. ROSENFELD

　　　　　　　　　　　　　　　　　　　58 South Service Road, Suite 200
　　　　　　　　　　　　　　　　　　　Melville, NY  11747
　　　　　　　　　　　　　　　　　　　Telephone:  631/367-7100
　　　　　　　　　　　　　　　　　　　631/367-1173 (fax)

　　　　　　　　　　　　　　　　　　　COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　　RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　　　DARREN J. ROBBINS
　　　　　　　　　　　　　　　　　　　RAMZI ABADOU
　　　　　　　　　　　　　　　　　　　655 West Broadway, Suite 1900
　　　　　　　　　　　　　　　　　　　San Diego, CA  92101
　　　　　　　　　　　　　　　　　　　Telephone:  619/231-1058
　　　　　　　　　　　　　　　　　　　619/231-7423 (fax)

　　　　　　　　　　　　　　　　　　　[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\GlaxoSmithKline\BRF00045281-Reply.doc

CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 7, 2007.

    s/ David A. Rosenfeld
    DAVID A. ROSENFELD

    COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
    58 South Service Road, Suite 200
    Melville, NY 11747
    Telephone: 631/367-7100
    631/367-1173 (fax)

    E-mail:DRosenfeld@csgrr.com

# Mailing Information for a Case 1:07-cv-05574-LLS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **Donald R. Hall , Jr**
  dhall@kaplanfox.com

- **Kenneth J. King**
  kingk@pepperlaw.com

- **Sidney Stephen Liebesman**
  sliebesman@gelaw.com,rwittman@gelaw.com

- **Hae Sung Nam**
  hnam@kaplanfox.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`