# EXHIBIT B

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
ANTHONY CAPONE, Individually and On     :
Behalf of All Others Similarly
Situated,                               :

            Plaintiff,                  :    05 Civ. 3514 (LLS)

      vs.                               :    ORDER OF CONSOLIDATION
                                             AND APPOINTMENT
MBIA INC., NEIL G. BUDNICK, GARY        :
DUNTON, JOSEPH W. BROWN, DOUGLAS
C. HAMILTON and NICHOLAS FERRERI,       :

            Defendants.                 :
---------------------------------------x
TODD SIMON, Individually and On         :
Behalf of All Others Similarly
Situated,                               :

            Plaintiff,                  :    05 Civ. 3636 (LLS)

      vs.                               :

MBIA INC., NEIL G. BUDNICK, GARY        :
DUNTON, JOSEPH W. BROWN, DOUGLAS
C. HAMILTON and NICHOLAS FERRERI,       :

            Defendants.                 :
---------------------------------------x
MARISS PARTNERS, LLP, Individually      :
and On Behalf of All Others
Similarly Situated,                     :

            Plaintiff,                  :    05 Civ. 3709 (LLS)

      vs.                               :

MBIA INC., NEIL G. BUDNICK, GARY        :
DUNTON, JOSEPH W. BROWN, DOUGLAS
C. HAMILTON and NICHOLAS FERRERI,       :

            Defendants.                 :
---------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/05

```
------------------------------------x
THOMAS CASSADY, and On Behalf of     :
Himself and All Others Similarly
Situated,                            :

                Plaintiff,           : 05 Civ. 3730 (LLS)

    vs.                              :

MBIA INC., NEIL G. BUDNICK, GARY     :
DUNTON, JOSEPH W. BROWN, DOUGLAS
C. HAMILTON and NICHOLAS FERRERI,    :

                Defendants.          :
------------------------------------x
ALAN D. SADOWSKY and BARBARA S.      :
KATZIN, Individually and On Behalf
of All Others Similarly Situated,    :

                Plaintiffs,          : 05 Civ. 4150 (LLS)

    vs.                              :

MBIA INC., JOSEPH W. BROWN, GARY C.  :
DUNTON, NICHOLAS FERRERI, NEIL G.
BUDNICK, and DOUGLAS C. HAMILTON,    :

                Defendants.          :
------------------------------------x
```

Two separate groups of plaintiff class members who are institutional investors, the first a combination of Southwest Carpenters Pension Trust and the City of Pontiac General Employees' Retirement System, and the second a combination of United Food Commercial Workers Local 1262 Pension Fund and Activest Investmentgesellschaft mbH, each seek consolidation of these securities class actions for all purposes, and appointment

of themselves as lead plaintiff, and their counsel as lead counsel.

Recently, the two separate groups formed together and stipulated to co-prosecute the case, with their respective counsel to serve as lead counsel jointly, without duplication of effort. After consideration of the submissions of counsel and the factors listed in 15 U.S.C. § 78u-4(a)(3)(B) and Fed. R. Civ. P. 23 and 42, it is ORDERED that:

1. Consolidation

The five cases above are consolidated for all purposes into one action under the caption:

----------------------------------------x
In re MBIA INC. SECURITIES LITIGATION :  05 Civ. 3514 (LLS)
----------------------------------------x

Further papers in any of the five actions shall be filed in and maintained thereunder.

2. Lead Plaintiff and Lead Counsel

While the court has entire confidence that the parties and their attorneys would make every effort to avoid any duplication of effort, it remains inevitable that with fewer entities there is less duplication. One group of institutional investors and

-3-

one law firm will suffice for adequate representation of the class.

Netting the dollar amounts of purchases and sales made by each group during the class period, and then appraising any stock bought during the period and held after its close at the mean trading price during the post-close 90 days (15 U.S.C. § 78u-4(e)), Southwest and City of Pontiac had losses of $205,620.55; UFCW Local 1262 Pension Fund is a net seller, and thus not an adequate representative of a class of purchasers; and Activest lost $70,832.32.  Thus, Southwest and City of Pontiac as a group has the largest financial loss and is the group "most capable of adequately representing the interests of the class members."  Even viewing Southwest as a "professional plaintiff" under 15 U.S.C. § 78u-4(a)(3)(B)(vi), its participation will be permitted with its co-lead plaintiff which has served as lead plaintiff in only two other cases in the last three years.

Accordingly, institutional investors Southwest Carpenters Pension Trust and City of Pontiac General Employees' Retirement System shall serve as lead plaintiff and their firm of choice, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, are appointed

-5-

as lead counsel for the class.

So ordered.

Dated: July 25, 2005
    New York, New York

                                                 */s/ Louis L. Stanton*
                                                 Louis L. Stanton
                                                    U.S.D.J.