# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

-------------------------------------x
In re: DaimlerChrysler AG Securities Litigation
-------------------------------------x

Civil Action No. 00-993/00-984/01-004-JJF

Consolidated Action

### DECLARATION OF ROLF STÜRNER

I, ROLF STÜRNER, declare as follows:

1.     I am a Professor of Law at the University of Freiburg, Germany. Defendants DaimlerChrysler AG, Jürgen Schrempp and Manfred Gentz ("Defendants") have retained me to render an opinion concerning the preclusive effect a German court would grant a judgment entered in a U.S. class action in any subsequent action brought by German shareholders who are residents of Germany and did not opt-out of the class. As explained below, in my opinion it is highly unlikely that a German court would recognize as binding against those German shareholders any judgment entered in a U.S. class action if those German shareholders do not receive notice and the opportunity to opt-out of the U.S. class action in a manner that strictly complies with the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, opened for signature Nov. 15, 1965, 20 U.S.T. 361, 1969 U.S.T. LEXIS 152 (the "Hague Service Convention"). I base my opinion on German constitutional law, general principles of German law and policy and German statutory law as well as on the Hague Service Convention as it has been applied in Germany.

QUALIFICATIONS

2.         My curriculum vitae is attached as Exhibit A to this declaration. I have been a member of the full-time faculty of the University of Freiburg since 1992, having previously served as a Professor of Law and Dean of the Law Faculty at the University of Konstanz. I have taught courses at the University of Freiburg in the areas of civil procedure, international civil litigation and comparative law of civil procedure, served as the Dean of the Law Faculty, and I currently serve as the Director of the Institute for German and Comparative Civil Procedural Law. I have also taught International Civil Litigation as a visiting professor at Harvard Law School. I have authored or co-authored numerous scholarly articles and other writings in the areas of transnational civil procedure. See, e.g., Ernest C. Stiefel, Rolf Stürner, Astrid Stadler, The Enforceability of Excessive US Punitive Damage Awards in Germany, 39 Am. J. Comp. L. 779-802 (1991); Rolf Stürner, Some European Remarks on a New Joint Project of the American Law Institute and UNIDROIT, 34 Int. Lawyer 1071-1086 (2000); Geoffrey C. Hazard, Jr., Rolf Stürner, Michele Taruffo, and Antonio Gidi, Fundamental Principles of Transnational Civil Procedure, 33 N.Y.U. J. Int'l L. & Pol. 785 (2001); Rolf Stürner, Transnational Civil Procedure: Discovery and Sanctions against Non-compliance, Unif. L. Rev. 2001-4, 871-886. I recently served as the Co-reporter for the joint project of the American Law Institute and Unidroit (International Institute for the Unification of Private Law) for the project "Principles and Rules of Civil Procedure." I am a founding co-editor of the Zeitschrift für Zivilprozeß International (Journal for International Civil Procedure). I have also been a speaker at numerous conferences, including the International

2

Conference of the Japanese Association for Civil Procedure, the Comparative Civil Procedure Conference of the British Institute of International and Comparative Law, and the U.S. Court of Federal Claims 20th Anniversary Conference.

DISCUSSION

3.  It is a well-settled principle of German law that judgments may not confer a negative preclusive effect on third persons when these third persons were not parties to litigation or had no fair opportunity to actively participate in the proceeding after correct service of process. This principle is based on the rationale that a third person's constitutional right to be heard (German Constitution Art. 103[1]) is infringed by a detrimental judgment resulting from a procedure where the third person was not a party to the litigation. According to these principles, German law does not grant final preclusive effect to judgments rendered in actions where an individual's right to be heard has been seriously compromised by a lack of "correct representation". (German Constitutional Court, 51 Neue Juristische Wochenschrift 745 [1998]; see also German Code of Civil Procedure §§ 321a, 579[1][4]). The eminent significance of the right to be heard has important consequences for the requirements for recognition and enforcement of foreign judgments. Germany does not recognize foreign judgments rendered in actions where an individual's right to be heard has been infringed by a lack of "correct representation" (German Federal Supreme Court, 144 BGHZ 390, 393 [2000]; European Court of Justice, Krombach v. Bamberski 2000 ECR 1935 sub No 44) or by improper service of process (German Code of Civil Procedure § 328 No 2 and 4).

