UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEON D. BOROCHOFF, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>GLAXOSMITHKLINE PLC, DR. JEAN-PIERRE GARNIER, and JULIAN HESLOP,<br><br>            Defendants. | **FILED ELECTRONICALLY**<br><br>07 Civ. 5574 (LLS) |

**THE CITY OF TALLAHASSEE PENSION PLAN'S RESPONSE TO THE MOTION OF THE GERMAN INVESTORS GROUP FOR REARGUMENT AND RECONSIDERATION OF THE COURT'S OCTOBER 5, 2007 ORDER**

Lead Plaintiff Movant The City of Tallahassee Pension Plan ("Tallahassee") submits this response to the German Investors Group's motion for reargument and reconsideration of the Court's October 5, 2007 Order. (Docket Entry No. 41).

On October 5, 2007, this Court appointed Avon Pension Fund ("Avon"), a British fund, as lead plaintiff in a class action against GlaxoSmithKline PLC ("GSK"). Avon did not have the largest losses in GSK common stock but was appointed lead plaintiff based on the Court's finding that the German Investors Group, the lead plaintiff movant with the largest losses, was inadequate because it was subject to the unique defense that German courts may refuse to enforce any judgment entered by this Court.

However, as the German Investor Group points out, Avon is also subject to this unique defense. *See* German Investors Group's Memo. of Law dated October 22, 2007, at 10, n.6 ("there is no reason to believe that the defense is 'unique' to a . . . group like the [German Investors Group], but inapplicable to an English group, like [Avon].") Accordingly, under the Court's own analysis, Avon would also be an inadequate lead plaintiff in this case.[1]

Tallahassee, as the only United States-based lead plaintiff movant, is undeniably immune to this unique defense and is ready, willing and able to serve as lead plaintiff, should the Court so choose.

---

[1] Tallahassee, in its moving papers, argued that courts, in situations similar to the one here, refused to appoint movants based on the argument that such movants were subject to the unique defense of lack of subject matter jurisdiction. *See* Tallahassee's Memo of Law. dated September 7, 2007, at 1. (Docket Entry No. 26). The Court rejected this argument on grounds that it is likely that subject matter jurisdiction exists in this case because it appeared that the fraud occurred in the United States. However, in *In re Royal Ahold N.V. Sec. and ERISA Litig.*, 219 F.R.D. 343 (D. MD. 2003), the crux of the allegations in the initial complaints related to fraudulent accounting practices at U.S. Foodservices, Ahold's subsidiary located in Maryland. Indeed, the Court eventually found that there was subject matter jurisdiction over claims by foreign investors who purchased on foreign markets. Nonetheless, the Court in *Ahold* appointed a U.S. investor, over foreign investors with higher losses, in light of the fact that there was a potential, albeit weak, argument that foreign investors would be subject to the unique defense of lack of subject matter jurisdiction.

1

DATED: November 8, 2007

                                        Respectfully submitted,

                                        KAPLAN FOX & KILSHEIMER LLP

                                        By: _____s/ Frederic S. Fox_____
                                                   Frederic S. Fox
                                                   Joel B. Strauss
                                                   Donald R. Hall
                                                   Hae Sung Ham
                                                   Jeffrey P. Campisi
                                        850 Third Avenue, 14th Floor
                                        New York, NY 10022
                                        Telephone: (212) 687-1980
                                        Facsimile: (212) 687-7714

                                        *Attorneys for Lead Plaintiff Movant the City*
                                        *of Tallahassee Pension Plan*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on November 8, 2007, I caused to be electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will electronically send notification of such filing to the registered participants and paper copies will be sent via first-class mail postage pre-paid to those indicated as non-registered participants on November 8, 2007.

                                                  /s/    Jeffrey P. Campisi
                                                          Jeffrey P. Campisi

November 8, 2007