UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————— x
LEON D. BOROCHOFF, On Behalf of          :    Civil Action No. 1:07-cv-05574-LLS
Himself and All Others Similarly Situated,   :
                                         :    CLASS ACTION
                   Plaintiff,            :
                                         :    LEAD PLAINTIFF'S MEMORANDUM OF
         vs.                             :    LAW IN OPPOSITION TO THE GERMAN
                                         :    FUNDS' MOTION FOR
GLAXOSMITHKLINE PLC, et al.,             :    RECONSIDERATION
                                         :
                   Defendants.           :
                                         :
———————————————— x

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ....................................................................................................1

II.    ARGUMENT .........................................................................................................3

     A.     The German Funds' Motion for Reconsideration Is Meritless ................................3

     B.     The Court's Order Is Not Erroneous at All, Let Alone "Clearly Erroneous"..........7

          1.     The PSLRA's Legal Framework ...............................................................7

          2.     The Court's Application of the PSLRA......................................................8

          3.     The German Funds' Restrictive View of the PSLRA Is Unavailing...........9

     C.     The Court Has Already Decided That the German Funds' Substantive
          Arguments Are Without Merit................................................................................12

III.   CONCLUSION......................................................................................................13

# TABLE OF AUTHORITIES

**Page**

## CASES

*Amy Axelrod, Inc. v. Simon & Schuster, Inc.*,
    2007 U.S. Dist. LEXIS 76648 (S.D.N.Y. 2007)................................................3

*Borochoff v. GlaxoSmithKline PLC*,
    2007 U.S. Dist. LEXIS 74621 (S.D.N.Y. 2007)...................................... *passim*

*Davie v. Mitchell*,
    291 F. Supp. 2d 573 (N.D. Ohio 2003)..............................................................2

*Florida State Bd. of Admin. v. Brick*,
    2000 U.S. App. LEXIS 1933 (6th Cir. 2000) ....................................................4

*Harrison v. Lutheran Med. Ctr.*,
    2007 U.S. Dist. LEXIS 76064 (E.D.N.Y. 2007)...........................................3, 4

*Hevesi v. Citigroup Inc.*,
    366 F.3d 70 (2d Cir. 2004)................................................................................1

*In re Bally Total Fitness Sec. Litig.*,
    2005 U.S. Dist. LEXIS 6243 (N.D. Ill. 2005) ..................................................9

*In re Cardinal Health, Inc. Sec. Litig.*,
    226 F.R.D. 298 (S.D. Ohio. 2005) ..................................................................11

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .........................................................................8, 9

*In re Cendant Corp. Sec. Litig.*,
    264 F.3d 201 (3d Cir. 2001)...........................................................................8, 9

*In re Crayfish Co. Sec. Litig.*,
    2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. 2002)............................................5, 6

*In re Discovery Labs. Derivative Litig.*,
    242 F.R.D. 333 (E.D. Pa. 2007)....................................................................1, 6

*In re Espeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2006) ......................................................................10

*In re Global Crossing, Ltd. Sec. Litig.*,
    313 F. Supp. 2d 189 (S.D.N.Y. 2003)...............................................................1

**Page**

*In re Health Mgmt. Sys., Sec. Litig.*,
  113 F. Supp. 2d 613 (S.D.N.Y. 2000)..............................................................................1

*In re Northwestern Corp. Sec. Litig.*,
  299 F. Supp. 2d 997 (D.S.D. 2003) ...........................................................................4, 5, 6

*In re Razorfish, Inc. Sec. Litig.*,
  143 F. Supp. 2d 304 (S.D.N.Y. 2001)............................................................................10

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
  219 F.R.D. 343 (D. Md. 2003)............................................................................. *passim*

*In re Veeco Instruments, Inc.*,
  233 F.R.D. 330 (S.D.N.Y. 2005) ...................................................................................10

*In re Vivendi Universal, S.A. Sec. Litig.*,
  242 F.R.D. 76 (S.D.N.Y. 2007) ........................................................................... *passim*

*Malasky v. IAC/InterActive Corp*,
  2005 U.S. Dist. LEXIS 3628 (S.D.N.Y. 2005)...............................................................5, 6

*Marsden v. Select Med. Corp.*,
  2007 U.S. Dist. LEXIS 79450 (E.D. Pa. 2007) ..................................................................6

*Metro Servs. v. Wiggins*,
  158 F.3d 162 (2d Cir. 1998)......................................................................................3, 5, 9

