# EXHIBIT B

| Reply Memorandum (filed September 7, 2007) | Memorandum of Law In Support of Motion For Reargument and Reconsideration (filed October 22, 2007) |
|---|---|
| **Pages 17-18**<br>*Vivendi* involved a motion to certify a class of purchasers, both foreign and domestic, of stock and ADSs of Vivendi. 242 F.R.D. at 79.[19] The defendants there did *not* argue, as the UK Group argues here, that the **lead plaintiffs** in the case (two French institutional investors) were inappropriate because **they** were subject to unique Rule 23 superiority defenses.[20] In fact, no part of the court's decision addressed any issues or defenses concerning the appropriateness of lead plaintiffs under the PSLRA or Rule 23. Rather, the decision in *Vivendi* was solely based upon consideration of the res judicata effect of an American judgment on *absent* foreign class members.[21] Thus, the district court's decision in *Vivendi* is irrelevant to a lead plaintiff movant, like the Institutional Investor Group, which is **present** and unquestionably subject to the jurisdiction of this Court. | **Pages 11-12**<br>*Vivendi* involved a motion to certify a class of purchasers, both foreign and domestic, of stock and ADSs of Vivendi. 242 F.R.D. at 79.[7] The defendants there did *not* argue, as the U.K. Group argues here, that the **lead plaintiffs** in the case (two French institutional investors) were inappropriate because **they** were subject to unique Rule 23 superiority defenses.[8] In fact, no part of the court's decision addressed any issues or defenses concerning the appropriateness of lead plaintiffs under the PSLRA or Rule 23. Rather, the decision in *Vivendi* was solely based upon consideration of the res judicata effect of an American judgment on *absent* foreign class members.[9] Thus, the district court's decision in *Vivendi* is irrelevant to a lead plaintiff movant, like the Institutional Investor Group, which is **present** and unquestionably subject to the jurisdiction of this Court. |
| **Page 21**<br>Even if this court were to find *Vivendi* somehow applicable to the circumstances of this case (which it should not), the Institutional Investor Group respectfully suggests that the Court should decline to follow it . . . Characterizing the decisions made by the progeny of *Bersch* as "haphazard," 242 F.R.D. at 93, the Vivendi court criticized and rejected traditional "near certainty" test (*id.* at 95 ("the Court does not find the 'near certainty' standard to be a particularly useful analytical tool.")) and articulated its own, novel, standard, as follows: "Where plaintiffs are able to establish *a probability* that a foreign court will recognize the res judicata effect of a U.S. class action judgment, plaintiffs will have established this aspect of the superiority requirement." *Id.* at 95 (emphasis added). The court the fine-tuned it: "Where plaintiffs are unable to show that foreign court recognition is *more likely than not*, this factor weighs against a finding of superiority . . . ." *Id.* (emphasis added). | **Page 13**<br>Even assuming *arguendo* that *Vivendi* is applicable to the circumstances of this case, which it is not, the Court should reconsider its reliance on *Vivendi* because it represents a minority view . . . The *Vivendi* court improperly ruled that it "[did] not find the 'near certainty' standard to be a particularly useful analytical tool" and criticized *Bersch*'s progeny as "haphazard." *Id.* at 93-95. In substitution, the *Vivendi* court articulated its own, novel, standard, as follows: "Where plaintiffs are able to establish *a probability* that a foreign court will recognize the res judicata effect of a U.S. class action judgment, plaintiffs will have established this aspect of the superiority requirement." *Id.* at 95 (emphasis added). The court then further amended its new test as: "Where plaintiffs are unable to show that foreign court recognition is *more likely than not*, this factor weighs against a finding of superiority . . . ." *Id.* (emphasis added). |
| **Page 22**<br>The new test that was articulated and applied in Vivendi ought to be rejected here because it is based upon an incorrect legal standard and reaches an anomalous result. The "near certainty" test has been universally accepted for more than thirty years by district courts both within and without the Second Circuit. The mere possibility that a foreign court may not recognize or enforce an American judgment simply will not suffice because the presumption is explicitly placed in favor of class certification. For example, in *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353 (S.D.N.Y. 2002) the court held that "[t]he case law suggests that if there is *some* possibility that a class action judgment would be enforceable – or at least have some substantial effect – in the foreign jurisdiction at issue, then class certification is proper. . . . Based on affidavits before us, we cannot conclude that a Turkish court would give *no* weight to a judgment of this court." *Id.* at 360 (certifying the class) (emphasis added). Against this backdrop, it is clear that the *Vivendi* court's decision dramatically departed from the well-accepted "near certainty" test and the *Vivendi* court's new ***"more likely than not" standard*** cannot be gainsaid. | **Page 14**<br>The new test that was articulated and applied in *Vivendi* ought to be rejected here because it is based upon an incorrect legal standard and reaches an anomalous result. The "near certainty" test has been universally accepted for more than thirty years by district courts in the Second Circuit and elsewhere. The mere possibility that a foreign court may not recognize or enforce an American judgment simply will not suffice because the presumption is explicitly placed in favor of class certification. *See In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 360 (S.D.N.Y. 2002) ("[t]he case law suggests that if there is *some* possibility that a class action judgment would be enforceable – or at least have some substantial effect – in the foreign jurisdiction at issue, then class certification is proper. . . . Based on the affidavits before us, we cannot conclude that a Turkish court would give *no* weight to a judgment of this court." (emphasis added): The Court should reject *Vivendi* for it dramatic departure from the well-accepted "near certainty" test and improper substitution of its own ***"more likely than not" standard.*** |
| **Footnote 19**<br>As in all attempts to raise a unique defense to preclude certification, "the unique defense principle is intended to protect class members *in their absence,* not defendants." *In re Turkcell Ileetism Hizmelter, A.S. Sec. Litig.*, 209 F.R.D. 353, 359 (S.D.N.Y. 1992) (emphasis added) (citing *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 200 (S.D.N.Y. 2000)). | **Footnote 7**<br>As in all attempts to raise a unique defense to preclude certification, "the unique defense principle is intended to protect class members *in their absence,* not defendants." *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 359 (S.D.N.Y. 1992) (emphasis added) (citing *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 200 (S.D.N.Y. 2000)). |
| **Footnote 20**<br>Indeed, Rule 23's superiority requirement is never relevant in this Circuit to a court's determination of the appropriate lead plaintiff. *See In re Bausch & Lomb Inc. Sec. Litig.*, 06-CV-6294T, 2007 U.S. Dist. LEXIS 50979, at *16 ("only two of the [the Rule 23] factors – typicality and adequacy – are relevant to a motion for appointment as lead plaintiff . . . And a wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification.") (internal quotations and citations omitted.) | **Footnote 8**<br>Indeed, Rule 23's superiority requirement is never relevant in this Circuit to a court's determination of the appropriate lead plaintiff. *See In re Bausch & Lomb Inc. Sec. Litig.*, 06-CV-6294T, 2007 U.S. Dist. LEXIS 50979, at *16 (S.D.N.Y. July 13, 2007) ("Only two of [the Rule 23] factors – typicality and adequacy – are relevant to a motion for appointment as lead plaintiff . . . and a wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for consideration of a motion for class certification.") (internal quotations and citations omitted). |

