# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FILED
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION   2007 MAY 10 AM 10: 11

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

*In re*

Case No. A-06-CA-726-SS

**DELL INC., SECURITIES LITIGATION**

## ORDER

BE IT REMEMBERED on the 9th day of May 2007 the Court reviewed the file in the above-styled cause, specifically Plaintiff Stichting Pensioenfonds ABP's Motion for Reconsideration of the Court's April 9, 2007 Order [#155] and Union Asset Management's Response thereto [#158]. After reviewing these documents, the applicable law, and the case file as a whole, the Court DENIES the Motion to Reconsider for the reasons that follow.

### Background

The Private Securities Reform Act of 1995 (PSLRA), 15 U.S.C. §§78u-4 *et seq.*, directs the Court to select the "most adequate plaintiff" to act as Lead Plaintiff in any purported securities class action suit. 15 U.S.C. § 78u-4(a)(3)(B)(1). Under the PSLRA, the Court must adopt a presumption that the most adequate plaintiff is the person or group of persons that (1) filed a complaint or a timely motion to be appointed lead plaintiff, (2) "has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption, however, may be rebutted by a member of the purported class upon proof that the presumptively most adequate plaintiff will not

p

fairly and adequately protect the interests of the class or is subject to unique defenses. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

On April 9, 2007, this Court appointed Plaintiff Union Asset Management (Union) as the Lead Plaintiff in several related securities fraud actions brought against Dell, Inc. and consolidated as *In re Dell Securities Litig.*, A-06-cv-726. The Court determined that, although Plaintiff Stichting Pensioenfonds ABP (ABP) was the presumptive lead plaintiff under the PSLRA, Union had managed to rebut this presumption by showing that ABP was subject to unique defenses and would not adequately represent the class.

Among other things, Union asserted that ABP's investment materials advertised the fund as a mixed long and short seller. Because short sellers are not entitled to a presumption of reliance in securities fraud cases, as other investors are, many courts have determined that short sellers are not the most adequate plaintiff for purposes of the PSLRA. *See, e.g. In re Critical Path*, 156 F. Supp. 2d 1102, 1109-1110 (D. Cal. 2001); see also *In re Bank One Shareholders Class Actions*, 96 F. Supp. 2d 780 (N.D. Ill. 2000). ABP responded that even if it had shorted Dell stock, it was still an adequate lead plaintiff, citing *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 458–61 (D. N.J. 2000). Reply Br. at 9. The Court evaluated the reasoning employed by the *Fields* court and the *Critical Path* court, and found the *Critical Path* court's rejection of short sellers as lead plaintiff persuasive.

In rejecting ABP as Lead Plaintiff, the Court also considered the fact that ABP was the only purported class member who failed to join Dell's auditor, PriceWaterhouseCoopers, as a defendant. ABP uses the auditing services of a European affiliate of PriceWaterhouseCoopers. ABP cited *Feder v. Electronic Data Sys. Corp.*, 429 F. 3d 125, 133–34 (5th Cir. 2005), for the proposition that failure to sue one's auditor in a securities class action is not a *per se* conflict of interest. The Court,

however, found this case distinguishable: In *Feder*, plaintiffs alleged the defendant had "concealed its fraud from the market and from [the auditor]." *Id.* In contrast, the complaints (other than ABP's) filed in this case allege PriceWaterhouseCoopers actively participated in Dell's alleged fraudulent scheme. "In particular, many of the securities fraud allegations against Dell rest on its use of non-GAAP accounting procedures in SEC filings; PriceWaterhouseCoopers approved Dell's accounting methods and signed off on these filings." Order at 12. The Court recognized that

> Although "generally, failure to join all defendants is a strategy choice, and . . . is probably not grounds for finding inadequacy," *id.* at 135 (quoting *Paper Systems, Incorporated v. Mitsubishi Corporation*, 193 F.R.D. 601 (E.D. Wis. 2000), it is also true that "[t]he omission to sue a potential defendant cannot but prejudice the class." *Dubin v. Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990). In these circumstances, "plaintiff is obligated to supply a persuasive reason for the non-joinder." *Id.*

Order at 12. The Court did not determine whether ABP's failure to do so was fatal to its motion for appointment as lead plaintiff, however, because the Court found ABP's short selling was sufficient, standing alone, to rebut the presumption of adequacy.

