# EXHIBIT D

Case 1:07-cv-05574-LLS   Document 45-5   Filed 11/08/2007   Page 2 of 5
Case 8:06-cv-00031-CJC-RNB   Document 65   Filed 06/09/2006   Page 1 of 4

Priority Send

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.: SACV 06-31 CJC (RNBx)                                    Date: June 9, 2006

Title: In re Impac Mortgage Holdings, Inc. Securities Litigation

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Debra Beard                         N/A
Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                        None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING THE IMH INVESTOR GROUP'S MOTION TO RECONSIDER ORDER APPOINTING LEAD PLAINTIFF (filed 5/12/06)**

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 12, 2006 has been removed from the Court's calendar.

The IMH Investor Group ("IMH Group") seeks reconsideration of this Court's Order dated May 1, 2006, in which the Court consolidated several related securities class action cases and appointed the Jones Group lead plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4. According to the IMH Group, reconsideration is warranted because (1) the Court incorrectly found that Mr. Karpeles had not presented sufficient evidence to warrant a finding that he had authority to litigate on behalf of the Karpeles Manuscript Libraries; (2) the Court should have disregarded the stipulation filed by the Impac and IMH Investor Groups to combine into one group for purposes of lead plaintiff appointment, and should have given separate consideration to their previously-filed separate motions; and (3) the Court incorrectly relied on the Jones Group's supporting declaration, which it submitted after its initial motion and the Impac/IMH Joint Stipulation were filed. The IMH Group also argues that the Court should have permitted it to submit supplemental briefing on the issue of its adequacy to serve as lead plaintiff, because the Court considered the Jones Group's supplemental declaration.

The standard for obtaining reconsideration of a previously-entered order is rigorous.

Case 1:07-cv-05574-LLS    Document 45-5    Filed 11/08/2007    Page 3 of 5
Case 8:06-cv-00031-CJC-RNB    Document 65    Filed 06/09/2006    Page 2 of 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: SACV 06-31 CJC (RNBx)                    Date: June 9, 2006
                                                    Page 2

Such a motion may be made due to the availability of new evidence or the need to correct a clear error or prevent manifest injustice. *School Dist. No. 1J, Multnomah Cty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Local Rule 7-18 provides that a motion for reconsideration "may be made only on the grounds of" "(a) a material difference in fact or law from that presented to the Court . . . that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of [the Court's previous] decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." L.R. 7-18. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

The Court finds that the IMH Group has not shown that reconsideration is warranted by new evidence, a difference in fact or law from that presented to the Court, failure to consider material facts, or the need to correct clear error or prevent manifest injustice. First, the Court rejects the IMH Group's argument that the Court improperly failed to credit Mr. Karpeles' sworn certification. Although the IMH Group is correct that courts must rely on the presumptive lead plaintiff's complaint and sworn certification on a motion for appointment as lead plaintiff, *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002), nothing in Mr. Karpeles' certification was sufficient to indicate he had authority to sue on behalf of the Karpeles Manuscript Library Museums. The mere fact that the Museums have the same name as Mr. Karpeles is, in itself, insufficient, and Mr. Karpeles did not provide any information indicating that he was entitled to sue on the Museums' behalf. Although the IMH Group stated in its brief that Mr. Karpeles is the Museums' founder and CEO, that statement was not supported by any evidence in Mr. Karpeles' certification or elsewhere.[1] The Court thus did not fail to consider evidence submitted to it by Mr. Karpeles; it merely

---

[1] The IMH Group states on reply that "the Jones Group cannot direct the Court to a single case ... where a sole executive officer of a closely held company with total and unfettered discretion over its investment accounts required proof of his authority beyond a sworn certification." (Reply in Support of Motion for Reconsideration, p.3.) The Court does not take issue with the principle that a "sole executive officer" may have authority to sue on behalf of his company. However, there was simply no evidence presented to the Court that Mr. Karpeles was such an officer of the Karpeles Manuscript Library Museums.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: SACV 06-31 CJC (RNBx)                                Date: June 9, 2006
                                                                     Page 3

---

pointed out the absence of such evidence.[2]

The Court also rejects the IMH Group's arguments that the Court was obligated to disregard the Impac/IMH Joint Stipulation, and that the Court should have allowed the IMH Group to submit supplemental briefing regarding its adequacy to serve as lead plaintiff after the April 24, 2006 hearing. First, these arguments either were raised or could have been

---

[2] The IMH Group states that "Mr. Karpeles fulfilled his obligation [under *Cavanaugh*] by submitting a *sworn certification* ... that he had authority to act on behalf of himself and the [Karpeles Library] Museums." (Motion for Reconsideration, p.4)(emphasis in original). However, as the Court noted in its May 1 Order, Mr. Karpeles' declaration did not state he had authority to sue on behalf of the Museums, but only that he *was* suing on their behalf. (May 1, 2006 Order, p.12 n.8.) The IMH Group also is incorrect that the Court improperly "shift[ed] the burden to Mr. Karpeles to supply additional evidence that he had authority to act on the Museums' behalf." (Motion for Reconsideration, p.5.) According to the IMH Group, once Mr. Karpeles said he was suing on behalf of the Museums the burden shifted to other parties to disprove his adequacy to serve as lead plaintiff. However, *Cavanaugh* states that the presumption of adequacy does not arise until the Court determines which plaintiff has the largest financial stake in the litigation and concludes that that plaintiff has made a prima facie showing that it meets the requirements of Rule 23. *Cavanaugh*, 306 F.3d at 729-30("In step two [of the lead plaintiff analysis] the district court must consider the losses allegedly suffered by the various plaintiffs before selecting the 'presumptively most adequate plaintiff' and hence the presumptive lead plaintiff - the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.' ...In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.' *If the plaintiff with the largest financial stake... provides information that satisfies these requirements, he becomes presumptively the most adequate plaintiff.*")(internal citations omitted; emphasis added.) The *Cavanaugh* court expressly declined to rule on "the scope of the district court's discretion in determining which plaintiff has the greatest financial interest in the litigation." *Id.* at 730 n.4. Here, Mr. Karpeles never submitted evidence that he was entitled to aggregate the Karpeles Manuscript Library Museums' shares with his own. Thus, the presumption of adequacy never arose as to Mr. Karpeles and the burden never shifted to other parties to rebut it.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: SACV 06-31 CJC (RNBx)                              Date: June 9, 2006
                                                                    Page 4

---

raised at the hearing, and the IMH Group may not reargue them by way of a motion for reconsideration. Second, the Court held in its May 1 Order that even if it were to consider the IMH Group separately, the IMH Group still would not be entitled to consideration under the *Cavanaugh* test before the Impac Group or the Jones Group, the latter of which was appointed lead plaintiff. (May 1, 2006 Order, at 20-21.) Finally, the May 1 Order did not characterize the IMH Group's lack of declarations as a "defect," but merely stated in a footnote that counsel had referred to it as such. (May 1, 2006 Order, p.20 n.10.) The Court also rejects the IMH Group's argument that it was inequitable for the Court to consider the Jones Group's Joint Declaration, filed after their initial motion, without allowing the IMH Group to submit supplemental briefing after the April 24, 2006 hearing. The IMH Group had an equal opportunity to submit declarations directed to Rule 23's adequacy requirement, and in fact did submit briefing to the Court after its initial motion for lead plaintiff appointment, in the form of its joint stipulation with the Impac Group and memorandum of points and authorities in support thereof, as well as in an additional memorandum and declaration in "further support of lead plaintiff stipulation" filed on April 3, 2006. (Court Docket Nos. 36, 37.)

For the foregoing reasons, the IMH Group's motion for reconsideration of this Court's May 1, 2006 Order is DENIED.

mfs

MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk