# EXHIBIT E

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------:
IN RE: DISCOVERY LABORATORIES :    MASTER FILE NO.
SECURITIES LITIGATION         :    06-1820
                              :
------------------------------
```

ORDER

AND NOW, this 21st day of August, 2006, upon consideration of OPAM's motion for reconsideration of our order appointing the Mizla Group as lead plaintiff and Chimicles & Tikellis as lead counsel (docket entries 29 & 30), the Mizla Group's response (docket entries 32 & 33), and OPAM's motion to file a reply brief (docket entry # 35), which we shall grant, and the attached reply brief itself, and the Court finding that:

(a)  We will grant a motion for reconsideration only if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999);

(b)  OPAM claims that we must appoint it as lead plaintiff (and its lawyers, of course, as lead counsel) to "avoid . . . manifest injustice," OPAM's Mem., at 2;

(c)  The alleged verbal retainer agreement it negotiated with counsel, OPAM alleges, was valid under Pennsylvania law;

(d)  OPAM misses the point;

(e)  The issue is not whether (as in a dispute about a used car, for example) OPAM negotiated a valid oral contract but, rather, whether OPAM would responsibly represent the interests of this case's thousands of putative plaintiffs in a complicated securities class action;

(f)  Regardless of whether the agreement was valid, OPAM's failure to execute a written retainer agreement -- when it claims losses exceeding two-million dollars, had two over two months before to execute a written document, and seeks to serve as lead plaintiff -- was irresponsible; and

(g)  In any event, especially in light of the Mizla Group's distinction of the cases on which OPAM relies from this case, OPAM has failed to show that it would not be "subject to unique defenses" that could divert its attention, and it has also not allayed our concerns that a judgment in its favor could be of questionable res judicata effect in foreign courts,

It is hereby ORDERED that:

1.  The motion for reconsideration is DENIED; and

2.  The motion for leave to file a reply brief is GRANTED.

BY THE COURT:

/s/ Stewart Dalzell, J.

2