## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

*LEON D. BOROCHOFF*, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

*GLAXOSMITHKLINE PLC, DR. JEAN-PIERRE
GARNIER, and JULIAN HESLOP*,

Defendants.

No. 07 Civ. 5574 (LLS)
ECF CASE

## INSTITUTIONAL INVESTOR GROUP'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR REARGUMENT AND <u>RECONSIDERATION OF THE COURT'S OCTOBER 5, 2007 ORDER</u>

GRANT & EISENHOFER P.A.
Jay W. Eisenhofer (JE-5503)
Geoffrey C. Jarvis (GJ-7040)
485 Lexington Avenue
29th Floor
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501

MOTLEY RICE LLC
Joseph F. Rice
Ann K. Ritter
P. O. Box 1792 (29465)
28 Bridgeside Blvd.
Mount Pleasant, SC 29465
Tel: (843) 216-9000
Fax: (843) 216-9450

*Counsel for The Institutional Investor Group and Proposed Lead Counsel for the Class*

Dated: November 19, 2007

## PRELIMINARY STATEMENT

Proposed lead plaintiffs INDEXCHANGE Investment AG ("INDEXCHANGE"), Deka Investment GmbH ("Deka"), Metzler Investment GmbH ("Metzler"), and Internationale Kapitalanlagegesellschaft mbH ("INKA") (collectively referred to as the "Institutional Investor Group" or "IIG"), respectfully submit this reply memorandum of law in further support of their motion for reconsideration ("Motion") of the Court's Order dated October 5, 2007 (the "Order").

In the Order, the Court concluded that the IIG, the lead plaintiff movant with by far the largest loss, could not serve as lead plaintiff because of an alleged unique defense that absent class members in Germany (the country of origin of the IIG's members) might not be bound under the doctrine of *res judicata* by any decision rendered by this Court. In the Motion, the IIG demonstrated that there was no unique defense as to its members because they had submitted to the jurisdiction of this Court and would be bound by its judgments. Institutional Investor Group's Mem. in Supp. of Recons. ("Opening Mem.") at 10-11. The IIG further demonstrated that any lead plaintiff would have to make arguments regarding the *res judicata* effect of this Court's judgments on absent, non-U.S class members and thus this issue presented no unique issues as to the IIG. *Id.* Finally, the IIG demonstrated in the Motion that the decision in *In re Vivendi Universal S.A., Securities Litigation*, 242 F.R.D. 76 (S.D.N.Y. 2007), was inconsistent with a long line of cases in this circuit and should not be followed. Opening Mem. at 13-15.

In their memorandum of law in opposition to the Motion ("Mem. in Opp."), the Avon Pension Fund administered by Bath & North East Somerset Council ("Avon") does not address in any substantive way the Institutional Investor Group's arguments that (1) the IIG is not subject to any "unique" defenses because its members have consented to the jurisdiction of the Court, rendering moot any *res judicata* argument as to them; and (2) the decision in *Vivendi* could not

be relied upon. Instead, Avon merely claims that certain portions of the reconsideration motion are similar or identical to the Group's earlier submissions to this Court. Mem. in Opp. at 1-7.

Avon's argument completely misses the point of the IIG's motion. In this district, reconsideration should be granted when a movant "demonstrates that the court overlooked controlling decisions or factual matters that were put before it in the underlying motion." *Mahmud v. Kaufmann*, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007) (citations omitted). In the Motion, the Institutional Investor Group presented certain additional support for its position that reconsideration should be granted and only reiterated certain arguments previously presented because it believed that those arguments were overlooked in the Order. This is exactly what a party should do in a motion for reconsideration.

In its only substantive argument, Avon merely cites to two unpublished slip opinions from the Eastern District of Pennsylvania and two published decisions – one of which has been fully distinguished by the IIG and the other of which actually undermines Avon's own position – to argue that reconsideration should be denied in this case. Mem. in Opp. at 8. Avon simply has failed to demonstrate that any unique defense is applicable against the Institutional Investor Group in this case and it offers no basis for this Court to deny the motion.

## ARGUMENT

### I.    AVON FAILS TO ADDRESS KEY ELEMENTS OF THE MOTION FOR RECONSIDERATION

The issue to be reconsidered is whether the possibility that there may, or may not, be a *res judicata* effect of a judgment in this case as to *absent class members* who reside in Germany creates a "unique defense" as to the Institutional Investor Group because the group is comprised of German institutions. As explained in the Motion, the IIG members will be bound by any ruling in this case if they are appointed as lead plaintiff because they have consented to

jurisdiction and agreed to be bound by this Court.  *See* Opening Mem. at 8-10.  In fact, the Institutional Investor Group members have expressly affirmed their intention to be bound by the rulings and judgments of this Court if they are appointed lead plaintiff.  *Id*. at 9.  Thus, the only issue is whether absent class members will be bound by the Court's decisions and this possibility is the same regardless of who is named lead plaintiff.  In other words, if Avon is named lead plaintiff, a German shareholder may try to bring a lawsuit in Germany (or some other foreign country) and that court may or may not acknowledge a judgment in this Court.  The same holds true whether the Institutional Investor Group or Tallahassee is named lead plaintiff.  Therefore, the Institutional Investor Group is not subject to any "unique defense" sufficient to rebut the statutory presumption in favor of its selection as lead plaintiff.

Avon fails to address this argument in any meaningful way.  In fact, Avon essentially acknowledges that the Institutional Investor Group is not subject to any defense that is not equally applicable to Avon.  In its opposition brief Avon states, in a rather patronizing manner, that "[u]ltimately, the [Institutional Investor Group] should take solace that, as Lead Plaintiff, Avon Pension Fund has a fiduciary obligation to vigorously protect the interests of ***all*** class members [emphasis in original] – ***including those based in Germany***" [emphasis added].  Mem. in Opp. at 11.  Thus, assuming that Avon is named lead plaintiff, Avon admittedly will represent class members based in Germany, any one of whom could file a lawsuit in a German court creating a situation in which the German court may or may not acknowledge a judgment by this Court.  The situation is the same regardless of who is lead plaintiff.  None of the potential lead plaintiffs are subject to any "unique defense" on these grounds, and, accordingly, the PSLRA requires that the statutory presumption in favor of the largest shareholder be applied.

In a vain attempt to support its selection as lead plaintiff, Avon relies on two unpublished slip opinions from the Eastern District of Pennsylvania in *In re Discovery Laboratories*, Master File No. 06-1820, slip op. (E. D. Pa. July 24, 2006); slip op. (E.D. Pa. Aug. 21, 2006) and an unpublished decision from the District of New Jersey, *Royal Dutch/Shell Transport Securities Litig.*, No. 04-374 (JWB), slip op. (D. N.J. 2004).[1]  None of these decisions are applicable here.

First, the *Discovery Laboratories* decision is factually inapposite because the plaintiff with the largest economic loss failed to make a *prima facie* case that it was an adequate lead plaintiff when it acted "irresponsibly" by failing to execute a written retainer agreement with counsel and therefore could not meet the "adequacy" requirement of Rule 23 of the Federal Rules of Civil Procedure.  Mem. in Opp. Ex. A at 4-5; Ex. E at 2.  The court in *Discovery Laboratories* also ruled that the proposed lead plaintiff would have been subject to unique defenses regarding subject matter jurisdiction.  Mem. in Opp. Ex. A at 5; Ex. E at 2.  The Court's Order does not reflect that issue as applicable here.

Avon's reliance on *Royal Dutch* also is misplaced because application of that decision in this case would preclude the Court from appointing Avon.  In *Royal Dutch*, unlike here, the presumptive lead plaintiff arguably was subject to unique subject matter jurisdiction defenses since there was "no evidence proffered that significant or material acts have occurred in the United States."[2]  *Royal Dutch*, slip op. at 36.  The court also questioned the character of the proposed lead plaintiff because it shared nearly half its board members with an affiliated entity that was "the subject of a pending criminal fraud investigation by the Belgian tax authorities."

---

[1] Avon also cites to *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343 (D. Md. 2004), which was fully distinguished in the Motion (at 16).

[2] If this Court were to follow *Royal Dutch* and conclude that, because of the possibility of a challenge to subject matter jurisdiction, no non-U.S. investor in Glaxo could be appointed, then Avon, as a foreign investor, could not serve as lead plaintiff.

*Id.* at 37.  The court in *Royal Dutch* acknowledged that the subject matter jurisdiction issue was "not determinative," and that only the collective weight of all these issues formed the basis for rebutting the PSLRA's presumptive lead plaintiff.  *Id.* at 37.  In stark contrast, the Order here holds that the possibility of a foreign court refusing to recognize a judgment in this Court is the *only* rationale for disregarding the statutory presumption in favor of the Institutional Investor Group.  Accordingly, the Court should reconsider the Order and appoint the Institutional Investor Group as lead plaintiff and its counsel as lead counsel. [3]

## II.    AVON'S ARGUMENT THAT THE MOTION FOR RECONSIDERATION IS DUPLICATIVE IS MERITLESS AND REFLECTS A COMPLETE MISUNDERSTANDING OF THE CRITERIA FOR SEEKING A MOTION FOR RECONSIDERATION

Avon accuses the Institutional Investor Group of "simply refil[ing] their reply memorandum – down to its footnotes and emphasis."  Mem. in Opp. at 3 (emphasis omitted).  Avon's argument that the motion for reconsideration is entirely reprocessed is factually false and is nothing but a red herring designed to distract the Court's attention from the merits of the arguments in support of reconsideration.

First, the argument is factually wrong.  The Institutional Investor Group quotes the Order extensively and argues that the Order cites no facts supporting its conclusion that a judgment in this action would not likely be recognized by a German court.  *See* Opening Mem. at 7-8.  The Institutional Investor Group also cites numerous examples of United States class action lawsuits in which German plaintiffs were appointed to lead plaintiff positions, and cites examples of cases in which members of the Institutional Investor Group themselves served as lead plaintiffs.  *Id.* at

---

[3] Avon also quotes from the affidavit submitted by Professor Rolf Sturner in *In re Daimler Chrysler AG Securities Litigation*, No. 00-993/00-984/01-004 (D.Del. 2000).  Avon quotes Professor Stunner, with bold and italic highlighting, that "it is highly unlikely that a German court would recognize as binding against those German shareholders any judgment entered in a U.S. class action."  Mem. in Opp. at 10.  Avon blatantly omits the second part of the sentence, which states that it is only unlikely that a German court will recognize an American judgment "if those German shareholders do not receive notice and the opportunity to opt-out of the U.S. class action in a manner that strictly complies with . . . the "Hague Service Convention."  *See* Rosenfeld Reply Aff. Ex. C at ¶ 1.

5-6. In addition, the Institutional Investor Group presents case law from this Court demonstrating that they would be bound by any decision in this Court. *Id.* at 8-10. Thus, the Memorandum in Support of Reconsideration properly points to matters of law and fact that the Court may not have considered.

Second, to the extent certain arguments refuting the application of the decision in *In re Vivendi Universal S.A., Securities Litigation*, 242 F.R.D. 76 (S.D.N.Y. 2007), are reiterated, they are only repeated because those arguments were not addressed in the Order. As noted above, reconsideration should be granted when a movant "demonstrates that the court overlooked controlling decisions or factual matters that were put before it in the underlying motion." *Mahmud*, 496 F. Supp. 2d at 270 (citations omitted).

Finally, the cases Avon cites (Mem. in Opp. at 3) – *Harrison v. Lutheran Medical Center*, No. 05-2059 (CBN), 2007 WL 3023830 (E.D.N.Y. Oct. 12, 2007) and *Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) – are inapposite. *Harrison* was a prisoner civil rights case in which the *pro se* prisoner allegedly experienced a "flashback and psychotic episode" during his arraignment proceeding before a federal district court in Texas. *Harrison*, 2007 WL 3023830 at *1. The Eastern District of New York (where the prisoner brought his *pro se* civil rights lawsuit for alleged abuse during a psychological evaluation) dismissed the case and denied reconsideration because "[the] Plaintiff merely resubmit[ted] allegations and arguments made in his original complaint that were considered fully by the Court at the time that it issued its . . . Order." *Id.* at *2. The court in *Harrison* acknowledged that reconsideration is granted when "the moving party can point to controlling decisions or data that the court overlooked" or "in other words [matters] that might reasonably be expected to alter the conclusion reached by the court." *Id.* (citing *Shrader,* 70 F.3d at 257). Unlike the petitioner in

*Harrison,* the Institutional Investor Group is moving for reconsideration based on additional precedent and data involving German lead plaintiffs that might reasonably be expected to alter the Court's conclusion and only reiterated certain material that was not addressed in the Order.

Avon also cites *Shrader* in its opposition to reconsideration, but this case is even less helpful to Avon's cause than *Harrison*.   In *Shrader*, the Second Circuit affirmed the district court's decision to ***grant*** reconsideration "in light of [the movant's] introduction of additional relevant case law and substantial legislative history."   *Shrader*, 70 F.3d at 257.   Here, as set forth above, the Institutional Investor Group submitted additional relevant case law and information regarding the prevalence of German lead plaintiffs in American class actions, all of which might be expected to alter the Court's conclusion, and only repeated those arguments that were not addressed by the Court.

### III.   RECENT ISSUES HAVE BEEN RAISED ABOUT WHETHER AVON IS AN ADEQUATE LEAD PLAINTIFF

Avon's apparent willingness – through its counsel – to engage in *ad hominem* attacks on other European institutional investors and to take positions that have far-reaching and controversial impacts on the ability of investors from other European countries to participate as lead plaintiffs in U.S. securities litigation, raises questions as to whether it is an adequate lead plaintiff.   It appears, from published reports, that Avon was not aware of the impact of the positions its counsel was proposing and has indicated that it is not fully committed to serving as lead plaintiff.   In an article in *Pensions Week*, a United Kingdom publication, Anthony Worth, the Avon representative who signed its certification in connection with the initial lead plaintiff submission, stated that he did not believe the position Avon was taking regarding the potential impact of its *res judicata* arguments would impact other European investors:

> Tony Worth, investments officer at Avon said:  "Lerach decided it would be more advantageous for UK schemes to be lead, and there are no ethics involved regarding

the German pension funds.  If the case is successful, it will benefit all the shareholders invested during the class period."

R. Harrison, "UK funds defend lead role in GSK class action," *Pensions Week*, Sept. 3, 2007 (copy attached as Exhibit A).  This clearly reflects misinformation on the issue since, if this Court accepts a *res judicata* argument similar to that propounded by Avon, German investors will be excluded from the class.

Even more troubling, in a recent article in *Pensions Week* discussing the motion for reconsideration, Mr. Worth is quoted as saying that "he was unaware an application had been submitted"[4] and that Avon is "not falling over ourselves to be the lead plaintiff" in this matter. "IIG challenges Avon for GSK lead plaintiff," *Pensions Week*, Oct. 29, 2007 (copy attached as Exhibit B).  The fact that Avon is not aware of key filings and is not fully committed to serve as lead plaintiff is a further grounds for the Court to reconsider the Order.

## CONCLUSION

For all the aforementioned reasons, as well as those set forth in the Institutional Investor Group's Opening Memorandum in Support of Reconsideration, the Institutional Investor Group respectfully requests that the Court vacate its Order appointing Avon as lead plaintiff, appoint the Institutional Investor Group as lead plaintiff, and approve the Institutional Investor Group's

---

[4] We are informed by Avon's counsel that the "application" of which Mr. Worth was "unaware" was the filing of a motion for reconsideration.  While the IIG has asked for an opportunity to depose Mr. Worth to explore his comments, counsel for Avon has not agreed to make him available.

selection of Grant & Eisenhofer P.A. and Motley Rice LLC to serve as Lead Counsel for the

Class.

Dated: November 19, 2007

Respectfully submitted,

  /s/ Geoffrey C. Jarvis
Jay W. Eisenhofer (JE-5503)
Geoffrey C. Jarvis (GJ-7040)
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY  10017
Tel:     (646) 722-8500
Fax:     (646) 722-8501

OF COUNSEL:

Alexander Reus
Diaz Reus Rolff & Targ LLP
GLOBAL EXPANSION GROUP
Bank of America Tower at International Pl.
100 SE Second Street, Suite 2610
Miami, FL 33131
Tel:     (786) 235-5000
Fax:     (786) 235-5005

MOTLEY RICE LLC
Joseph F. Rice
Ann K. Ritter
P. O. Box 1792 (29465)
28 Bridgeside Blvd.
Mount Pleasant, SC 29465
Tel:     (843) 216-9000
Fax:     (843) 216-9450

Deborah Sturman
Sturman LLC
112 Madison Avenue
7th Floor
New York, NY 10016
Tel:     (212) 784 6263
Fax:     (917) 546 2544

*Counsel for The Institutional Investor Group
and Proposed Lead Counsel for the Class*