**MEMORANDUM ENDORSEMENT**

<u>Borochoff, on behalf of himself and all others similarly
situated v. Glaxosmithkline, et al.</u>

07 Civ. 5574 (LLS)

Deka Investment GmbH, Metzler Investment GmbH,
Internationale Kapitalanlagegesellschaft mbH, and INDEXCHANGE
Investment AG (collectively the "German Institutional Investor
Group") move pursuant to S.D.N.Y. Local Civil Rule 6.3 for
reconsideration of the Court's October 5, 2007 Opinion and Order
("the Opinion") appointing Avon Pension Fund administered by
Bath & North East Somerset Council ("Avon") as lead plaintiff
and Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

That decision was made after careful consideration of the
applicable law and the parties' submissions. The German
Institutional Investor Group has not provided the Court with
facts or law to refute that determination and alter the Court's
decision.

While the German Institutional Investor Group argues that
Rule 23's superiority requirement is not relevant to the
appointment of lead plaintiff, other courts have found
otherwise. <u>See</u> <u>In re Royal Dutch/Shell Transport Securities
Litig.</u>, No. 04-374, slip op. at 37 (D.N.J. June 30, 2004); <u>Royal
Ahold</u>, 219 F.R.D. at 352-53. Additionally, it would be
improvident to appoint the German Institutional Investor Group
as lead plaintiff if it may be excluded from the class at the
class certification stage when superiority is an important
consideration.

The German Institutional Investor Group's argument that it
will be bound by a judgment rests upon a single sentence in the
September 2007 Joint Declaration of its component members[1], who
aver (at p. 4, ¶ 16) "The members of the Institutional Investor
Group understand that, as the Lead Plaintiff in this Action,
each of us is subject to the jurisdiction and bound by all
rulings of the Court, including rulings regarding any
judgments." That does not (nor could it) even purport to bind
unrelated German or other investors "in Europe where most of the
securities were traded" (<u>id.</u> at p. 3, ¶ 12), where actual
notice-giving to absent class members may be required before
they are bound, and where their court may not enforce a United
States class action judgment.

---

[1] The Joint Declaration is attached as Exhibit A to the September
7, 2007 Declaration of Geoffrey Jarvis.

Therefore, the Court adheres to the Opinion and its determination is unchanged for the reasons set forth therein.

So ordered.

Dated: November 27, 2007
       New York, New York

_Louis L. Stanton_
       Louis L. Stanton
       U.S.D.J.