```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
LEON D. BOROCHOFF, Individually and On
Behalf of All Others Similarly
Situated,

                Plaintiff,              07 Civ. 5574 (LLS)

       vs.                              OPINION and ORDER


GLAXOSMITHKLINE PLC, DR. JEAN-PIERRE
GARNIER, DAVID STOUT, SIMON BICKNELL,
and JULIAN HESLOP,

                Defendants.
----------------------------------------x
```

Plaintiffs move pursuant to Fed. R. Civ. P. 59(e) and 60(b) and S.D.N.Y. Local Civil Rule 6.3 for reconsideration of the Court's May 9, 2008 Opinion and Order (the "Opinion") granting defendants' motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and denying plaintiffs leave to replead. Plaintiffs' amended complaint alleged that defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 and Rule 10b-5 by failing to disclose meta-analyses showing an "estimate" of an increased risk of heart attack associated with the use of Avandia, a drug marketed and sold by defendant GlaxoSmithKline ("GSK").

The amended complaint was dismissed because:  "That is not a claim that defendants knew that risk was either statistically

significant, or sufficiently serious or frequent to affect Avandia's future earnings. Accordingly, it does not state a legal claim that those meta-analyses imposed a duty on GSK to disclose them." Opinion p. 13. The Court also found that the amended complaint did not adequately allege a strong inference of scienter as required by the Private Securities Litigation Reform Act.

In their opposition to defendants' motion to dismiss, plaintiffs sought leave to replead on "newly discovered" information that GSK had intimidated Dr. John Buse, a diabetes expert, to silence his concerns about Avandia's negative cardiovascular effects. That request was denied because "while in 1999-2000 GSK might have suppressed Dr. Buse's concerns about Avandia, by October 2005, during the class period, Dr. Buse was conveying his concerns and was no longer silent. Dr. Buse's views were not excluded from the 'total mix' of information available to the class." Opinion p. 23. Further, (id. at footnote 3):

> The evidence regarding Dr. Buse is not "newly discovered." On June 6, 2007, before the original complaint was filed in this action, the U.S. House of Representatives' Committee on Oversight and Government Reform held an oversight hearing on the FDA's role in evaluating Avandia's safety, in which Dr. Buse discussed his interactions with GSK. That hearing and those interactions were mentioned in a brief filed in this case associated with a motion to be appointed lead plaintiff, two months before plaintiffs filed

their amended complaint.  <u>See</u> Sept. 7, 2007 Institutional Investor Group Mem. pp. 11-12, n.14.

In their motion for reconsideration, plaintiffs propose adding the following information to their amended complaint: (1) GSK intimidated Dr. Buse; (2) the meta-analyses concluded that the use of Avandia presented a statistically significant increased risk of heart attack; (3) the FDA sent a warning letter to GSK for failing to properly report Avandia-related study information to the FDA; and (4) the sales of Avandia declined significantly after its cardiovascular risks became known to the public.

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, Fed. Practice & Procedure § 4478 at 790).

These proposed amendments to the complaint do not justify reconsideration.  GSK's alleged intimidation of Dr. Buse has already been addressed.  It is not newly discovered and will not cure the amended complaint's deficiencies.

Without factual support, plaintiffs have inserted the phrase "statistically significant" throughout the proposed

second amended complaint.  That is insufficient to establish that the meta-analyses results were in fact statistically significant, serious and frequent to affect future earnings, and thus does not establish that GSK had a duty to disclose those results.  See In re Carter-Wallace, Inc. Sec. Litig., 150 F.3d 153, 157 (2d Cir. 1998); In re Bayer AG Sec. Litig., 2004 WL 2190357, at *10 (S.D.N.Y. Sept. 30, 2004).  It does not affect the prior ruling.

Plaintiffs argue that the FDA's warning letter, admonishing GSK for failing to submit certain test data to the FDA, raises a strong inference of scienter.  However, without a showing that the meta-analyses results showed statistically significant cardiovascular and earnings risks, the letter does not establish that defendants were obligated to disclose those results.

Plaintiffs also seek to allege that GSK "announced that it would be implementing layoffs and cost cuts after a 38% drop in sales of Avandia significantly hurt the Company's third quarter earnings."  See Pls.' May 28, 2008 Mem. pp. 4-5.  That announcement was made on October 24, 2007, three weeks before plaintiffs filed the amended complaint.  It is not "newly discovered" information.  The drop in sales occurred after the putative class period.  Sales falling months later do not demonstrate that the defendants had a duty to disclose the meta-analyses results months earlier.

-5-

Plaintiffs' motion for reconsideration is denied.

So ordered.

Dated: August 8, 2008
       New York, New York

                                    _____
                                         LOUIS L. STANTON
                                             U.S.D.J.