4.	German law makes no general provisions for a damages class action or any variation thereof as it exists in the United States. Forms of a representative action that are not really comparable are actions filed by a court-appointed representative of creditors or shareholders of companies under very special circumstances (§ 306 German Stock Corporation Law: compensation for a minority of shareholders of a controlled corporation; §§ 26, 206 German Law Regulating the Transformation of Companies: compensation for members or creditors of a corporation or a company in case of incorrect transformation) or by the representative of bondholders who has been elected by the bondholders' assembly (§ 14 German Law on the Common Rights of Bondholders). The mechanism of these rules applies only in very rare cases when the complicated and very special requirements of these provisions are strictly met. A broad application of this or a similar mechanism in other cases by courts without authorization of the parliamentary legislature would be considered a serious infringement of the constitutional right to be heard (see German Constitutional Court, 59 BVerfGE 330, 333-334 [1982]). Even then, the parliamentary legislature could act only in a manner reconcilable with the German Constitution. Moreover, at the present time, according to prevailing opinion in Germany, the need for group actions does not justify the limitation on the right to be heard. Damages class actions for consumers, shareholders or bondholders have been and are being discussed again and again in Germany. But at the present time the infringement of the constitutional right to be heard by negative preclusive effects of judgments or settlements against group members is one of the most important grounds why Germany has not adopted damages group action proceedings.

4

5.       A rather comparable form of representative action that may be brought in Germany, however, is an action filed by a consumer protection association seeking a prohibitory injunction. The policy of vindicating collective rights of consumers is supported by the European Directive on Injunctions for the Protection of Consumers' Interests. See European Parliament and Council Directive 98/27/EC of May 19, 1998 on Injunctions for the Protection of Consumers' Interests, 1998 O.J. (L 166) 51 (the "Injunction Directive"). The Injunction Directive authorizes consumer protection entities to resort to the courts or administrative authorities in member states with actions seeking to enjoin commercial conduct that harms consumers ("Injunction Actions"). See generally David J. Schwartz, Loose Teeth in European Union Consumer Protection Policy: The Injunction Directive and the Mass Default Scenario, 28 Ga. J. Int'l & Comp. L. 527 (2000).

6.       Implementing this directive, German statutory law provides special criteria in determining whether to grant a judgment rendered in an Injunction Action preclusive effect when a case implicating the same facts is subsequently brought by an individual (Injunction Actions Law of August 27, 2002, Bundesgesetzblatt I 3422, § 11). If the consumer protection association was the prevailing party in the Injunction Action, the judgment in favor of the association may be given preclusive effect in a later action brought by a consumer. If, however, the consumer protection association did not prevail in the Injunction Action, a court may not apply claim preclusion doctrine to prevent an individual from bringing a later action to vindicate his or her rights. This narrow construction of the preclusive effect of a judgment on collective consumer rights is the

5

consequence of the aforementioned German understanding of the constitutional right to be heard. There is nearly no chance that German courts would recognize the negative preclusive effect of American judgments or settlements against shareholders, when these judgments are based on the idea of representation in class action proceedings without a fair chance to opt-out.

7.     Recognition of preclusive effects of American judgments against third persons in Germany requires correct individual service of process as an indispensable prerequisite (§ 328 No 2 German Code of Civil Procedure). With respect to service of German nationals by American claimants, Germany requires strict compliance with the provisions of the Hague Service Convention when the German nationals have their domicile and residence in Germany (German Federal Supreme Court 120 BGHZ 305, 309-313 [1992]; 141 BGHZ 286, 302-304 [1999]). Service under the Hague Convention is only permitted in cooperation with German authorities. According to the German understanding of service of process as a public act of state, service without consent or judicial assistance of the state where the addressee has her domicile or residence is considered an infringement of foreign sovereignty and international law (German Federal Supreme Court 120 BGHZ 305, 310-313 [1992]; 141 BGHZ 286, 302-304 [1999]; see also German Code of Civil Procedure § 183[1] as revised 2002 which provides direct service by registered mail only with the consent of the foreign state). Germany has objected to the use of methods of transmission pursuant to Art. 10 of the Hague Service Convention which permits service by registered mail solely with the consent of the state of destination. Only within the European Union direct service of translated documents by

6

registered mail has recently been permitted (Council Regulation on the Service of Process in Civil and Commercial Matters No 1348/2000 of May 29, 2000, 2000 O.J. [L 160] 37, Art. 14).

8.   Under the Hague Service Convention as applied in Germany, the Ministry of Justice in each of the fifteen German states ("Bundesländer") is designated as the Central Authority for receipt of requests for service of process. See Hague Service Convention, at annex, n.7a. An applicant seeking to serve a German national must therefore first determine in which state that German national resides, and then direct the request for service to that state's Ministry of Justice. The applicant must send to the Ministry of Justice a request for service of process accompanied by the documents to be served, a summary of those documents and a certificate form for the requested foreign authority. See Hague Service Convention, art. 3, 5 and annex "Forms". The Ministry of Justice will then consider whether the request conforms to the requirements of the Hague Service Convention, and, if the request is deemed defective, the Ministry of Justice is required to inform the applicant and specify its objections. See id., art. 4.

9.   If the Ministry of Justice determines that the request complies with the applicable requirements of the Hague Service Convention, it will normally forward the request to a local court ("Amtsgericht") in the district in which documents are to be served (German Law on the Implementation of the Hague Convention on Service Abroad and the Taking of Evidence Abroad of December 22, 1977, Bundesgesetzblatt I, 3105, § 4[2]). The local court will invite the individual who is to be served to come to the court in order to accept the documents. The local court may also serve the documents by

registered mail, although the court will not send by registered mail documents that are not accompanied by a German translation. In addition, if an individual refuses to accept service of an English-only document, he or she has the right to receive a translated version (Hague Service Convention Art. 5[3] and German Implementation Law § 3).

10. Under the Hague Service Convention, the American applicant may request service or notice by publication (Hague Service Convention Art. 5[1][b]) to avoid the described burdensome procedure. Germany may refuse to comply with this request when the particular method requested is incompatible with German law. German law knows service and notice by publication only under very limited circumstances. According to German Code of Civil Procedure sections 185-188, service by publication is permitted when the address of the person to be served is unknown. But the applicant has to give strong evidence of reasonable efforts to discover the address of the person to be served. In case of judicial assistance for actions in foreign courts it may be for the local courts of each German state to decide on the permissibility of service by publication. An application for service by publication must contain the name of the person to be served and his or her last known residence. German law does not generally provide notice by publication to a large group of creditors. In rare and exceptional cases as in the aforementioned proceedings for the appointment or election of representatives of shareholders or bondholders German law knows notice by publication (e.g. § 306[3] German Stock Corporation Law; §§ 26[3], 206 German Law Regulating the Transformation of Companies; § 6 German Law on the Common Rights of Bondholders). But without a special formal legal authorization service or notice by publication is not

8

permitted and it could be considered a serious infringement of the constitutional right to be heard.

11.     In the context of a damages class action suit involving large numbers of potential class members, parties seeking to serve notice upon members of the class located throughout Germany would essentially have to secure the cooperation of 15 Ministries of Justice, as well as numerous local courts in the districts where members reside. The right of individuals to refuse documents that are not accompanied by a German translation would further delay this process.

## CONCLUSION

12.     As the aforementioned discussion makes clear, effectuating proper notice to residents of Germany who may be included in a U.S. class presents considerable logistical and practical difficulties. It is my opinion that a German court will not recognize negative effects of a class action judgment or court confirmed settlement in any subsequent actions against the Defendants absent the provision of notice to German shareholders that complies strictly with the Hague Service Convention. My conclusion is clearly supported by German statutory law that at the present time generally prohibits courts from granting preclusive effect to judgments in actions of consumer protection associations that are unfavorable to consumers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __8__ th day of January 2003.

_____
ROLF STÜRNER

9

# EXHIBIT A

# Curriculum Vitae

| | | | |
|---|---|---|---|
| **Name:** | Dr. jur. Rolf Stürner | **Born:** | April 11, 1943 |
| **Address:** | Institut für Deutsches und Ausländisches Zivilprozeßrecht, Abteilung I Albert-Ludwigs-Universität Platz der Alten Synagoge 1 79085 Freiburg Germany | **Residence** | Talstraße 31 78256 Steißlingen Germany |
| Phone: | 0049-761-203-2163 | Phone/Fax: | 0049-7738-298 |
| Fax: | 0049-761-203-2165 | | |
| E-mail: | izpr1@jura.uni-freiburg.de | | |

**Education:**

*High School:*

1953-1962   Gymnasium Stuttgart Zuffenhausen
            *Degree:* Abitur (graduation from high school)

*Legal:*

1962-1966   University of Tübingen
            *Degree:* First State Examination

1966-1968   Doctorate, Law Faculty of the University of Tübingen
            *Degree:* Doctor iur.

1968-1970   Articled clerk in Baden-Württemberg
            *Degree:* Second State Examination

1976        Habilitation, Law Faculty of the University of Tübingen
            *Degree:* Doctor habil.

**Academic Appointments:**

1976-1992   Professor at the University of Konstanz

1979-1981   Dean of the Law Faculty of the University of Konstanz

1986-1988   Visiting Professor (professeur invité) at the University of Geneva, Switzerland

1992-present Professor at the University of Freiburg – Director of the Institute for German and Comparative Civil Procedural Law

| | |
|---|---|
| 2000-2002 | Dean of the Law Faculty of the University of Freiburg |
| 2001 | Visiting Professor Harvard Law School |

**Other Academic and Professional Experience:**

| | |
|---|---|
| 1982-present | Co-editor of the Juristenzeitung |
| 1985-present | Co-editor of the Zeitschrift für Zivilprozeß (Journal for Civil Procedure) |
| 1989-present | Co-editor of the Zeitschrift für Konkurs-, Treuhand- und Schiedsgerichtswesen (Journal for Bankruptcy, Trust and Arbitration Affairs) |
| 1996-present | Founding co-editor of the Zeitschrift für Zivilprozeß International (Journal for International Civil Procedure) |

**Other Professional Activities and Memberships:**

| | |
|---|---|
| 1983 | Member of the International Association of Procedural Law |
| 1985 | Election and Appointment to the Council of the Association for International and Procedural Law, Comparative Procedural Law and Arbitration |
| 1985 | Scholarship of the Japanese Society for the Promotion of Science (University of Tokyo, Keyo University, etc.) |
| 1985 | Expert Adviser of the Deutsche Forschungsgemeinschaft (German Research Foundation) |
| 1992-1996 | Court Expert of the German Federal Constitutional Court |
| 1992 | Member of the Governing Council of the German Lawyers Association (Deutscher Juristentag) |
| 1993 | President of the Zivilprozeßrechtslehrervereinigung (Association of Austrian, Swiss and German Proceduralists) |
| 1997 | Speaker on the International Conference of the Japanese Association for Civil Procedure |
| 1997 | Honorary Member of the Association of Italian Proceduralists |
| 1997 | Member of the Board of Directors of the German-American Lawyers Association |
| 1998 | Expert Adviser of Unidroit (International Institute for the Unification of Private Law), Rome, for the Project "Transnational Rules of Civil Procedure" |

2

| | |
|---|---|
| 2001 | Co-reporter for the joint project of the American Law Institute, Philadelphia, USA, and Unidroit, Rome, Italy, "Principles and Rules of Civil Procedure" |
| 2002 | Speaker on the Comparative Civil Procedure Conference of the British Institute of International and Comparative Law, London |
| 2002 | Speaker on the Court of Federal Claims 20th Anniversary Conference, Washington |
| 2003 | Invitation as Keynote Speaker on the XII$^{th}$ World Congress of the International Association of Procedural Law in Jalapa, Veracruz, Mexico |