*Pindus v. Fleming Cos.*,
  146 F.3d 1224 (10th Cir. 1998) .......................................................................................3

*Ross v. Abercrombie & Fitch Co.*,
  2007 U.S. Dist. LEXIS 24903 (S.D. Ohio 2007)..............................................................4, 6

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995).............................................................................................3

*Thomas v. iStar Fin., Inc.*,
  2007 U.S. Dist. LEXIS 74722 (S.D.N.Y. 2007)....................................................1, 3, 6, 12

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*,
  956 F.2d 1245 (2d Cir. 1992)..........................................................................................7

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ...................................................................................10

**Page**

*Z-Seven Fund, Inc. v. Motorcar Parts & Accessories,*
    231 F.3d 1215 (9th Cir. 2000) ........................................................................................3, 9

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(3)(B)...........................................................................................................7
    §78u-4(a)(3)(B)(iii)(II) ..............................................................................................8

**RULES**

Federal Rules of Civil Procedure
    Rule 23 ............................................................................................................... *passim*
    Rule 23(b)(3)...................................................................................................11, 12

Local Rule 6.3..............................................................................................................................3

## I.    INTRODUCTION

On October 5, 2007, the Court issued an Opinion and Order appointing Avon Pension Fund, Administered by Bath & North East Somerset Council ("Avon Pension Fund") as Lead Plaintiff and approving its selection of Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel. *See Borochoff v. GlaxoSmithKline PLC*, 2007 U.S. Dist. LEXIS 74621 (S.D.N.Y. 2007). The German Funds – whose lead plaintiff motion was denied – now seek the "extraordinary remedy" of reargument and reconsideration.[1] *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).

"'The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided.'" *Thomas v. iStar Fin., Inc.*, 2007 U.S. Dist. LEXIS 74722, at *3 (S.D.N.Y. 2007). Indifferent to this basic precept, the German Funds unabashedly cut large swaths of their September 7, 2007, reply memorandum and pasted them into a brief styled a "motion for reconsideration." *See* §II.A., *infra*. The virtual refiling of an already-filed brief pursuant to a rule that is itself designed to avoid repetition is decidedly inappropriate.[2]

---

[1]    While the City of Tallahassee Pension Plan failed to timely file a motion for reconsideration, it seized on the German Funds' motion with a "response" to remind the Court that it is "the only United States-based lead plaintiff movant." The City of Tallahassee Pension Plan's Response to the Motion of the German Investors Group for Reargument and Reconsideration of the Court's October 5, 2007 Order at 1. What Tallahassee neglects to mention, however, is that "the PSLRA does not in any way prohibit the addition of named plaintiffs to ***aid the lead plaintiff in representing a class***." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004). Should the Avon Pension Fund choose to add a domestic named plaintiff or class representative to the Consolidated Complaint or at class certification, it can and will do so. *See id.*; *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 204 (S.D.N.Y. 2003).

Unless otherwise noted, all emphasis is added and citations are omitted.

[2]    *See In re Discovery Labs. Derivative Litig.*, 242 F.R.D. 333, 336 (E.D. Pa. 2007) (lamenting "***injudicious use of word processing cut-and-paste***" in federal court filing).

Not only is the German Funds' motion procedurally infirm, but their more substantive arguments either misapply the law or grossly overreach. *See* §§II.B.3. & C., *infra*. Indeed, the German Funds' motion would not only have the Court vacate its own Order, but also reject Judge Holwell's in *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76 (S.D.N.Y. 2007) and Judge Blake's in *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343 (D. Md. 2003). And, while they failed to address it, one can also fairly assume that the German Funds have also concluded that Judge Bissell's lead plaintiff decision in *Royal Dutch* "ought to be rejected" as well.[3]  *See In re Royal Dutch/Shell Transport Sec. Litig.*, No. 04-374 (JWB), slip op. at 36-37 (D.N.J. June 30, 2004) (denying lead plaintiff motion of Belgian investor ***with largest loss on res judicata grounds***) (attached as Exhibit B to the Affidavit of David A Rosenfeld in Support of the U.K. Pension Funds' Memorandum of Law in Opposition to Competing Motions for Appointment as Lead Plaintiff ("Rosenfeld Opp. Aff.")), filed August 27, 2007.

Ultimately, the German Funds' motion does little more than inappropriately vent frustration with several district court decisions "as though they were an opponent's brief, the rationale of which was subject to refutation, rather than, as a judicial order, ***entitled to acknowledgment***."[4]  *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003). The German Funds' motion should be denied. *See In re Discovery Labs. Sec. Litig.*, No. 06-1820, slip op. at 5 n.2 (E.D. Pa. July 25, 2006) (attached hereto as Ex. A).[5]

---

[3]    Investor Group's Memorandum of Law in Support of Their Motion for Reargument and Reconsideration of the Court's October 5, 2007 Order ("German Funds Mem.") at 13.

[4]    The German Funds even go so far at to question the integrity of the Court's Opinion. *See, e.g.*, German Funds Mem. at 2 ("the Court's ***purported*** concern is simply not relevant").

[5]    Unless otherwise noted, all exhibits are attached hereto.

## II.    ARGUMENT

### A.    The German Funds' Motion for Reconsideration Is Meritless

Motions for reconsideration offer an extraordinary remedy and should be granted sparingly in the interests of finality and preservation of judicial resources. *See Amy Axelrod, Inc. v. Simon & Schuster, Inc.*, 2007 U.S. Dist. LEXIS 76648, at *3-*5 (S.D.N.Y. 2007) (Cote. J.). "A court must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent the rule from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment." *Thomas*, 2007 U.S. Dist. LEXIS 74722, at *4.

A "motion to reconsider should [also] not be granted where a moving party 'seeks solely to relitigate an issue already decided.'" *Harrison v. Lutheran Med. Ctr.*, 2007 U.S. Dist. LEXIS 76064, at *5 (E.D.N.Y. 2007) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Here, rather than merely relitigate already-decided issues, the German Funds elected instead to simply refile their reply memorandum – down to its footnotes *and emphasis*:

| Reply Memorandum<br>**(filed September 7, 2007)** | Reconsideration Memorandum<br>**(filed October 22, 2007)** |
|---|---|
| **Footnote 19**<br>As in all attempts to raise a unique defense to preclude certification, "the unique defense principle is intended to protect class members ***in their absence***, not defendants." *In re Turkcell Ileetism Hizmelter, A.S. Sec. Litig.*, 209 F.R.D. 353, 359 (S.D.N.Y. 1992) (emphasis added) (citing *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 200 (S.D.N.Y. 2000)). | **Footnote 7**<br>As in all attempts to raise a unique defense to preclude certification, "the unique defense principle is intended to protect class members ***in their absence***, not defendants." *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 359 (S.D.N.Y. 1992) (emphasis added) (citing *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 200 (S.D.N.Y. 2000)). |
| **Footnote 20**<br>Indeed, Rule 23's superiority requirement is never relevant in this Circuit to a court's determination of the appropriate lead plaintiff. *See In re Bausch & Lomb Inc. Sec. Litig.*, 06-CV-6294T, 2007 U.S. Dist. LEXIS 50979, at *16 ("only two of the [the Rule 23] factors – typicality and adequacy – are relevant to a motion for appointment as lead plaintiff . . . And a wide ranging analysis under Rule 23 is not appropriate at | **Footnote 8**<br>Indeed, Rule 23's superiority requirement is never relevant in this Circuit to a court's determination of the appropriate lead plaintiff. *See In re Bausch & Lomb Inc. Sec. Litig.*, 06-CV-6294T, 2007 U.S. Dist. LEXIS 50979, at *16 (S.D.N.Y. July 13, 2007) ("Only two of [the Rule 23] factors – typicality and adequacy – are relevant to a motion for appointment as lead plaintiff . . . and a wide ranging analysis under Rule 23 is not |

| | |
|---|---|
| this initial stage of the litigation and should be left for consideration of a motion for class certification.") (internal quotations and citations omitted.) | appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification.") (internal quotations and citations omitted). |
| **Footnote 21**<br>    The *Vivendi* court held only that certain absent foreign class members (those from Germany and Austria) should be excluded from the certified class of purchasers from the U.S., France, England, and the Netherlands. 242 F.R.D. at 104-06. Here, the members of the Institutional Investor Group are present and bound by any order or judgment of this Court. *See* Institutional Investor Group Joint Decl. ¶ 16. | **Footnote 9**<br>    The *Vivendi* court held only that certain absent foreign class members (those from Germany and Austria) should be excluded from the certified class of purchasers from the U.S., France, England, and the Netherlands. 242 F.R.D. at 104-06. Here, the members of the Institutional Investor Group are present and bound by any order or judgment of this Court. *See* Institutional Investor Group Joint Decl. ¶ 16 |

As plainly demonstrated in the chart above, the German Funds' motion "'constitutes nothing more than a futile effort to have this Court revisit its Opinion.'"[6] *Harrison*, 2007 U.S. Dist. LEXIS 76064, at *5.

The procedural basis for the German Funds' motion is rendered even more dubious when one considers that "the district court's order 'falls well within the borders of ***ordinary case management*** of a complex class action.'" *See, e.g.*, *Florida State Bd. of Admin. v. Brick*, 2000 U.S. App. LEXIS 1933, at *8 (6th Cir. 2000) (quoting *Pindus v. Fleming Cos.*, 146 F.3d 1224, 1226 (10th Cir. 1998)); *Metro Servs. v. Wiggins*, 158 F.3d 162, 165 (2d Cir. 1998) (denying appeal of lead plaintiff order for lack of jurisdiction); *Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1218 9th Cir. 2000) (same); *Ross v. Abercrombie & Fitch Co.*, 2007 U.S. Dist. LEXIS 24903, at *11 (S.D. Ohio 2007) ("The appointment of lead plaintiff is not a dispositive matter.").

Given the foregoing, it comes as no surprise, then, that each of the cases the German Funds cite in support of their motion are inapposite. In *Northwestern*, Judge Piersol granted a motion for reconsideration because he appointed a lead plaintiff without affording other movants an opportunity

---

[6]     Attached hereto as Ex. B is a demonstrative reflecting all of the "cut-and-paste" portions of the German Funds' memorandum.

to file opposition memoranda.  *See In re Northwestern Corp. Sec. Litig.*, 299 F. Supp. 2d 997, 1003

(D.S.D. 2003) ("the Court did not allow sufficient time for full briefing before ruling on the lead

plaintiff motions").  Ultimately, however, the court ***affirmed its ruling*** appointing the "Carpenters

Group" as lead plaintiff.  *Id.* at 1008.  In *Crayfish*, the court granted the motion to correct a simple

"mistake of fact" pertaining to the filing deadline for lead plaintiff motions.  *In re Crayfish Co. Sec.

Litig.*, 2002 U.S. Dist. LEXIS 10134, at *8 (S.D.N.Y. 2002) ("Under New York state law

November 7, 2000, was a state holiday . . . .").

Lastly, in *IAC/InterActive*, the court made an "erroneous factual conclusion" regarding an

investors status as an "institutional investor."  *Malasky v. IAC/InterActive Corp*, 2005 U.S. Dist.

LEXIS 3628, at *4-*5 (S.D.N.Y. 2005).  There, Judge Holwell, in his exercise of discretion, had

initially appointed an investor he ***thought*** was an institutional investor (that was not) "in order to

ensure the adequate representation of the potentially ***broad panoply of interests within the class***."

*Id.* at *4-*5.  Absent mistakes of fact, however, courts are loathe to grant reconsideration motions on

interlocutory matters like lead plaintiff orders.  *Wiggins*, 158 F.3d at 163-65.  And that is precisely

why the German Funds muster no authority where a court granted a motion for reconsideration due

to a purported "clear error" of law.[7]  *See, e.g.*, *In re Dell Inc., Sec. Litig.*, No. A-06-CA-726-SS, slip.

op. at 3 (W.D. Tex. May 9, 2007) (commenting that a motion for reconsideration of a lead plaintiff

decisions illustrated how such motions "ha[ve] become ***one of the more popular indoor courthouse

sports at the district court level***.") (Ex. C);[8] *In re Impac Mortgage Holdings, Inc. Sec. Litig.*, No.

SACV 06-31 CJC (RNBx), slip op. at 1-2 (C.D. Cal. June 9, 2006) (denying motion for

---

[7]        *See* German Funds Mem. at 4.

[8]        In *Dell*, the motion for reconsideration was filed by Grant & Eisenhofer P.A. – counsel for
the German Funds here.

reconsideration by investor with largest loss) (Ex. D); *Abercrombie*, 2007 U.S. Dist. LEXIS 24903, at *13 (same).

Unlike *Northwestern*, *Crayfish* and *IAC/InterActive*, the court's decision in *Discovery Laboratories* **is** instructive.  *See In re Discovery Labs., Sec. Litig.*, No. 06-1820, slip op. at 1 (E.D. Pa. Aug. 21, 2006) (Ex. E).  There, like here, a foreign entity who claimed the largest loss was denied lead plaintiff appointment on *res judicata* grounds.  *See Discovery Labs.*, No. 06-1820, slip op. at 5 n.2 (Ex. A).  Dissatisfied, the losing entity filed a motion for reconsideration arguing that *res judicata* was not – and could not – constitute a unique defense under the PSLRA.[9]  *See* Ex. E at 1 ("OPAM claims that we must appoint **it** as lead plaintiff (and its lawyers, of course, as lead counsel) to 'avoid . . . manifest injustice[.]'") (emphasis in original).  ***The motion was summarily denied***. *See id.* at 2 ("OPAM has failed to show that it would not be 'subject to unique defenses' that could divert its attention, and it has also not allayed our concerns that a judgment in its favor could be of questionable res judicata effect in foreign courts[.]").  The German Funds' motion should suffer a similar fate.  *See id.*

Ultimately, like OPAM in *Discovery Labs.*, the German Funds point to no newly discovered evidence and no changes in controlling law to in any way support their motion.[10]  *Thomas*, 2007

---

[9]    In *Discovery Labs.*, the motion for reconsideration was filed by Motley Rice LLC – counsel for the German Funds here.

[10]    On October 25, 2007, a district court certified an Austrian investor pursuant to Fed. R. Civ. P. 23.  *See Marsden v. Select Med. Corp.*, 2007 U.S. Dist. LEXIS 79450, at *15 (E.D. Pa. 2007).  To the extent they are aware of the decision, the German Funds may spend considerable time trumpeting *Select Medical* because, in *Vivendi*, the court found that Austria would not give preclusive effect to a judgment by a U.S. court.  *Select Medical*, however, is distinguishable for the very reason **it** distinguished *Vivendi* – namely, the lawsuit involved an American company.  *See id.* at *15; *see also* The U.K. Pension Funds' Memorandum of Law in Opposition to Competing Motions for Appointment as Lead Plaintiff at 7 ("The German Funds' lengthy and somewhat curious citations to cases where 'courts have appointed foreign investors as lead plaintiff in securities cases'

U.S. Dist. LEXIS 74722, at *3 ("'The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error . . . .'"") (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Accordingly, their motion should be denied.

### B.    The Court's Order Is Not Erroneous at All, Let Alone "Clearly Erroneous"

#### 1.    The PSLRA's Legal Framework

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the procedure for appointing lead plaintiffs. *GlaxoSmithKline*, 2007 U.S. Dist. LEXIS 74621, at *3. The PSLRA instructs courts to appoint as lead plaintiffs the investor the court determines is "most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B). In granting courts discretion to make this determination, the PSLRA provides a ***presumption*** that the "most adequate plaintiff" is the person that "in the determination of the court" has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23. *Id.*; *GlaxoSmithKline*, 2007 U.S. Dist. LEXIS 74621, at *3-*4.

The PSLRA then specifies that the presumption favoring the applicant with the largest financial interest may be rebutted by demonstrating that the plaintiff "will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II);

---

*are inapposite and irrelevant* under the present facts because all 18 of the cases they cite – with the exception of *Nortel* – ***did not involve foreign defendants***."). Moreover, like Judge Dalzell in *Discovery Labs.*, Judge Joyner aptly concluded that *res judicata* takes on particular significance when "faced with an issue of borderline subject matter jurisdiction" – an issue defendants are sure to raise in this case. *Select Med.*, 2007 U.S. Dist. LEXIS 79450, at *16; *Discovery Labs.*, slip op. at 5 n.2 (Ex. A).

*GlaxoSmithKline*, 2007 U.S. Dist. LEXIS 74621, at *4.  This is precisely the procedure that the Court followed in appointing Avon Pension Fund as Lead Plaintiff.

## 2.    The Court's Application of the PSLRA

First, the Court set forth the proper standard pursuant to the PSLRA.  *GlaxoSmithKline*, 2007 U.S. Dist. LEXIS, at *3.  Next, the Court found that the German Funds were "entitled to the presumption that [they were] the most adequate plaintiff."  *Id*. at *3-*4.  Next, the Court considered whether the German Funds were "subject to unique defenses or were otherwise "incapable of adequately representing the class."  *Id*. at *4-*9.  Then, relying primarily on *Vivendi* and *Royal Ahold*, the Court concluded that the presumption in the German Funds' favor was rebutted because "the arguments for its exclusion are substantial [and] it would be improvident to appoint the German [Funds] as lead plaintiff at this point."  *Id*. at *10.

After eliminating the German Funds from consideration, the Court turned to the movant with the "next largest financial interest" and, after finding Avon Pension Fund satisfied Rule 23 and was not subject to any unique defenses, appointed it as Lead Plaintiff.[11]  *Id*. at *10-*11.  The Court's Order is a textbook application of the PSLRA as applied by the Third Circuit in *Cendant*, the Ninth Circuit in *Cavanaugh* and the various district courts that have followed the exact same process to deny the motions of foreign entities claiming the largest loss but that were subject to the same unique *res judicata* defense.  *Royal Ahold*, 219 F.R.D. 343 (denying applicant's lead plaintiff motion on *res judicata* grounds); *Royal Dutch/Shell Transport*, No. 04-374 (JWB), slip op. at 36-37 (same) (Rosenfeld Opp. Aff., Ex. B); *Discovery Labs.*, No. 06-1820, slip op. at 5 n.2 (same) (Ex. A); *see In*

---

[11]    The Court also rejected the City of Tallahassee's suggestion that "the anti-fraud provisions of the securities laws do not apply to purchases by foreigners of a foreign corporation's securities on a foreign exchange."  *GlaxoSmithKline*, 2007 U.S. Dist. LEXIS 74621, at *4-*5 n.1.

*re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 261 (3d Cir. 2001); *In re Cavanaugh*, 306 F.3d 726, 729

(9th Cir. 2002) (setting forth "***simple three-step process***" for selecting lead plaintiff);[12] *Vivendi*, 242

F.R.D. 76.

### 3.    The German Funds' Restrictive View of the PSLRA Is Unavailing

The German Funds claim that the Court committed "clear error" in finding that they were

"subject to" the unique defense of *res judicata*.   German Funds Mem. at 8-11.   What the German

Funds fail to recognize is that the "PSLRA [] provides that we ask simply whether [an investor] ***is***

***likely to be*** '***subject to***' the unique defense . . . ***we do not have to determine that the defense is likely***

***to succeed***."   *In re Bally Total Fitness Sec. Litig.*, 2005 U.S. Dist. LEXIS 6243, at *19 (N.D. Ill.

2005).   Here, in denying the German Funds' lead plaintiff motion, that it precisely what the Court

did.   *See id*.

The Court did not hold, as the German Funds suggest, that German investors can never be

appointed lead plaintiffs or that the defense would even later succeed.   *See GlaxoSmithKline*, 2007

U.S. Dist. LEXIS 74621, at *9-*10.   It merely held that, on the record before it, the German Funds

were not "most capable" of adequately representing the class' interests ***even though*** it also aptly

found that the selection of lead plaintiff process is "***not the proper occasion to determine***

***[conclusively] whether the German Institutional Investor Group will be in the class***."   *Id*.   Other

---

[12]      In *Cavanaugh*, the court issued a Writ of Mandamus to a district court that had "engaged in a freewheeling comparison of the parties competing for lead plaintiff, ***questioning them about their business acumen, their knowledge of the lawsuit*** and, especially, ***their fee agreements with their respective lawyers***."   306 F.3d at 732.   "The district court justified its decision to reject the [presumptive lead plaintiff] ***based entirely*** on what the court found to be deficiencies in the group's ***fee*** agreement with its law firm."   *Id*.   The German Group's insinuation that the Court's Order is subject to any sort of appeal under *Cavanaugh* is, therefore, baseless.   *Compare* German Funds Mem. at 6 *with Wiggins*, 158 F.3d at 165; *Z-Seven*, 231 F.3d at 1218-20.

courts have similarly held on identical facts. *See, e.g.*, *Royal Dutch/Shell*, No. 04-374 (JWB), slip op. at 37 ("While the Court agrees with KBC-AM that the *res judicata* effect of a judgment is not determinative, the Court does not preclude the possibility that KBC-AM . . . **might be eliminated** from the class certification because a judgment in this forum would be incapable of serving their interests.") (Rosenfeld Opp. Aff., Ex. B); *Royal Ahold*, 219 F.R.D. 352-53 (a German court "**might not recognize** or enforce such a decision from an American court.").

The German Funds also chastise the Court for "improperly rel[ying] on unquestionably 'speculative assertions'" in finding the German Funds subject to the unique defense of *res judicata*.[13] German Funds Mem. at 6-8. This very argument was made and brushed aside by Judge Bissell in *Royal Dutch*. *See Royal Dutch/Shell*, No. 04-374 (JWB), slip op. at 36-37 (Rosenfeld Opp. Aff., Ex. B). More importantly, here, in addition to citing several on-point published decisions, Avon Pension Fund also submitted the Declaration of Professor Rolf Sturner (Professor of Law at the University of Freiburg, Germany) who has concluded that "**it is highly unlikely that a German court would recognize as binding against those German shareholders any judgment entered in a U.S. class action**." Attached as Exhibit C to the Affidavit of David A. Rosenfeld in Support of the U.K. Pension Funds' Reply Memorandum in Further Support of Its Motion for Appointment as Lead Plaintiff ("Rosenfeld Reply Aff."), filed September 7, 2007. Moreover, as this Court aptly noted, the German Funds' own "proof" conceded that the "binding effect of a U.S. class action judgment is

---

[13]    Moreover, the fact that German funds have been appointed in some cases but not others only demonstrates that courts have wide latitude to appoint lead plaintiffs depending on the facts and circumstances before them. Indeed, courts often reach different conclusions in applying the PSLRA. *See, e.g.*, *Weltz v. Lee*, 199 F.R.D. 129, 132-33 (S.D.N.Y. 2001) (unrelated groups are **permissible**); *In re Razorfish, Inc. Sec. Litig.*, 143 F. Supp. 2d 304 (S.D.N.Y. 2001) (unrelated groups are **impermissible**); *In re Veeco Instruments, Inc.*, 233 F.R.D. 330 (S.D.N.Y. 2005) (**adopting** FIFO); *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95 (S.D.N.Y. 2006) (**rejecting** FIFO).

disputed in German legal literature and undecided by a German court." *GlaxoSmithKline*, 2007 U.S. Dist. LEXIS 74621, at *10 n.3.

Next, the German Funds' suggest that Judge Holwell's class certification decision in *Vivendi* is "irrelevant to a lead plaintiff movant" because class certification decisions are "not applicable to a lead plaintiff motion." German Funds Mem. at 11-15. In truth, courts and litigants routinely rely on class certification decisions to demonstrate unique defenses in the lead plaintiff context.[14] *See, e.g.*, *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 310 (S.D. Ohio. 2005) (relying exclusively on **three class certification decisions** to rebut presumption in favor of the State of New Jersey). Here, like in *Cardinal Health*, the Avon Pension Fund relied on *Vivendi*, *Royal Dutch* and *Royal Ahold* in support of its arguments against the German Funds. *GlaxoSmithKline*, 2007 U.S. Dist. LEXIS 74621, at *4-*5.

Ultimately, the German Funds should take solace in that, as Lead Plaintiff, Avon Pension Fund has a fiduciary obligation to vigorously protect the interests of **all** class members – including those based in Germany. That said, there are simply too many risks and uncertainties associated with making the German Funds the face of the class given their exposure to attack under Fed. R. Civ. P. 23(b)(3). In the alternative, if inconsolable, the German Funds remain free to opt-out of this class action and pursue their claims individually.[15] What the German Funds should not be permitted to do is to cynically venture to upset the Court's Order only to later subject the entire class to defenses that are unique to them. *See id*.

---

[14]    Notably, in making arguments in support of its **own** lead plaintiff motion, the German Funds cite several class certification decisions.

[15]    Indeed, in *Royal Dutch*, that is precisely the strategy counsel for the German Funds took in pursuing their clients' claims in Europe.

C.     **The Court Has Already Decided That the German Funds' Substantive Arguments Are Without Merit**

In a last ditch effort, the German Funds recycle several substantive arguments that the Court has already "considered and decided" in appointing Avon Pension Funds as lead plaintiff. *Thomas*, 2007 U.S. Dist. LEXIS 74722, at *3. They first suggest that *Vivendi* is an "improper," "irrelevant," "incorrect, "minority view" decision that "dramatically departs" from the supposedly "well-established" "near certainty" test.[16] German Funds Mem. at 13-14. The Court, however, disagreed and specifically relied on *Vivendi* in denying the German Funds' motion. *GlaxoSmithKline*, 2007 U.S. Dist. LEXIS, at *4-*7. Buttressing the Court's reliance on *Vivendi*, in *Royal Dutch*, Judge Bissell denied KBC-AM's lead plaintiff motion based on the "***possibility*** that KBC-AM . . . ***might be*** eliminated from the class." *Royal Dutch/Shell*, No. 04-374 (JWB), slip op. at 36-37 (Rosenfeld Opp. Aff., Ex. B). *Royal Ahold* is in accord. *See* 219 F.R.D. at 352-53.

*Lastly*, the German Funds' misleading, albeit forceful and repeated, suggestion that the Court committed "clear error" by "purportedly" having legitimate and credible concerns regarding *res judicata* cannot constitute "clear error" when several other district courts have arrived at the same conclusion pursuant to the PSLRA under ***identical facts***.[17] German Funds Mem. at 2, 4, 8-15; *see*

---

[16]    Notably, in "*The Role of Foreign Investors In Federal Securities Class Actions*," the German Funds' ***own lawyers*** recognized that "there is ***no consensus*** on the effect that potential *res judicata* concerns about enforceability of an American court's judgment in foreign courts." *See* Rosenfeld Opp. Aff., Ex. C. Grant & Esienhofer's scholarly assessment of the issues surrounding *res judicata* in the lead plaintiff context stands in stark contrast to the German Funds' characterization of *Vivendi*. *See* German Funds Mem. at 8-15.

[17]    The German Funds' bold assertion that "Rule 23's ***superiority requirement is never relevant***" to a court's determination of the appropriate lead plaintiff is rather undermined by *Royal Ahold*, where the court applied (and thus found relevant) Rule 23's superiority requirement in denying a German applicant's lead plaintiff motion. *Compare* German Funds Mem. at 12 n. 8 *with Royal Ahold*, 219 F.R.D. at 352 (*res judicata* "must be considered in determining whether a class action is ***the superior method*** of litigating a particular case, although it is not determinative").

- 12 -

*Discovery Labs.*, No. 06-1820, slip op. at 5 n.2 (Ex. A); *Royal Ahold*, 219 F.R.D. at 352; *Royal*

*Dutch/Shell*, No. 04-374 (JWB), Opinion at 36-37 (Rosenfeld Opp. Aff., Ex. B).

## III.    CONCLUSION

For the foregoing reasons, the German Funds' motion for reconsideration and reargument

should be denied.

DATED:  November 8, 2007                    Respectfully submitted,

                                            COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            DARREN J. ROBBINS
                                            RAMZI ABADOU (admitted *Pro Hac Vice)*


                                                     s/ Ramzi Abadou
                                            _____
                                                    RAMZI ABADOU

                                            655 West Broadway, Suite 1900
                                            San Diego, CA  92101-3301
                                            Telephone:  619/231-1058
                                            619/231-7423 (fax)

DATED:  November 8, 2007                    COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                            SAMUEL H. RUDMAN
                                            DAVID A. ROSENFELD
                                            MARIO ALBA, JR.


                                                   s/ David A. Rosenfeld
                                            _____
                                                  DAVID A. ROSENFELD

                                            58 South Service Road, Suite 200
                                            Melville, NY  11747
                                            Telephone:  631/367-7100
                                            631/367-1173 (fax)

                                            Lead Counsel for Plaintiffs

S:\CasesSD\GlaxoSmithKline\BRF00047014-Opp.doc

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 8, 2007.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  Drosenfeld@csgrr.com

# Mailing Information for a Case 1:07-cv-05574-LLS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael E. Baughman**
  baughmanm@pepperlaw.com

- **Frederic Scott Fox , Sr**
  ffox@kaplanfox.com

- **Donald R. Hall , Jr**
  dhall@kaplanfox.com

- **Geoffrey Coyle Jarvis**
  gjarvis@gelaw.com,mswift@gelaw.com,acarpio@gelaw.com,cnevers@gelaw.com,jkairis@gelaw

- **Kenneth J. King**
  kingk@pepperlaw.com

- **Sidney Stephen Liebesman**
  sliebesman@gelaw.com,rwittman@gelaw.com

- **Hae Sung Nam**
  hnam@kaplanfox.com

- **Gay Parks Rainville**
  rainvilleg@pepperlaw.com

- **David Avi Rosenfeld**
  drosenfeld@csgrr.com,e_file_ny@csgrr.com,amartin@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ramzi Abadou**
Coughlin Stoia Geller Rudman & Robbins LLp
665 West Broadway
Suite 1900
San Diego, CA 92101