Footnote 21

The *Vivendi* court held only that certain absent foreign class members (those from Germany and Austria) should be excluded from the certified class of purchasers from the U.S., France, England, and the Netherlands. 242 F.R.D. at 104-06. Here, the members of the Institutional Investor Group are present and bound by any order or judgment of this Court. *See* Institutional Investor Group Joint Decl. ¶ 16.

Footnote 24

Courts in other jurisdictions routinely reach identical conclusions. *See, e.g., Frietsch v. Refco, Inc.*, No. 92 C 6844, 1994 WL 10014 at *11 (N.D. Ill. Jan. 13, 1994) (finding that neither "dueling affidavits" nor "the cases cited by defendants provides a basis for denying class certification"); *Jordan v. Global Natural Res.*, 102 F.R.D. 45, 52 (S.D. Ohio 1984) (holding that "[e]ven assuming the appropriateness of abstention, the standard for such abstention is 'near certainty'" and that defendant had not met that standard); *Casper v. Cunard Line, Ltd.*, 560 F. Supp. 240, 243 (E.D. Pa. 1983) ("'Near certainty' is the standard for abstention and defendant has failed to make such a showing."). This same "near certainty" test has been employed by courts across jurisdictions in the context of subject matter jurisdiction as well, further demonstrating the test's hegemony. *See, e.g., In re Royal Dutch/Shell Transp. Sec. Litig.*, 380 F. Supp. 2d 509, 547 (D.N.J. 2005) ("Defendants' res judicata arguments are unpersuasive. The probability alleged by Defendants of foreign courts failing to enforce a judgment of this Court is not a near certainty."); *In re Cable & Wireless*, 321 F. Supp. 2d at 765-66 ("Defendants attached a declaration of Lord Grabiner QC, an English barrister [who] opined that there is a substantial risk that an English court would refuse to recognize a judgment entered in this action if a foreign class member were to later bring a similar proceeding in England. . . . Defendants . . . cite the 'mere possibility' that they may be exposed to multiple suits because a court in England may not recognize a judgment in this action. This argument . . . is unpersuasive. The *Cromer* court addressed this issue and drew a distinction from 'those circumstances in which there is a *possibility* that a foreign court may not recognize a judgment, and those in which there is a *near certainty* that [a U.S. judgment] will not be recognized.' The possibility of an English court failing to give res judicata to a judgment of this Court is not a near certainty.") (citation omitted).

Footnote 25

In addition to improperly restating the applicable standard, the *Vivendi* court further erred by placing the burden on the plaintiffs to establish the requisite res judicata probability. This is also incorrect. The *Vivendi* court cited to *In re Initial Pub. Offerings Litig.*, 471 F.3d 24, 33 (2d Cir. 2006) ("*IPO*"), for the uncontroversial assertion that plaintiffs have the burden to produce some evidence of compliance with Rule 23 and to show that its requirements are met, *Vivendi*, 242 F.R.D. at 95, but went further in using *IPO* to shift to plaintiffs the burden of establishing the requisite res judicata probability. *Id.* Under the traditional approach, however, courts place the burden on defendants and focus on the *defendants'* failure to show the requisite "near certainty." *See, e.g., Cromer*, 205 F.R.D. at 136 ("In sum, the plaintiffs have shown that the benefits of class certification are significant and that this device is superior . . . Because **Deloitte has not presented arguments sufficient to outweigh these demonstrated benefits**, the motion to certify a class of investors is granted.") (emphasis added); *Jordan*, 102 F.R.D. at 52 ("***Defendant*** has presented nothing in support of its contention that foreign courts will not recognize a judgment entered by this Court. Therefore, it is unnecessary to pursue this matter further.") (emphasis added); *Casper*, 560 F. Supp. at 243 ("'***Near certainty*'** is the standard for abstention and *defendant* has failed to make such a showing.") (emphasis added). The district court's decision turned this burden on its head. *Vivendi*, 242 F.R.D. at 95 ("***Where plaintiffs are unable to show*** that foreign court recognition is more likely than not, this factor weighs against a finding of superiority") (emphasis added).

Footnote 9

The *Vivendi* court held only that certain absent foreign class members (those from Germany and Austria) should be excluded from the certified class of purchasers from the U.S., France, England, and the Netherlands. 242 F.R.D. at 104-06. Here, the members of the Institutional Investor Group are present and bound by any order or judgment of this Court. *See* Institutional Investor Group Joint Decl. ¶ 16.

Footnote 10

Courts in other jurisdictions routinely reach identical conclusions. *See, e.g., Frietsch v. Refco, Inc.*, No. 92 C 6844, 1994 WL 10014 at *11 (N.D. Ill. Jan. 13, 1994) (finding that neither "dueling affidavits" nor "the cases cited by defendants provides a basis for denying class certification"); *Jordan v. Global Natural Res.*, 102 F.R.D. 45, 52 (S.D. Ohio 1984) (holding that "[e]ven assuming the appropriateness of abstention, the standard for such abstention is 'near certainty'" and that defendant had not met that standard); *Casper v. Cunard Line, Ltd.*, 560 F. Supp. 240, 243 (E.D. Pa. 1983) ("'Near certainty' is the standard for abstention and defendant has failed to make such a showing."). This same "near certainty" test has been employed by courts across jurisdictions in the context of subject matter jurisdiction as well, further demonstrating the test's hegemony. *See, e.g., In re Royal Dutch/Shell Transp. Sec. Litig.*, 380 F. Supp. 2d 509, 547 (D.N.J. 2005) ("Defendants' res judicata arguments are unpersuasive. The probability alleged by Defendants of foreign courts failing to enforce a judgment of this Court is not a near certainty."); *In re Cable & Wireless*, 321 F. Supp. 2d at 765-66 ("Defendants attached a declaration of Lord Grabiner QC, an English barrister [who] opined that there is a substantial risk that an English court would refuse to recognize a judgment entered in this action if a foreign class member were to later bring a similar proceeding in England. . . . Defendants . . . cite the 'mere possibility' that they may be exposed to multiple suits because a court in England may not recognize a judgment in this action. This argument . . . is unpersuasive. The *Cromer* court addressed this issue and drew a distinction from 'those circumstances in which there is a *possibility* that a foreign court may not recognize a judgment, and those in which there is a *near certainty* that [a U.S. judgment] will not be recognized.' The possibility of an English court failing to give res judicata to a judgment of this Court is not a near certainty.") (citation omitted).

Footnote 11

In addition to improperly restating the applicable standard, the *Vivendi* court further erred by placing the burden on the plaintiffs to establish the requisite res judicata probability. This is also incorrect. The *Vivendi* court cited to *In re Initial Pub. Offerings Litig.*, 471 F.3d 24, 33 (2d Cir. 2006) ("*IPO*"), for the uncontroversial assertion that plaintiffs have the burden to produce some evidence of compliance with Rule 23 and to show that its requirements are met, *Vivendi*, 242 F.R.D. at 95, but went further in using *IPO* to shift to plaintiffs the burden of establishing the requisite res judicata probability. *Id.* Under the traditional approach, however, courts place the burden on defendants and focus on the *defendants'* failure to show the requisite "near certainty." *See, e.g., Cromer*, 205 F.R.D. at 136 ("In sum, the plaintiffs have shown that the benefits of class certification are significant and that this device is superior . . . Because **Deloitte has not presented arguments sufficient to outweigh these demonstrated benefits**, the motion to certify a class of investors is granted.") (emphasis added); *Jordan*, 102 F.R.D. at 52 ("***Defendant*** has presented nothing in support of its contention that foreign courts will not recognize a judgment entered by this Court. Therefore, it is unnecessary to pursue this matter further.") (emphasis added); *Casper*, 560 F. Supp. at 243 ("'***Near certainty*'** is the standard for abstention and *defendant* has failed to make such a showing.") (emphasis added). The district court's decision turned this burden on its head. *Vivendi*, 242 F.R.D. at 95 ("***Where plaintiffs are unable to show*** that foreign court recognition is more likely than not, this factor weighs against a finding of superiority") (emphasis added).