ABP now moves for reconsideration of the Court's order appointing Union as Lead Plaintiff. ABP asserts the Court's order was erroneous because ABP has not shorted any shares of Dell stock and its decision not to sue PriceWaterHouseCoopers is not a conflict of interest with the class.

## Analysis

"Although the 'Motion to Reconsider' is found nowhere in the Federal Rules of Civil Procedure, it has become one of the more popular indoor courthouse sports at the district court level." *State of Lousianna. v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La., 1995). District Courts typically interpret motions to reconsider pretrial orders as analogous to Rule 60(b) motions for relief from judgment or Rule 59(e) motions to alter or amend the judgment, depending

-3-

on whether the motion is filed within ten days of the order's issuance. *Krim v. PCOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002). Because ABP's motion was filed on April 20, 2007, within 10 business days of the entry of the Court's April 9, 2007 Order, the Court will borrow the standards of Rule 59(e) in evaluating its merits.

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)). ABP asserts it is entitled to relief from the Court's April 9, 2007 Order because the Order was based on a mistake of fact: ABP asserts it has not short sold any shares of *Dell* stock, though it does short sell generally. ABP further asserts its reply brief "clearly stated that ABP did not short sell Dell." Mot. Reconsider 3.

As a threshold matter, the Court begs to differ with regard to ABP's characterization of its reply brief. ABP's reply brief devoted one paragraph to the short selling issue. Reply at 9. In that paragraph, ABP states "there is nothing in ABP's certification of its transactions indicating any short sales or short-selling strategies were employed in connection with Dell securities. . . . In any event, even if ABP had made some short sales, it would still be an adequate lead plaintiff/class representative." *Id.* The certification of transactions to which ABP refers is nothing more than a list of the number of Dell shares ABP traded on a given day and the price at which they traded. Pension Fund Group's Motion for Appt. as Lead Pl. Ex. A. This data, without more, gives the Court no information regarding whether any particular sale was "short" or "long." Thus, the statement that

-4-

there is "nothing in ABP's certification of its transactions indicating any short sales or short-selling strategies" is virtually meaningless.

In contrast, Union supported its assertion that ABP would be subject to unique defenses as a short seller with an excerpt from ABP's own investment brochure: "In order to explore the limits of our risk margins, . . . we are now implementing long/short strategies." Objections of Union Asset Management, Ex. I. Under these circumstances, the Court reasonably relied on ABP's statement that "if ABP had made some short sales, it would still be an adequate lead plaintiff/class representative" in evaluating this issue. Reply at 9. As explained above, the Court found ABP's position unpersuasive.

ABP now argues the Court based its decision on factual error. The Court had no obligation, however, to consider facts not in evidence when it selected the Lead Plaintiff on April 9, 2007. ABP's belated attempt to rewrite the record does not change the facts before the Court on that date. Those facts established that ABP employs short selling strategies and failed to show that ABP had not shorted Dell stock during the class period. Though ABP now asserts it did not short any Dell stock during the class period, ABP has not established that this information about its Dell stock strategy was either before the Court on April 9, 2007, or is newly discovered evidence, previously unavailable. Accordingly, the Court will not consider the affidavits attached to ABP's Motion for Reconsideration. *Lake Hill Motors, Inc. v. Jim Bennett Yacht Sales, Inc.*, 246 F.3d 752, 757 (5th Cir. 2001).

In the alternative, ABP argues Union's assertion that ABP employs short selling strategies is not sufficient "proof" to rebut the presumption of adequacy under PSLRA. While it is true that "speculative assertions are insufficient" to rebut the presumption of adequacy in the context of the

PSLRA, *Gluck v. CellStar Corp.*, 976 F.Supp. 542, 547 (N.D. Tex. 1997), the Court in this case relied on ABP's own advertising materials stating that it employs short selling strategies. ABP could have clarified or rebutted this evidence in its Reply brief, but chose not to do so. The quantum of "proof" required by the PSLRA is not high; the objecting plaintiff need only "demonstrate[] a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." *Id.* Union's submission of ABP's own investment brochure stating that ABP employs both long and short selling strategies provided a reasonable basis for finding that ABP would be subject to unique defenses based on short selling, particularly in light of ABP's statement that "if ABP had made some short sales, it would still be an adequate lead plaintiff." Reply at 9.

In short, ABP's motion to reconsider is too little, too late. ABP argues that the Court's rejection of short sellers should be limited to sellers who shorted the Defendant's stock, not those who short sell generally. This is not the argument presented to the Court on April 9, 2007, however. Motions to reconsider "are not the proper vehicle to . . . '[advance] legal theories that could have been presented earlier.'" *Krim*, 212 F.R.D. at 331 (quoting *Texas Instruments*, 50 F. Supp 2d. at 621). "Litigants are expected to present their strongest case when the matter is first considered." *Id.* (quoting *Sprint Communications*, 899 F. Supp. at 284). ABP's failure to do so is not grounds for reconsideration here.

Furthermore, ABP's alleged short selling is not the only grounds for rebutting the presumption of adequacy in this case. The Court also considered the fact that ABP, alone of all the potential lead plaintiffs, has not sued Dell's auditor, PriceWaterHouseCoopers. According to the other plaintiffs, PriceWaterhouse was an active participant in Dell's fraud. These allegations,

coupled with ABP's accounting relationship with a PriceWaterhouse affiliate, raise serious questions about why ABP has not included PriceWaterhouse as a defendant in this case.

ABP incorrectly asserts that the Court decided "this issue was insufficient to serve as a basis for rejecting ABP." Mot. Reconsider 8. On the contrary, though the Court found ABP's alleged short selling was sufficient, standing alone, to disqualify ABP as lead plaintiff, the Court did not reject the conflict of interest regarding PriceWaterhouse as a potential ground for disqualification. The Court now considers whether this conflict of interest is sufficient to disqualify ABP as lead plaintiff.

The facts of this case are, first and foremost, entirely distinguishable from the facts of *Feder v. Electronic Data Sys. Corp.*, 429 F.3d at 135, relied on by ABP. In *Feder*, plaintiffs alleged the defendant had "concealed its fraud from the market and from [the auditor]." *Id.* In contrast, the complaints filed by IIG and by Union in this case both allege PriceWaterhouseCoopers was complicit and actively participated in Dell's alleged fraudulent scheme. In particular, many of the securities fraud allegations against Dell rest on its use of non-GAAP accounting procedures in SEC filings; PriceWaterhouseCoopers approved Dell's accounting methods and signed off on these filings. Under these circumstances, ABP's failure to name PriceWaterHouse as a defendant is unusual; in light of ABP's business relationship with a PriceWaterhouse affiliate, the failure to sue PriceWaterhouse is troubling. This conflict of interest provides "a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class," *Gluck*, 976 F.Supp. at 547, particularly when viewed in conjuction with ABP's other potential deficiencies as a class representative.

-7-

Specifically, ABP appears to be lawyer-driven. It was originally the keystone member of a multi-fund group. The Court declined to consider this group as a candidate for lead plaintiff because its members had no relationship outside this litigation and the group appeared to be made "by lawyers, for lawyers." Order at 7–8. ABP, as a member of this group, "cannot be counted on to monitor counsel in a sufficient manner." *In re Cendant Corp. Litig.*, 264 F.3d 201, 167 (3d. Cir. 2001). This concern is supported by the fact that ABP has significant legal resources tied up in its internal affairs: ABP is currently appealing its own regulatory violations concerning improper sales of insurance to fund beneficiaries. ABP's Reply at 8; Beatrix Payne, *Dutch Asset Management Spinoffs Eyed*, PENSIONS AND INVESTMENTS (Oct. 2, 2006), Union's Objections Ex. F. ABP is also "considering placing [its administration and investment arm] in a wholly-owned subsidiary," ABP's Reply at 8, a legal and business decision which will "have profound implications for the strategic direction" of the entity. Payne, Union's Objections Ex. F. In these circumstances, there is a reasonable basis for finding that ABP will not take an active role in this litigation and is therefore not an adequate representative of the class for purposes of the PSLRA. *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 484 (5th Cir. 2001); *Berger v. Compaq Computer Corp.*, 279 F.3d 313 (5th Cir. 2002). For a variety of reasons, then, ABP is not the most adequate plaintiff in this litigation. Therefore, the Court declines to revisit its decision appointing Union Lead Plaintiff instead of ABP. *See Krim*, 212 F.R.D. at 333 (W. D. Tex. 2002) (denying motion to reconsider where alternative grounds for the Court's decision exist).

## Conclusion

In accordance with the foregoing,

IT IS ORDERED that the Motion for Reconsideration of the Court's April 9, 2007 Order [#155] is DENIED.

SIGNED this the 9th day of May 2007.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE